**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-01224-DDD-STV

AMANDA WILSON,

    Plaintiff,

v.

JONATHAN PAULING,
MARK PAULING,
TWO MILE RANCH a/k/a TWO MILE RANCH GENERAL PARTNERSHIP,
ELYCE YORK,
LARDYN CONSULTING LLC, and
FARMERS STATE BANK,

    Defendants.
_____

**ORDER TO SHOW CAUSE**
_____

Magistrate Judge Scott T. Varholak

This civil action is before the Court *sua sponte* upon the Court's review of Plaintiff's Complaint. [#1] "A federal court must in every case, and at every stage of the proceeding, satisfy itself as to its own jurisdiction, and the court is not bound by the acts or pleadings of the parties." *Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1301 (10th Cir. 1980). Accordingly, even "[i]f the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Because federal courts are courts of limited jurisdiction, the Court must "presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*,

190 F.3d 1156, 1160 (10th Cir.1999). Because Plaintiff invoked federal jurisdiction by filing its Complaint in this Court, Plaintiff bears the burden to establish the Court's subject matter jurisdiction. *See Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).

In the Complaint, Plaintiff contends that "[t]his Court has jurisdiction over this action under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and because the citizenship of Plaintiff Amanda Wilson is different from that of any Defendant." [#1 at ¶ 8] Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." Diversity jurisdiction requires complete diversity—*i.e.*, "no plaintiff may be a citizen of the same state as any defendant." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). Here, the Complaint is insufficient to establish complete diversity as it fails adequately to establish the citizenship of any of the parties.

With regard to Plaintiff and Defendants Jonathan Pauling, Mark Pauling, and Elyce York, the Complaint alleges only the address at which each "resides." [#1 at ¶¶ 1,2, 3, 5] As the Tenth Circuit has instructed, "[a]n individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015); *see also Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) (holding that "diversity of citizenship is assessed at the time the action is filed"). "[A] person acquires domicile in a state when the person resides there and intends to

remain there indefinitely." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). The allegations in the Complaint are insufficient for the Court to infer that each of these individuals was a domicile of the state where they resided at the time the Complaint was filed.

With regard to Defendant Farmers State Bank, the Complaint provides only the location of the bank's principal place of business. [#1 at ¶ 7] The citizenship of a corporate defendant is determined based upon both the corporation's principal place of business and the corporation's state of incorporation. *See* 28 U.S.C. § 1332(c)(1). Because the Complaint fails to allege the state of incorporation for Defendant Farmers State Bank, the Court is unable to determine the bank's citizenship for purposes of diversity jurisdiction.

The citizenship of an unincorporated entity defendant, such as a limited liability company or partnership, is determined by looking to the citizenship of all of its members. *See Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016) (holding that citizenship of an unincorporated entity is determined by considering the citizenship of all of the entity's members); *Lompe v. Sunridge Partners, LLC*, 818 F.3d 1041, 1046–47 (10th Cir. 2016) (holding that "federal courts must treat LLCs as partnerships for purposes of establishing jurisdiction"). Here, Plaintiff identifies only the principal place of business for Defendant Two Mile Ranch, a Colorado general partnership, and Defendant Lardyn Consulting LLC, a Nebraska limited liability company. Because Plaintiff fails to identify the members—and citizenship of those members—for these two unincorporated entities, the Court is unable to determine their citizenship for purposes of diversity jurisdiction.

Because the Complaint is insufficient to establish the citizenship of any of the named parties, the Court is unable to determine whether it has subject matter jurisdiction. Accordingly, it is **ORDERED** that, on or before **June 14, 2019**, Plaintiff shall show cause, if any there be, in writing, why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED:  May 29, 2019                                    BY THE COURT:

                                                                      s/Scott T. Varholak
United States Magistrate Judge