# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01224-RBJ

AMANDA WILSON, a Michigan resident,

    Plaintiff,

v.

JONATHAN PAULING, an individual Colorado resident,
MARK PAULING, an individual Colorado resident,
TWO MILE RANCH a/k/a TWO MILE RANCH GENERAL PARTNERSHIP, a Colorado general partnership,
ELYCE YORK, an individual Nebraska or Colorado resident,
LARDYN CONSULTING, LLC, a Nebraska limited liability company, and
FARMER STATE BANK,

    Defendants.

---

## ANSWER OF DEFENDANT JONATHAN PAULING TO PLAINTIFF'S COMPLAINT

---

COMES NOW the Defendant, Jonathan Pauling ("Defendant Jon"), through counsel, Christopher W. Carr of Dill Dill Carr Stonbraker & Hutchings, P.C., and for his answer to Plaintiff's Complaint, states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Defendant Jon lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 1 and, therefore, denies the same.

2. Defendant Jon admits the allegations contained in paragraph 2.

3. Defendant Jon admits the allegations contained in paragraph 3.

4. Defendant Jon admits that Two Mile Ranch a/k/a Two Mile Ranch General Partnership is a Colorado general partnership whose principal place of business is 18503 County

Road 42.5, Sterling, Colorado.  Defendant Jon denies the remaining allegations contained in paragraph 4.

5. Defendant Jon lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 5 and, therefore, denies the same.

6. Defendant Jon lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 6 and, therefore, denies the same.

7. Defendant Jon lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 7 and, therefore, denies the same.

8. Defendant Jon admits the allegations contained in paragraph 8.

9. Defendant Jon admits the allegations contained in paragraph 9.

## GENERAL ALLEGATIONS
### *THE UNDERLYING JUDGMENT IN THE STATE CASE*

10. Defendant Jon denies the allegations contained in paragraph 10.

11. Defendant Jon admits the allegations contained in sentence one and (a), but denies the remaining allegations contained in paragraph 11.

12. Defendant Jon admits the allegations contained in paragraph 12.

13. Defendant Jon states that the Order referenced in paragraph 13 speaks for itself.

14. Defendant Jon states that the Order referenced in paragraph 14 speaks for itself.

15. Defendant Jon lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 15 and, therefore, denies the same.

16. Defendant Jon admits that Plaintiff sued a number of "Two Mile Ranch" affiliated entities in the State Case as well as other Jon Pauling-controlled entities, and that she did not sue Two Mile Ranch General partnership in the State Case.  Defendant Jon denies the remaining allegations in paragraph 16.

17. Defendant Jon admits the allegations contained in paragraph 17, except Defendant Jon denies the allegation regarding "residential properties."

18. Defendant Jon admits the allegations contained in paragraph 18.

19. Defendant Jon states that the Agreement speaks for itself.

20. Defendant Jon admits the allegations contained in paragraph 20.

21. Defendant Jon admits that "In the court of the collection proceedings in the State Case, on February 10, 2016, Jon Pauling testified that there had been an amendment to the Two Mile Ranch partnership agreement, purportedly on or around September 15, 2014." Defendant Jon denies the remainder of the allegations contained in paragraph 21.

22. Defendant Jon denies the allegations contained in paragraph 22.

23. Defendant Jon denies the allegations contained in paragraph 23.

24. Defendant Jon lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 24 and, therefore, denies the same.

### *The Pauling Brothers Involve Elyce York and Lardyn in Their Scheme to Avoid Paying Amanda Wilson's Judgment*

25. Defendant Jon lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 25 and, therefore, denies the same.

26. Defendant Jon lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 26 and, therefore, denies the same.

27. Defendant Jon lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 27 and, therefore, denies the same.

28. Defendant Jon states that the Statement of Foreign Authority speaks for itself.

29. Defendant Jon lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 29 and, therefore, denies the same.

30. Defendant Jon lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 30 and, therefore, denies the same.

31. Defendant Jon lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 31 and, therefore, denies the same.

32. Defendant Jon lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 32 and, therefore, denies the same.

33. Defendant Jon lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 33 and, therefore, denies the same.

34. Defendant Jon admits the allegations contained in paragraph 34.

35. Defendant Jon admits the allegations contained in paragraph 35.

36. Defendant Jon denies the allegations contained in paragraph 36.

37. Defendant Jon denies the allegations contained in paragraph 37.

38. Defendant Jon denies the allegations contained in paragraph 38.

39. Defendant Jon denies the allegations contained in paragraph 39.

40. Defendant Jon denies the allegations contained in paragraph 40.

41. Defendant Jon denies the allegations contained in paragraph 41.

*Farmer State Bank Assists in Transactions Concerning the Transferred Properties*

42. Defendant Jon admits the allegations contained in paragraph 42.

43. Defendant Jon lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 43 and, therefore, denies the same.

44. Defendant Jon lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 44 and, therefore, denies the same.

45. Defendant Jon denies the allegations contained in paragraph 45.

46. Defendant Jon lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 46 and, therefore, denies the same.

47. Defendant Jon lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 47 and, therefore, denies the same.

48. Defendant Jon denies the allegations contained in paragraph 48.

### FIRST CLAIM FOR RELIEF
*Violation of the Colorado Uniform Fraudulent Transfer Act*
*Transfer of Jon Pauling's Partnership Interest in Two Mile Ranch*
*Against Jon Pauling, Mark Pauling, and Two Mile Ranch*

49. Defendant Jon re-alleges and incorporates by reference the above paragraphs as if set forth herein.

50. Defendant Jon states that the statute speaks for itself.

51. Defendant Jon denies the allegations contained in paragraph 51.

52. Defendant Jon denies the allegations contained in paragraph 52.

53. Defendant Jon denies the allegations contained in paragraph 53.

54. The allegations contained in paragraph 54 calls for legal conclusions; therefore, Defendant Jon denies the same.

55. Defendant Jon denies the allegations contained in paragraph 55.

56. Defendant Jon denies the allegations contained in paragraph 56.

57. Defendant Jon denies the allegations contained in paragraph 57

58. Defendant Jon denies the allegations contained in paragraph 58.

59. Defendant Jon denies the allegations contained in paragraph 59.

## SECOND CLAIM FOR RELIEF
*Violation of the Colorado Uniform Fraudulent Transfer Action*
*Transfer of Two Mile Ranch Property to Lardyn*
*Against Jon Pauling, Mark Pauling, Two Mile Ranch, Elyce York, and Lardyn*

60. Defendant Jon re-alleges and incorporates by reference the above paragraphs as if set forth herein.

61. Defendant Jon denies the allegations contained in paragraph 61.

62. Defendant Jon denies the allegations contained in paragraph 62.

63. Defendant Jon denies the allegations contained in paragraph 63.

64. The allegations contained in paragraph 64 calls for legal conclusions; therefore, Defendant Jon denies the same.

65. Defendant Jon denies the allegations contained in paragraph 65.

66. Defendant Jon denies the allegations contained in paragraph 66.

67. Defendant Jon denies the allegations contained in paragraph 67.

68. Defendant Jon denies the allegations contained in paragraph 68.

69. Defendant Jon denies the allegations contained in paragraph 69.

## THIRD CLAIM FOR RELIEF
*Conspiracy to Violate the Colorado Uniform Fraudulent Transfer Act*
*Against Jon Pauling, Mark Pauling, Two Mile Ranch,*
*Elyce York, Lardyn, and Farmers State Bank*

70. Defendant Jon re-alleges and incorporates by reference the above paragraphs as if set forth herein.

71. Defendant Jon denies the allegations contained in paragraph 71.

72. Defendant Jon denies the allegations contained in paragraph 72.

73. Defendant Jon denies the allegations contained in paragraph 73.

74. Defendant Jon denies the allegations contained in paragraph 74.

6

75. Defendant Jon denies the allegations contained in paragraph 75.

76. Defendant Jon denies all allegations not substantially admitted.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

Respectfully submitted this 8th day of July 2019

s/ *Christopher W. Carr*
Christopher W. Carr
Dill Dill Carr Stonbraker & Hutchings, P.C.
455 Sherman Street, Suite 300
Denver, CO 80203
Telephone: (303) 777-3737
Fax: (303) 777-3823
E-mail: ccarr@dillanddill.com
*Attorney for Defendant Jonathan Pauling*

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Ross W. Pulkrabek
Aaron D. Goldhamer
Keating Wagner Polidori Free, PC
1290 Broadway, Suite 600
Denver, Colorado 80203
rpulkrabek@keatingwagner.com
agoldhamer@keatingwagner.com
*Attorneys for Plaintiff*

s/ *Christopher W. Carr*
Christopher W. Carr
Dill Dill Carr Stonbraker & Hutchings, P.C.
455 Sherman Street, Suite 300
Denver, CO 80203
Telephone: (303) 777-3737
Fax: (303) 777-3823
E-mail: ccarr@dillanddill.com
*Attorney for Defendant Jonathan Pauling*