IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-01224-RBJ-STV

AMANDA WILSON, a Michigan citizen,

Plaintiff,

v.

JONATHAN PAULING, an individual Colorado citizen, MARK PAULING, an individual Colorado citizen, TWO MILE RANCH a/k/a TWO MILE RANCH GENERAL PARTNERSHIP, a Colorado General Partnership, ELYCE YORK, an individual Nebraska or Colorado citizen, LARDYN CONSULTING LLC, a Nebraska Limited Liability Company, and FARMERS STATE BANK, a Nebraska Corporation

Defendants.

## FARMERS STATE BANK'S
## MOTION TO DISMISS AMENDED COMPLAINT

COMES NOW Defendant Farmers State Bank ("FSB"), pursuant to Fed. R. Civ. P. 12(b)(6), and moves this Court to dismiss the Amended Complaint for all of the reasons set forth herein.

### I.   INTRODUCTION

Plaintiff is a judgment creditor of Jon Pauling. Amended Complaint ¶ 11. In her Amended Complaint, she sets forth her frustration with her inability to collect her judgment from Jon Pauling, and her frustration with Jon Pauling's

1

claim to have no assets or income. Amended Complaint ¶ 12. Through this lawsuit, she seeks, improperly, to cast a wider collection net.

The Amended Complaint alleges facts regarding two violations of Colorado's Uniform Fraudulent Transfer Act ("CUFTA"):

(1) Jon Pauling's transfer to his brother, Mark Pauling, of 40% of Jon Pauling's ownership in Two Mile Ranch, a general partnership ("First Claim for Relief"); and

(2) Two Mile Ranch's transfer of real property to Lardyn Consulting, LLC ("Second Claim for Relief").

In the Third Claim for Relief, Plaintiff alleges that FSB conspired with others to carry out these transfers. For the reasons set forth herein, FSB is not and cannot be liable to Plaintiff as a matter of law. FSB should be dismissed as a party to this lawsuit.

## II.  PLAINTIFF'S ALLEGATIONS IN THE AMENDED COMPLAINT

The Amended Complaint alleges generally that FSB is a bank, that FSB made loans, and that FSB took security to protect the bank in the event of the borrower's default in the loan's repayment terms. At times, as to critical facts, Plaintiff's allegations are vague. More specifically, Plaintiff alleges:

A.  **THE HISTORY OF THE BANKING RELATIONSHIP BETWEEN FSB AND TWO MILE RANCH.**

**Two Mile Ranch a/k/a Two Mile Ranch General Partnership is a general partnership** owned by Jon Pauling and Mark Pauling, through which those brothers have transacted business **since the**

2

> **1980s.** Specifically, Jon Pauling and Mark Pauling **through Two Mile Ranch have owned and managed several agricultural and residential properties** and engaged in a variety of farming, ranching, feedlot operations, and other businesses.

Amended Complaint ¶ 17 (bold added for emphasis); <u>see also</u> Amended Complaint ¶ 4.

> The Pauling brothers **and their businesses have a longstanding business relationship with Farmers State Bank**.

Amended Complaint ¶ 42 (bold added for emphasis).

> . . . **Farmers State Bank, which had loaned Jon Pauling and Mark Pauling millions of dollars over the years**, and which had profited richly from such loans, willingly participated in that scheme.

Amended Complaint ¶ 45 (bold added for emphasis).

> **At least through 2014 and 2015, Farmers State Bank continued to extend credit terms to Two Mile Ranch** based on Jon Pauling's signature alone on behalf of Two Mile Ranch.

Amended Complaint ¶ 43 (bold added for emphasis).

> . . . Farmers State Bank has benefitted and profited through its **continuing financing** of Jon Pauling and Mark Pauling's operations in Colorado; . . .

Amended Complaint ¶ 74 (bold added for emphasis).

> Plaintiff sued a number of "Two Mile Ranch" affiliated entities in the State Case as well as other Jon Pauling-controlled entities; however, **she did not sue Two Mile Ranch General Partnership in the State Case**.

Amended Complaint ¶ 16 (bold added for emphasis).

> Plaintiff attempted to collect on the judgment in the State Case by obtaining **a charging order on Jon Pauling's partnership interest in Two Mile Ranch.** To date Plaintiff has collected no money through the charging order.

Amended Complaint ¶ 20 (bold added for emphasis).

> . . . . **Farmers State Bank repeatedly engaged in transactions** with Colorado residents Jon Pauling, Mark Pauling, Elyce York (while she resided in Colorado) and **Two Mile Ranch**, **lent money** to Colorado residents and entities controlled by them, **encumbered property in Colorado in connection with those loans**, filed

3

>  **U.C.C. financing statements in Colorado with respect to those loans**, and otherwise engaged in concerted actions to hinder, delay, and defraud the collection (in Colorado) of a Colorado judgment by Plaintiff Amanda Wilson as alleged herein.

Amended Complaint ¶ 7.

## B. THE PURPORTED REALLOCATION OF OWNERSHIP OF TWO MILE RANCH

> . . . Jon Pauling testified that there had been an amendment to the Two Mile Ranch partnership agreement, purportedly on or around September 15, 2014. This purported amendment reallocated partnership interests, such that his partnership interest was reduced to ten percent (10%) and his brother Mark Pauling's partnership interest was increased to ninety percent (90%).

Amended Complaint ¶ 21.

> At all times relevant to Jon Pauling's purported transfer of the majority of his partnership interest in Two Mile Ranch to Mark Pauling, **Jon Pauling was a "debtor" of Amanda Wilson** as defined by C.R.S. § 38-8-102(7).

Amended Complaint ¶ 51 (bold added for emphasis).

> [The purported transfer] was for no apparent actual consideration. Instead, Jon Pauling attempted to rationalize the transfer based on some vague perception of what was "fair" between brothers in view of Jon Pauling's misconduct and the fallout from his sexual assault on Plaintiff, as Jon Pauling testified to the following:
>> Q. How did you figure out -- how did you figure out to change it from 50/50 to 90/10? How did you go about doing that?
>> A. That's what he said he wanted. I really wasn't in a position to argue.
>> Q. Why not?
>> A. Because he was right and I was wrong.
>> Q. So Mark demanded 90 percent?
>> A. He just said that that was fair, and I said that's fine.

Amended Complaint ¶ 23.

> The reduction of Jon Pauling's partnership interest in Two Mile Ranch is a "transfer" as that term is defined in C.R.S. § 38-8-102(13).

Amended Complaint ¶ 54.

4

> The above-described transfer was made with actual intent to hinder, delay, or defraud **Amanda Wilson, a creditor of Jon Pauling**.

Amended Complaint ¶ 55 (bold added for emphasis).

> **Mark Pauling, Jon Pauling, and Two Mile Ranch** agreed by words, conduct, or both to carry out the foregoing transactions, and all cooperated in carrying out these transfers.

Amended Complaint ¶ 58 (bold added for emphasis).

### C. TWO MILE RANCH'S SALE OF PROPERTY TO LARDYN

> In 2017, the Pauling brothers caused **Two Mile Ranch to transfer large tracts of real property to Lardyn**. Namely, in late April of 2017, Two Mile Ranch transferred parcel(s) of real property located at or around 18503 and/or 18505 and/or 18507 County Road 42.5 in Sterling, Colorado, to Lardyn for a purported sales price of four million two hundred and seventy thousand dollars ($4,270,000).

Amended Complaint ¶ 35 (bold added for emphasis).

> Lardyn is a mere alter ego of Jon Pauling and Two Mile Ranch and its longstanding ranching operation.

Amended Complaint ¶ 38.

> Two Mile Ranch is an alter ego of Jon Pauling and Mark Pauling used to facilitate fraud, including the avoidance of Amanda Wilson's collection efforts.

Amended Complaint ¶ 39.

> At the time **when Two Mile Ranch transferred real property to Lardyn, Jon Pauling was a "debtor" of Amanda Wilson** as defined by C.R.S. § 38-8-102(7). . .[1]

Amended Complaint ¶ 62 (bold added for emphasis).

> . . . the U.C.C. Financing Statements filed by Farmers State Bank in Colorado with respect to its loans to Lardyn and Elyce York reflect **Farmers State Bank's security in livestock and crops, farm and ranching equipment, and profits obtained from farming and ranching operations**.

Amended Complaint ¶ 47 (bold added for emphasis).

---

[1] Plaintiff further alleges a legal conclusion: "Mark Pauling and Two Mile Ranch were likewise 'debtors' of [Plaintiff] due to their involvement in the earlier fraudulent transfer of Jon Pauling's partnership interest in Two Mile Ranch to Mark Pauling." Amended Complaint ¶ 62.

### III.   ARGUMENT

**A.   The applicable standard of review.**

Dismissal under Rule 12(b)(6) serves to eliminate actions that are fatally flawed in their legal premises and destined to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity.  Neitzke v. Williams, 490 U.S. 319, 326-27 (1989).  To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them."  Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008).  "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief."  519 F.3d at 1246, quoting Bell Atlantic Corp. v. Twombly, 550 U.S. at 556.  The applicable standard is:

> While the Court must accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff, . . . purely conclusory allegations are not entitled to be presumed true. . . However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, he has met the threshold pleading standard. . . . 'The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.'

6

SELCO Community Credit Union v. Noodles & Company, 267 F. Supp.3d 1288, 1291 (D. Colo. 2017) (internal citations omitted).

Plaintiff has not met the pleading requirements to survive a motion to dismiss. Rule 8(a) states that a complaint shall contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The information provided by the pleader must be adequate to set forth the basis of his claim "as distinguished from a bare averment that he wants relief and is entitled to it." See Wright & Miller, Federal Practice and Procedure, Civil 2d §1215 and 145 (2nd ed. 1990).

Applying the applicable standard to the Amended Complaint, Plaintiff's claim against FSB is destined to fail for each of the reasons set forth herein. There is no set of facts that Plaintiff may allege to suggest that Plaintiff is entitled to relief from FSB. Here, the Amended Complaint contains numerous bare averments that Plaintiff wants relief and is entitled to it.

**B.     The state law governing Plaintiff's claim against FSB.**

The elements of a civil conspiracy claim are the following:

(1)   Two or more persons;

(2)   An object to be accomplished;

(3)   A meeting of the minds on the object or course of action;

(4)   One or more unlawful acts; and

(5)   Damages as a proximate result thereof.

7

Jet Courier Serv., Inc. v. Mulei, 771 P.2d 486, 502 (Colo. 1989). "Civil conspiracy is a derivative cause of action that is not independently actionable." Board of Cty. Comm'rs of Cty. of Park v. Park Cty. Sportsmen's Ranch, LLP, 271 P.3d 562, 571 (Colo. App. 2011) (citing Double Oak Constr., LLC v. Cornerstone Dev. Int'l, LLC, 97 P.3d 140, 146 (Colo. App. 2003)). "[T]he essence of a civil conspiracy claim is not the conspiracy itself, but the actual damages resulting from the acts done in furtherance of the conspiracy." Resolution Trust Corp. v. Heiserman, 898 P.2d 1049, 1055 (Colo. 1995). "Thus, if the acts alleged to constitute the underlying wrong provide no cause of action, then no cause of action arises for the conspiracy alone." 271 P.3d at 571.

In sum, based on the applicable standard and the above law, Plaintiff bears the burden of pleading facts that (a) give rise to a fraudulent transfer claim, and (b) indicate FSB committed acts in furtherance of a conspiracy to commit the fraudulent transfer. Plaintiff has not done so. A conspiracy claim cannot be brought against FSB, and the Third Claim for Relief against FSB should be dismissed with prejudice.

**C.     Two Mile Ranch's sale of property to Lardyn was not a fraudulent transfer for two independent reasons.**

Plaintiff has not met her burden to frame a complaint with enough factual matter, taken as true, to suggest that she can be entitled to relief from FSB. Plaintiff alleges that Two Mile Ranch is a general partnership operating since the 1980s and composed of brothers Jon Pauling and Mark Pauling, and that FSB

8

loaned Two Mile Ranch millions of dollars over many years. Amended Complaint ¶¶ 4, 17, 42, 43, and 45. The alleged "acts done in furtherance of the conspiracy" by FSB relate to lending in April 2017 surrounding the transfer of property between Two Mile Ranch and Lardyn. Amended Complaint ¶ 35.

### 1. Two Mile Ranch is not a Debtor of Wilson.

Two Mile Ranch is a general partnership. The Amended Complaint alleges only that Plaintiff's judgment is against Jon Pauling, one of the two general partners. Amended Complaint ¶ 11. Plaintiff acknowledges that she did not obtain a judgment against Two Mile Ranch. Amended Complaint ¶ 16.

A partner's interest in a general partnership is his share of partnership profits and surplus, and that interest is personal and assignable. Mountain States Bank v. Irvin, 809 P.2d 1113, 1115 (Colo. App. 1991). "A partner's right in specific partnership property, however, is held as a tenancy in partnership. Such a right is not assignable by an individual partner, nor is it subject to attachment or execution except on a claim against the partnership." Id. Plaintiff's remedy as to Jon Pauling's partnership interest in Two Mile Ranch is her charging order. Amended Complaint ¶ 20.

A judgment creditor may file a transcript of judgment against all legal and equitable interests of the judgment debtor. C.R.S. § 13-52-102. However, if the judgment debtor is a general partner in a partnership, the judgment debtor cannot record a transcript of judgment against partnership property. Recording a transcript of a judgment against an individual partner does not establish a lien

9

"against real property owned by [a] partnership. Such recording establishes a lien only against the real property owned by the debtor within the county where it is recorded." 809 P.2d at 1115 ("Defendant's interest in that property was as a tenant in partnership, and such an interest was not subject to attachment or execution except upon a claim or judgment against the partnership. See § 7–60–125(2)(c), C.R.S.").

CUFTA defines "debtor" as "a person who is liable on a claim." C.R.S. § 38-8-102(7). Two Mile Ranch is not a debtor of Plaintiff. As a judgment creditor of Jon Pauling's, and not of Two Mile Ranch, Plaintiff does <u>not</u> have a right to collect against the property owned by the general partnership.

Plaintiff alleges that property of Two Mile Ranch was transferred to Lardyn. Amended Complaint ¶ 35. The property of Two Mile Ranch was never within Plaintiff's reach during execution. Therefore, Two Mile Ranch's actions cannot form the basis of a fraudulent transfer claim by a debtor under CUFTA.

Plaintiff has not met her burden to plead facts that (a) give rise to a fraudulent transfer claim, and (b) indicate FSB committed acts in furtherance of a conspiracy to commit the fraudulent transfer.

### 2.     Two Mile Ranch property is not an asset for purposes of CUFTA.

Further, CUFTA defines an "asset" as "the property of a debtor." C.R.S. § 38-8-102(2). As explained above, Two Mile Ranch is not a debtor, so its property is not an asset under CUFTA.

Alternatively, Plaintiff fails to allege whether there was any equity in the Two Mile Ranch property transferred such that it might be considered an asset for purposes of CUFTA. Notably absent from the Amended Complaint are allegations whether the Two Mile Ranch property transferred to Lardyn was fully encumbered by then-existing loans from FSB to Two Mile Ranch. When a piece of property is encumbered by a valid lien that exceeds the property's value, the property is not considered an "asset" for purposes of CUFTA. Board of Cty. Comm'rs of Cty. of Park, 271 P.3d at 571. Pursuant to CUFTA,

(2) "Asset" means property of a debtor. "Asset" shall not include:

(a) **Property to the extent it is encumbered by a valid lien**;

C.S.R.A. § 38-8-102(2) (bold added for emphasis).

In Board of Cty. Comm'rs of Cty. of Park, ranch land worth approximately $1.1 million was encumbered by a deed of trust, which secured a note with a balance of approximately $1.6 million. The court concluded that "because the ranch was encumbered by valid liens that exceeded its value, [the ranch] was not an 'asset' under CUFTA." 271 P.3d at 570. The court cited the purpose behind fraudulent conveyance law, which is to allow creditors to recover what they would have recovered had the transfer not taken place. Id. The court set aside a jury's verdict and held that the defendants did not violate CUFTA when it transferred the property in question.

Plaintiff has failed to allege that the Two Mile Ranch property at issue was not already fully mortgaged to FSB at the time of the sale. In other words,

11

Plaintiff has not alleged how she was harmed by the sale. If FSB's security interest exceeded the value of Two Mile Ranch property, then the property is not an asset for purposes of CUFTA, and therefore, it cannot be fraudulently transferred.

Plaintiff has not met her burden to plead facts that (a) give rise to a fraudulent transfer claim, and (b) indicate FSB committed acts in furtherance of a conspiracy to commit the fraudulent transfer.

**D. FSB is not liable for the purported reallocation of ownership of Two Mile Ranch for two independent reasons.**

Plaintiff has not met her burden to frame a complaint with enough factual matter, taken as true, to suggest that she is entitled to relief from FSB.

**1. There are no allegations that FSB took any action in furtherance of the conspiracy.**

As cited above, the second and third elements of a civil conspiracy claim are: an object to be accomplished, and a meeting of the minds on the object or course of action. The Amended Complaint is devoid of allegations regarding FSB's role in the purported reallocation of ownership of Two Mile Ranch.

There are no allegations that somehow FSB participated in the reallocation of ownership. There are no allegations that such an adjustment impacted the existing Two Mile Ranch debt. As to this alleged fraudulent transfer, there are not enough facts alleged, which, taken as true, suggest that Plaintiff is entitled to relief from FSB.

12

### 2. Plaintiff's claim is barred by the one year statute of limitation.

A complaint is subject to dismissal for failure to state a claim for relief if the allegations in the complaint show that relief is barred by the applicable statute of limitations. Jones v. Bock, 549 U.S. 199 (2007); Brooks v. City of Winstrom-Salem, 85 F.3d 178, 181 (4th Cir. 1996) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §1357 at 352 (1990) ("[a] complaint showing that the statute of limitations has run on the claim is the most common situation in which the affirmative defense appears on the face of the pleadings, rendering dismissal appropriate").

"Because the elements of a civil conspiracy claim require that the underlying acts be unlawful and create an independent cause of action, civil conspiracy claims share a statute of limitations with the underlying tort, and their accrual dates are linked to the accrual dates of the underlying tort." Sternbuch v. Goss, 266 P.2d 428, 436 (Colo. Ct. App. 2011) (internal quotations and citations omitted). CUFTA sets forth four year and one year statutes of limitation. The one year statute of limitation states:

> (1) A cause of action with respect to a fraudulent transfer or obligation under this article is extinguished unless action is brought:
> . . .
> > (c) Under section 38-8-106(2), within one year after the transfer was made or the obligation was incurred.

C.R.S. § 38-8-110(1)(c). Under section 38-8-106(2):

> A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made

13

to an insider for an antecedent debt, the debtor was insolvent at the time, and the insider[2] had reasonable cause to believe that the debtor was insolvent.

Presumably, the shortened limitation period applicable to section 38-8-106(2) is due to the fact that a creditor should challenge a transfer to an insider more quickly because the creditor could reasonably have discovered the facts, which are more readily apparent with respect to transactions involving insiders.

In her Amended Complaint, Plaintiff refers to Jon Pauling's testimony in February 2016 wherein he was asked about the purported reallocation of ownership of Two Mile Ranch as between Jon Pauling and his brother Mark Pauling, an insider. Amended Complaint ¶¶ 21-23. Plaintiff did not file her lawsuit within one year of February 2016.

Any CUFTA claim relating to the reallocation of ownership is a claim under section 38-8-106(2) and is time barred by the one year limitation period in section 38-8-110(1)(c).

---

[2] If the debtor is an individual, CUFTA defines "insider" as:

> (I) A relative of the debtor or of a general partner of the debtor;
>
> (II) A partnership which the debtor is a general partner;
>
> (III) A general partner in a partnership described in subparagraph (II) of this paragraph (a);  or
>
> (IV) A corporation of which the debtor is a director, officer, or person in control[.]

C.R.S. § 38-8-102(8)(a)(I)-(IV).

14

## CONCLUSION

For the reasons set forth herein, Farmers State Bank respectfully requests that the Third Claim for Relief in Plaintiff's Amended Complaint as alleged against Farmers State Bank be dismissed with prejudice.

Respectfully submitted this 8th day of July 2019.

        FARMERS STATE BANK,
        Defendant

By: /s/Tracy A. Oldemeyer
Tracy A. Oldemeyer, #28246
Beau B. Bump, #49659
CLINE WILLIAMS
   WRIGHT JOHNSON & OLDFATHER, L.L.P.
215 Mathews Street, Suite 300
Fort Collins, Colorado 80524
Telephone: (970) 221-2637
Fax: (970) 221-2638
toldemeyer@clinewilliams.com
bbump@clinewilliams.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of July 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Ross W. Pulkrabek
Aaron D. Goldhammer
Keating Wagner Polidori Free, PC
1290 Broadway, Suite 600
Denver, CO 80203
rpulkrabek@keatingwagner.com
agoldhamer@keatingwagner.com

        /s/Tracy A. Oldemeyer
        Tracy A. Oldemeyer

4832-7492-5980, v. 3