IN THE UNITED STATES DISTRCT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01224-RBJ

AMANDA WLSON, a Michigan citizen,

Plaintiff,

v.

JONATHAN PAULING, an individual Colorado citizen, MARK PAULING, an individual Colorado citizen, TWO MILE RANCH a/k/a TWO MILE RANCH GENERAL PARTNERSHIP, a Colorado General Partnership, ELYCE YORK, an individual Nebraska or Colorado citizen, LARDYN CONSULTING LLC, a Nebraska Limited Liability Company, and FARMERS STATE BANK, a Nebraska Corporation.

Defendants.

## DEFENDANTS MARK PAULING AND TWO MILE RANCH, GP'S ANSWER TO AMENDED COMPLAINT

Defendants Mark Pauling[1] and Two Mile Ranch General Partnership ("Two Mile Ranch," and collectively with Mark Pauling, "Defendants"), by and through their undersigned counsel, hereby submit their Answer to the Amended Complaint in this action, as follows:

### STATEMENT OF THE CASE

No response is required to Plaintiff's "Statement of the Case" section. To the extent any response is required, Defendants deny the statements in Plaintiff's "Statement of the Case" section.

---

[1] Ordinarily, counsel would refer to this party simply as "Mr. Pauling," but given that there are multiple defendants with the same surname, counsel will refer to Mark Pauling as well as co-defendant Jonathan Pauling using their first names as well. No disrespect is intended thereby.

1

**PARTIES, JURISDICTION, AND VENUE**

1. Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph 1, and therefore deny them.

2. The allegations in paragraph 2 are not directed at Defendants, therefore no response is required. To the extent any response is required, Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore deny them.

3. In response to the allegations in paragraph 3, Defendants admit only that Mark Pauling resides at 18503 County Road 42.5, Sterling, Colorado, 80751, and that at the time this action was initiated he was and remains a citizen of the State of Colorado. Otherwise, denied.

4. In response to the allegations in paragraph 4, Defendants admit only that Two Mile Ranch is a Colorado general partnership whose principal place of business is and was 60773 North Highway 71, Stoneham, Colorado, 80754. Otherwise, Defendants are without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4, and therefore deny them.

5. The allegations in paragraph 5 are not directed at Defendants, therefore no response is required. To the extent any response is required, Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph 5, and therefore deny them.

6. In response to the allegations in paragraph 6, Defendants admit only that Lardyn Consulting, LLC ("Lardyn") is a Nebraska limited liability company whose principal place of business is 2561 S. 125th Avenue, Omaha, Nebraska, 68144, and that Elyce York and Mark Pauling are members of Lardyn. Otherwise, denied.

7. The allegations in paragraph 7 purport to characterize one or more written documents, which speak for themselves. Defendants affirmatively state, upon information and belief, that Plaintiff's characterization of those documents is incorrect and incomplete. Defendants are without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7, and therefore deny them.

8. Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph 8, and therefore deny them.

9. Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph 9, and therefore deny them.

## GENERAL ALLEGATIONS

10. The allegations in paragraph 10 are not directed at Defendants, therefore no response is required. To the extent any response is required, Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph 10, and therefore deny them.

11. The allegations in paragraph 11 are not directed at Defendants, therefore no response is required. To the extent any response is required, Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph 11, and therefore deny them.

12. The allegations in paragraph 12 are not directed at Defendants, therefore no response is required. To the extent any response is required, Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph 12, and therefore deny them.

13. The allegations in paragraph 13 are not directed at Defendants, therefore no response is required. To the extent any response is required, Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph 13, and therefore deny them.

14. The allegations in paragraph 14 are not directed at Defendants, therefore no response is required. To the extent any response is required, Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph 14, and therefore deny them. Defendants affirmatively state that the allegations in paragraph 14 are immaterial, impertinent, and scandalous, and meant only to harass and unfairly impugn Defendants and others.

15. The allegations in paragraph 15 are not directed at Defendants, therefore no response is required. To the extent any response is required, Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph 15, and therefore deny them.

16. Defendants admit that Ms. Wilson did not sue Two Mile Ranch in the underlying State Case. Otherwise, Defendants deny the allegations in paragraph 16.

17. Admitted.

18. The allegations in paragraph 18 purport to characterize a written document, which speaks for itself. Defendants deny the allegations to the extent they mischaracterize the terms of that document.

19. The allegations in paragraph 19 purport to characterize a written document, which speaks for itself. Defendants deny the allegations to the extent they mischaracterize the terms of

that document.  Defendants affirmatively state that the allegations in paragraph 19 mischaracterize the currently applicable terms of the general partnership.

20. In response to paragraph 20, Defendants admit that there have been no payments from Two Mile Ranch to Plaintiff by virtue of a Charging Order upon Jon Pauling's partnership interest, because the terms of that charging order have not been triggered.  Otherwise, Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph 20, and therefore deny them.

21. Defendants specifically deny that there was any re-allocation of the partnership interests between Mark Pauling and Jon Pauling in Two Mile Ranch.  Defendants further admit that Mark Pauling is the Manager of the partnership.  Otherwise, Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore deny them.

22. The allegations in paragraph 22 purport to characterize the terms of one or more written documents, which speak for themselves.  Defendants deny the allegations to the extent they mischaracterize these documents.  Defendants affirmatively state that the allegations in paragraph 22 mischaracterize these documents, and specifically deny that they falsely backdated these documents.  Otherwise, denied.

23. Denied.

24. Denied.

25. Admitted.

26. Defendants admit that Ms. York is the managing member of Lardyn, and that she has signed numerous documents in that capacity.  Otherwise, denied.

5

27.     Admitted.

28.     The allegations in paragraph 28 purport to characterize the terms of a written document, which speaks for itself.

29.     Defendants admit that Mr. Bates filed the Statement of Foreign Authority. Otherwise, the allegations in paragraph 29 are vague and ambiguous, and Defendants are unable to admit or deny the allegations and therefore deny them.

30.     Admitted.

31.     Admitted.

32.     Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph 32, and therefore deny them.

33.     Denied.

34.     The allegations in paragraph 34 do not involve Defendants, and therefore no response is required. To the extent any response is required, Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph 34, and therefore deny them.

35.     The allegations in paragraph 35 purport to characterize one or more written documents, which speak for themselves. Defendants deny the allegations to the extent they mischaracterize those documents. Otherwise, denied.

36.     Denied.

37.     Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph 37, and therefore deny them. Defendants further assert that the allegations in paragraph 37 are immaterial, impertinent, and scandalous, as well as demeaning.

38. Denied.

39. Denied.

40. Denied.

41. Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph 41, and therefore deny them.

42. The allegations in paragraph 42 are vague and ambiguous, and Defendants are unable to admit or deny them as stated and therefore deny them.

43. The allegations in paragraph 43 purport to characterize one or more written documents, which speak for themselves.  Defendants deny the allegations in paragraph 43 to the extent that they mischaracterize them, and otherwise deny the allegations in paragraph 43.

44. Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph 44, and therefore deny them.

45. Denied.

46. Mark Pauling admits that he personally knows certain bankers at Farmers State Bank.  Otherwise, the allegations in paragraph 46 purport to characterize one or more written documents, which speak for themselves.  Defendants deny the allegations in paragraph 46 to the extent that they mischaracterize them, and otherwise deny the allegations in paragraph 46.

47. The allegations in paragraph 47 purport to characterize one or more written documents, which speak for themselves.  Defendants deny the allegations in paragraph 47 to the extent that they mischaracterize them, and otherwise deny the allegations in paragraph 47.

48. The allegations in paragraph 48 are not directed to Defendants, and therefore no response is required.  To the extent any response is required, denied.

## FIRST CLAIM FOR RELIEF

49. Mark Pauling incorporates by reference his responses to the paragraphs above as if fully set forth herein.

50. The allegations in paragraph 50 call for a legal conclusion, to which no response is required. To the extent any response is required, denied.

51. The allegations in paragraph 51 call for a legal conclusion, to which no response is required. To the extent any response is required, denied.

52. The allegations in paragraph 52 call for a legal conclusion, to which no response is required. To the extent any response is required, denied.

53. The allegations in paragraph 53 call for a legal conclusion, to which no response is required. To the extent any response is required, denied.

54. The allegations in paragraph 54 call for a legal conclusion, to which no response is required. To the extent any response is required, denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

## SECOND CLAIM FOR RELIEF

60. Mark Pauling incorporates by reference his responses to the paragraphs above as if fully set forth herein.

61. Denied.

62. The allegations in paragraph 62 call for a legal conclusion, to which no response is required. To the extent any response is required, denied.

63. The allegations in paragraph 63 call for a legal conclusion, to which no response is required. To the extent any response is required, denied.

64. The allegations in paragraph 64 call for a legal conclusion, to which no response is required. To the extent any response is required, denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

### THIRD CLAIM FOR RELIEF

70. Mark Pauling incorporates by reference his responses to the paragraphs above as if fully set forth herein.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

### GENERAL DENIAL

76. Defendants deny any allegations in the First Amended Complaint which are not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a valid claim upon which relief can be granted.

2. One or more of Plaintiff's claims are barred by the statute of limitations.

3. Defendants' alleged actions are protected by the business judgment rule.

4. Defendants' actions were taken in good faith.

5. Defendants' actions were taken for adequate consideration, based upon reasonable business value.

6. Defendants have failed to join one or more necessary parties.

7. To the extent Plaintiff may have suffered damages, such damages were caused by one or more parties or third parties over whom Defendants had no control or right of control.

8. Plaintiff's claims fail because Plaintiff has not suffered any damage.

WHEREFORE, Defendants Mark Pauling and Two Mile Ranch General Partnership respectfully request that judgment be granted in their favor and against plaintiff Amanda Wilson, that their claims be dismissed with prejudice, that Ms. Wilson be granted nothing thereby, and that Defendants be awarded their attorneys' fees and costs to the fullest extent permitted by law, and that the Court grant them such other and further relief as it deems just and proper.

DATED this 8th day of July, 2019.

OVERTON LAPUYADE
KEITHLEY | GLEASON | SCHUMACHER

/s/Livingston Keithley
R. Livingston Keithley
165 S. Union Blvd., Suite 542
Lakewood, Colorado  80228
Phone:  303-832-1120
Email:    Livingston.Keithley@overtonlawfirm.com
*Attorneys for Defendants Mark Pauling and Two Mile Ranch General Partnership*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of July, 2019, a true and correct copy of the foregoing **DEFENDANTS MARK PAULING AND TWO MILE RANCH, GP'S ANSWER TO AMENDED COMPLAINT** was electronically served via the Court's ECF Document Filing System upon the following:

Ross W. Pulkrabek
Aaron D. Goldhamer
Keating Wagner Polidori Free, PC
1290 Broadway, Suite 600
Denver, CO 80203
*rpulkrabek@keatingwagner.com*
*agoldhamer@keatingwagner.com*
*Attorneys for Plaintiff*

Christopher Carr
Dill Dill Carr Stonbraker & Hutchings, PC
455 Sherman Street, Suite 300
Denver, CO  80203
ccarr@dillanddill.com
*Attorney for Defendant Jonathan Pauling*

                                                    */s/Livingston Keithley*
                                                    R. Livingston Keithley

11