IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-01224-RBJ-STV

AMANDA WILSON, a Michigan citizen,

Plaintiff,

v.

JONATHAN PAULING, an individual Colorado citizen, et al.

Defendants.

---

**FARMERS STATE BANK'S**
**REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

The claim that FSB was part of a civil conspiracy to violate CUFTA is destined to fail.  Plaintiff has not met her burden to allege enough facts (taken as true) to state a claim to relief that is plausible on its face.  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 556 and 570 (2007).

The Court's analysis should not be impacted by emotional arguments intended to evoke sympathy or bias or by speculation about FSB's motives. The amount of a judgment does not dictate its collectability; a judgment for $10,000.00 can be just as uncollectible as one for $10,000,000.00. If a judgment debtor does not own assets free and clear, then a judgment is not worth much, regardless of its face amount. Whether the claim underlying the judgment is breach of contract or sexual assault, the same rules regarding execution on assets apply.

1

FSB recited the relevant allegations in chronological order within three topics, also arranged in chronological order:

    A.    The history of the banking relationship between FSB and Two Mile Ranch ("TMR").
    B.    The purported reallocation of ownership of TMR (the First CUFTA Claim).
    C.    TMR's sale of property to Lardyn (the Second CUFTA Claim).

Doc. 23 at 2-5.  Contrary to argument, FSB was not trying to weave a "disjointed narrative."  FSB endeavored to make the history as alleged more understandable.

**A.    Plaintiff has failed to allege sufficient facts that FSB conspired to reallocate the TMR ownership in violation of CUFTA (the First CUFTA Claim).**

FSB cannot be liable for the purported reallocation of TMR ownership because the Amended Complaint is devoid of allegations regarding FSB's role in that transaction. Doc. 23 at 4-5 and 12.  Plaintiff drives FSB's point home.

> This case arises out of various actions that Jon Pauling and Mark Pauling have taken to frustrate Plaintiff's attempt to collect her judgment. One action. . . concerns Jon Pauling and Mark Pauling manufacturing a document in which Jon Pauling purported to transfer all but 10% of his interest in Two Mile Ranch to Mark Pauling. That document was falsely backdated to September 2014 (i.e., before the jury's verdict). Jon Pauling and Mark Pauling's backdating of the document is evident through their 2014 federal tax filings (filed in 2015) as well as documents signed by Jon Pauling and Mark Pauling in 2015, each of which show that Jon Pauling and Mark Pauling respectively owned 50% of the partnership interests in Two Mile Ranch. Denver District Court Judge Ross Buchanan commented on Jon Pauling's history of backdating fraudulent documents in an order in the underlying case. . . Additionally, the purported transfer of Jon Pauling's partnership interest to Mark Pauling lacked consideration. .

Doc. 34 at 3-4, ¶ 5.  See also, Doc. 34 at 9, 11, and 12.  There are no facts alleged that FSB conspired with the Paulings to do so.

2

Plaintiff should not benefit from CUFTA's four year statute of limitations based on how she chooses to label the claim.  Doc. 23 at 13-15.

**B.     Plaintiff has failed to allege sufficient facts to show that TMR's sale of property to Lardyn violated CUFTA (the Second CUFTA Claim).**

Pauling's interest in TMR property is as a tenant in partnership.[1]  Doc. 23 at 9.  Plaintiff does <u>not</u> have a right to collect against the property of the general partnership.  Plaintiff alleges that, when TMR transferred property to Lardyn, Mark Pauling and TMR were "debtors" of Wilson due to their earlier involvement in reallocation of TMR ownership, either before or after the charging order.  Am. Compl. ¶¶ 62 and 20.[2]  FSB was able to locate one case in which the court examined the definitions of "creditor," "debtor," and "claim" in the Uniform Fraudulent Transfer Act in the context of a charging order.  In <u>Merrill Ranch Properties, LLC v. Austell</u>, 336 Ga. App. 722, 728-730 (2016),[3] the court held

---

[1]     On the one hand, Plaintiff acknowledges this reality:  "Since the 1980s, Jon Pauling and his brother Mark Pauling have operated a farm, ranch, and feedlot business as a general partnership. The name of the partnership is Two Mile Ranch. Jon Pauling and Mark Pauling each are 50% partners in Two Mile Ranch. [#15-1 at ¶¶ 17-18]." Doc. 34 at 3, ¶ 3. On the other hand, Plaintiff refers vaguely to the "farm, ranch, and feedlot business." <u>See e.g.</u>,  Doc. 34 at 1; at 4 ¶¶ 6 and 9; at 5 ¶ 12; at 6 ¶ 14.  The adverse fact remains that the "farm, ranch, and feedlot business" <u>is</u> Two Mile Ranch, a general partnership, in which the two brothers are partners. Am. Compl. ¶ 17. This important distinction dictates the result here.  <u>Mountain States Bank</u>, <u>supra</u>.  The lines between the partners and their partnership cannot be blurred.

[2]     Plaintiff does not allege the date Plaintiff served TMR with her charging order, let alone the timing in relation to the transfer of property to Lardyn. Plaintiff alleges circumstantial evidence that the reallocation of ownership of TMR occurred <u>later</u> than September 15, 2014. Am. Compl. ¶¶ 21 and 22. The charging order could only have been served sometime after the civil judgment was entered on the October 23, 2015 jury verdict. Am. Compl. ¶ 11.

[3]     <u>RES-GA McDonough, LLC v. Taylor English Duma LLP</u>, 302 Ga. 444 (2017) is subsequent negative authority, but it is based on a 2015 change in the law addressing a different issue – whether a right of action arising from fraud is assignable.

3

that a charging order does not create a debtor-creditor relationship between the creditor who obtained the charging order and the limited liability company ("LLC") whose membership interests are being charged, and, as a result, the creditor did not have standing to set aside the LLC's transfer of assets based solely on the charging order.  Here, Wilson's charging order on TMR's partnership interests did not make TMR a debtor of Wilson.  CUFTA's definitions of "debtor," "creditor," and "claim" are the same as those considered in Merrill Ranch Properties, LLC, supra.  Laws must be applied as written.  Jones v. Williams, 443 P.3d 56, 59 (Colo. 2019). Under CUFTA, TMR is not a debtor of Plaintiff, and Plaintiff does not have standing to set aside TMR's transfer of assets to Lardyn.

TMR is not a debtor, so its property does not meet the definition of an "asset" under CUFTA.  C.R.S. § 38-8-102(2).  Alternatively, the definition of "asset" excludes certain property.  TMR's property is not an "asset" due to the exception in C.R.S. § 38-8-102(2)(c) ("[a]n interest in property held in tenancy by the entireties to the extent it is not subject to process by a creditor holding a claim against only one tenant").  Doc. 23 at 9.  In addition, TMR's property is not an "asset" due to the exception in C.R.S. § 38-8-102(2)(a) ("[p]roperty to the extent it is encumbered by a valid lien"). The holding of Board of Cty. Comm'rs of Cty. of Park v. Park Cty. Sportsmen's Ranch, LLP, 271 P.3d 562, 570 (Colo. App. 2011) is relevant to a motion to dismiss.  By failing to allege any facts as to known encumbrances on the property transferred, Plaintiff has simultaneously

failed to allege that TMR's property is an asset for purposes of CUFTA, an essential element.

Plaintiff has failed to meet <u>her</u> burden to allege sufficient factual allegations such that the right to relief is raised above the speculative level.  Doc. 23 at 11-12.  There is a fatal defect in her pleading.  Plaintiff <u>could</u> determine these facts.  She received bank records in response to a subpoena on FSB.  Am. Compl. ¶ 44.  As argued in the Motion to Dismiss filed by Lardyn Consulting, LLC and Elyce York (Doc. 35), the court can take judicial notice of public records and court filings.  FSB's deeds of trust on TMR property in Logan, Weld, and Jefferson[4] counties were compiled in the Proof of Claim FSB filed in February 2017 in TMR's Chapter 11 bankruptcy case.  *See* Filing No. 35-2 through 35-4 (debt was $9,582,213.61 with collateral valued at $8,893,500.00).

Plaintiff argues she should be able to get into discovery. This is incorrect. If allegations cannot raise a claim of entitlement to relief, "'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" <u>Twombly</u>, 550 U.S. at 558.

Farmers State Bank respectfully requests that the Third Claim for Relief in Plaintiff's Amended Complaint as alleged against Farmers State Bank be dismissed with prejudice.

---

[4]   Wilson alleges TMR still owns property at 22434 N. Turkey Creek Road in Morrison, Colorado.  Am. Compl. ¶ 5.  The public records in Morrison, Jefferson County, Colorado within FSB's Proof of Claim reveal the bank's $2,000,000.00 deed of trust on that property.  *See* Filing No.  35-3 at 27 through 35-4 at 7.

Respectfully submitted this 30th day of August 2019.

                        FARMERS STATE BANK,
                        Defendant

       By:    /s/ *Tracy A. Oldemeyer*
             Tracy A. Oldemeyer, #28246
             Beau B. Bump, #49659
             CLINE WILLIAMS
                WRIGHT JOHNSON & OLDFATHER, L.L.P.
             215 Mathews Street, Suite 300
             Fort Collins, Colorado 80524
             Telephone: (970) 221-2637
             Fax: (970) 221-2638
             toldemeyer@clinewilliams.com
             bbump@clinewilliams.com

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 30th day of August 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Ross W. Pulkrabek
Aaron D. Goldhammer
Keating Wagner Polidori Free, PC
1290 Broadway, Suite 600
Denver, CO 80203
rpulkrabek@keatingwagner.com
agoldhamer@keatingwagner.com

Christopher Carr
Dill Dill Carr Stonbraker & Hutchings, PC
455 Sherman Street, Suite 300
Denver, CO 80203
ccarr@dillanddill.com

R. Livingston Keithley
Overton Lapuyade Keithley
Gleason Schumacher
165 S. Union Blvd., Suite 542
Lakewood, Colorado 80228
Phone: 303-832-1120
Livingston.Keithley@overtonlawfirm.com

Peter C. Forbes
Carver Schwarz McNab Kamper & Forbes, LLC
1888 Sherman Street, Suite 400
Denver, CO 80203
pforbes@csmkf.com

                        /s/ *Tracy A. Oldemeyer*
                        Tracy A. Oldemeyer

4841-0350-1986, v. 2