IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01224-RBJ-STV

**AMANDA WILSON**, a Michigan citizen,

Plaintiff,

v.

**JONATHAN PAULING**, an individual Colorado citizen, **MARK PAULING**, an individual Colorado citizen, **TWO MILE RANCH a/k/a TWO MILE RANCH GENERAL PARTNERSHIP**, a Colorado General Partnership, **ELYCE YORK**, an individual Nebraska or Colorado citizen, **LARDYN CONSULTING LLC**, a Nebraska Limited Liability Company, and **FARMERS STATE BANK**, a Nebraska Corporation.

Defendants.
_____

**AMENDED COMBINED RESPONSE TO MARK PAULING AND TWO MILE RANCH'S UNTIMELY JOINDERS IN OTHER DEFENDANTS' MOTIONS TO DISMISS [##38, 39]**
_____

Plaintiff Amanda Wilson, by and through her attorneys, Aaron D. Goldhamer and Ross W. Pulkrabek of Keating Wagner Polidori Free, P.C., for her Combined Response to Mark Pauling and Two Mile Ranch's Untimely Joinders in Other Defendants' Motions to Dismiss [##38, 39], states the following:

1. Defendants Mark Pauling and Two Mile Ranch answered Plaintiff Amanda Wilson's Amended Complaint on July 8, 2019. [#24].

2. On September 13, 2019, Mark Pauling and Two Mile Ranch filed Joinders [##39, 40] (henceforth the "Joinders") in the Motions to Dismiss pursuant to F.R.C.P. 12(b)(6) previously filed by (i) Defendants Farmers State Bank and (ii) Elyce York and Lardyn Consulting, LLC (collectively, the "Motions to Dismiss").

1

3. A motion asserting a defense pursuant to F.R.C.P. 12(b)(6) "must be made before pleading if a responsive pleading is allowed." F.R.C.P. 12(b) (emphasis added).

4. As such, because the Joinders were filed after the Answer, they are untimely.

5. Further, the Joinders are untimely because they were due on July 8, 2019, but were filed two month later. The Amended Complaint became the operative pleading requiring Mark Pauling and Two Mile Ranch's response under F.R.C.P. 12(a)(1)(A)(ii)[1] and/or 12(b) when the Court granted Plaintiff's Motion to Amend on June 17, 2019. [#17]. If Mark Pauling or Two Mile Ranch sought to assert a F.R.C.P. 12(b) defense via motion, such motions were due twenty-one days later on July 8, 2019. However, Mark Pauling and Two Mile Ranch first raised such issues on September 13, 2019, via the Joinders.

6. Neither of the Joinders includes any certificate of conferral. Indeed, Mark Pauling and Two Mile Ranch did not confer with Plaintiff prior to filing the Joinders. Motions for joinder are not excepted from the duty to confer under D.C.Colo.LCivR 7.1(b).

7. Moreover, the Joinders do not examine the allegations in the Amended Complaint that are specific to Mark Pauling and Two Mile Ranch. For instance, and without limitation, Plaintiff alleges that Mark and Jonathan Pauling conspired to backdate documents purporting to transfer (without any consideration) most of Jon Pauling's interest in Two Mile Ranch to Mark Pauling. [#15-1 at ¶¶ 21-23, 49-59]. This transaction was plainly intended to frustrate, hinder, and delay Plaintiff's collection efforts, and supports the claims against Mark Pauling and Two Mile Ranch.

---

[1] Two Mile Ranch was served with a Summons and file original Complaint on May 9, 2019. [#19]. Mark Pauling was served with a Summons and the original Complaint on May 14, 2019. [#10].

8. Rather than address these allegations, the Joinders instead rest upon the recitation in the Motions to Dismiss of allegations more focused on Farmers State Bank, Elyce York, and Lardyn Consulting, LLC. The Joinders' failure to present argument based on the specific allegations against Mark Pauling and Two Mile Ranch is fatal to the Joinders.

## Conclusion

For the foregoing reasons, and those set forth in Plaintiff's Responses to the Motions to Dismiss [##34, 37], which Plaintiff hereby incorporates by reference, the Court should disregard or deny Mark Pauling and Two Mile Ranch's Joinders.

DATED: October 4, 2019

                                              KEATING WAGNER POLIDORI FREE, P.C.

                                        By:   *s/ Aaron D. Goldhamer*
                                                   Ross W. Pulkrabek
                                                   Aaron D. Goldhamer
                                                   1290 Broadway, Suite 600
                                                   Denver, CO 80203
                                                   Phone: (303) 534-0401
                                                   Email: agoldhamer@keatingwagner.com
                                                   *Attorney for Plaintiff*

<u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on October 4, 2019, a true and correct copy of the foregoing was electronically served via CM/ECF filing system upon the following:

R. Livingston Keithley
Overton Lapuyade Keithley Gleason Schumacher
165 S. Union Blvd., Suite 542
Lakewood, Colorado 80228
Phone: 303-832-1120
Livingston.Keithley@overtonlawfirm.com
*Attorneys for Defendants Mark Pauling and Two Mile*
*Ranch General Partnership*

Christopher Carr
Dill Carr Stonbraker & Hutchings, PC
455 Sherman Street, Suite 300
Denver, CO 80203
ccarr@dillanddill.com
*Attorney for Defendant Jonathan Pauling*

Tracy A. Oldemeyer
Beau B. Bump
CLINE WILLIAMS
WRIGHT JOHNSON & OLDFATHER, L.L.P.
215 Mathews Street, Suite 300
Fort Collins, Colorado 80524
toldemeyer@clinewilliams.com
bbump@clinewilliams.com
*Attorneys for Farmers State Bank*

                *s/ Aaron D. Goldhamer*
                Aaron D. Goldhamer