IN THE UNITED STATES DISTRCT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01224-RBJ

AMANDA WILSON, a Michigan citizen,

Plaintiff,

v.

JONATHAN PAULING, an individual Colorado citizen, MARK PAULING, an individual Colorado citizen, TWO MILE RANCH a/k/a TWO MILE RANCH GENERAL PARTNERSHIP, a Colorado General Partnership, ELYCE YORK, an individual Nebraska or Colorado citizen, LARDYN CONSULTING LLC, a Nebraska Limited Liability Company, and FARMERS STATE BANK, a Nebraska Corporation.

Defendants.

**DEFENDANTS MARK PAULING AND TWO MILE RANCH, GP'S CONSOLIDATED REPLY IN SUPPORT OF THEIR JOINDER IN THE MOTION TO DISMISS FILED BY LARDYN CONSULTING, LLC AND ELYCE YORK (ECF NO. 35) AND JOINDER TO THE MOTION TO DISMISS FILED BY FARMERS STATE BANK (ECF NO. 23)**

Defendants Mark Pauling[1] and Two Mile Ranch General Partnership ("Two Mile Ranch") (collectively, "Defendants"), by and through their undersigned counsel, submit their Reply in support of their Joinder (ECF No. 39) to the Motion to Dismiss filed by Lardyn Consulting, LLC and Elyce York in this action (ECF No. 35)(the "Lardyn Motion"), and Joinder (ECF No. 38) to the Motion to Dismiss filed by Farmers State Bank (ECF No. 23)(the "Farmers Motion"), and state:

---

[1] Ordinarily, counsel would refer to this party simply as "Mr. Pauling," but given that there are multiple defendants with the same surname, counsel will refer to Mark Pauling as well as co-defendant Jonathan Pauling using their first names as well. No disrespect is intended thereby.

1

## INTRODUCTION

The Court should permit Mark Pauling and Two Mile Ranch's joinders to the two pending motions to dismiss, because it will make the resolution of this dispute more efficient, minimize costs for the parties and the Court, and streamline any disputed issues that might remain for trial. It should be obvious to Plaintiff that, if this Court grants the Farmers Motion and the Lardyn Motion and determines as a matter of law that Plaintiff had no legally protected interest in Two Mile Ranch's property, then that determination is also binding as it relates to the same claims which asserted against Defendants as well. Plaintiff's sudden "Response" objecting to the joinders only underscores Plaintiff's intent to cause procedural delay, needlessly increase costs as potential leverage against Defendants, and elevate of form over substance in this case.

## FACTUAL BACKGROUND

1. Plaintiff initiated this case on April 25, 2019 when she filed her Complaint. She then filed her Amended Complaint on June 14, 2019. Defendants filed their Answer to the First Amended Complaint on July 8, 2019, ECF No. 24.

2. Among the affirmative defenses articulated in their Answer, Defendants specifically argued that Plaintiff's claims against them failed to state a claim upon which relief could be granted, as well as the affirmative defense that "Plaintiff's claims fail because Plaintiff has not suffered any damage." *See id.* at 10,

3. On the same day that Defendants filed their Answer, co-defendant Farmers State Bank filed their Motion to Dismiss (ECF No. 23) (the "Farmers Motion").

2

4. Thereafter, Plaintiff served the First Amended Complaint on Elyce York and Lardyn Consulting, LLC, and they filed their Motion to Dismiss on August 26, 2019 (the "Lardyn Motion").

5. The legal arguments in both the Farmers Motion and the Lardyn Motion identify that Plaintiffs' Second and Third Claims for relief are grounded upon the transfer of Two Mile Ranch's property to Lardyn, to satisfy a loan amount owed by Two Mile Ranch to Farmers. These Motions make the legal argument that, under the governing law of the Colorado Uniform Fraudulent Transfers Act, Plaintiff cannot allege viable claims for relief against Farmers, Lardyn, or Ms. York based on this transfer, because Plaintiff had no legally protected interest in Two Mile Ranch's property that it sold to Lardyn. *See* Farmers Motion at 8-12; Lardyn Motion at 7-10.

6. Plaintiff duly filed her Responses to the Farmers Motion and the Lardyn Motion, on August 19, 2019 and September 13, 2019, respectively. Neither of those responses contested the fact that Plaintiff has no judgment against Two Mile Ranch, and is not a creditor of Two Mile Ranch. Rather, her responses make strenuous arguments that, because co-defendant Jonathan Pauling had an ownership interest in Two Mile Ranch, then somehow she should be entitled to require Two Mile Ranch to continue operations in the hope that someday she would realize some payment under her charging order against that ownership interest. She puts forth no legal authority in support of this argument, however.

7. After reviewing Plaintiff's responses to the Farmers Motion and the Lardyn Motion, Defendants came to realize Plaintiff's abject failure to articulate a valid legal basis for

3

      basing her claims upon an assertion against property to which she has no legal right or claim. Defendants realized the legal arguments put forth by Farmers, Lardyn, and Ms. York were equally applicable to Defendants as to the Second and Third claims in this action.

8. Thus, on September 13, 2019, Mark Pauling and Two Mile Ranch filed their two Joinders (ECF No. 38 and 39) to the Lardyn Motion and the Farmers Motion. These were two-sentence joinders, simply identifying that Defendants were joining in the arguments. The joinders did not make any new factual or legal arguments.

9. Plaintiff is correct that Defendants did not confer prior to filing the joinders, because the Joinders did not add or assert new legal or factual arguments, but rather were simply joining in the arguments made by Farmers, Lardyn, and Ms. York. However, due to the limitations in the ECF system, these Joinders were stylized in the docketing system as being "Motions" themselves.

## ARGUMENT

There are obvious efficiencies and streamlining of this case through allowing Defendants to join in the Farmers Motion and Lardyn Motion. If the Court grants these Motions and accepts the valid legal argument contained in the Motions, that decision will be a legal determination that Plaintiff had no legally protectable interest in Two Mile Ranch's assets transferred to Lardyn.

If the Court dismisses the claims as to Farmers, Lardyn, and Ms. York, then Plaintiff would be estopped from trying to argue that she still had rights in the property as against anyone else, including Defendants. *McNichols v. Elk Dance Colo., LLC*, 139 P.3d 660,667 (Colo. 2006)(issue preclusion applies where the issue is identical to one already adjudicated, the party against whom

estoppel is sought was the same in the prior adjudication, a final judgment was entered on the merits, and the party against whom estoppel is sought had a full and fair opportunity to litigate the issue in the prior adjudication).  Because her second and third claims here are against Defendants *as well as* Farmers, Lardyn, and Ms. York, based on the same facts and circumstances, dismissal on this legal basis as to some of the defendants necessitates dismissal of those claims as to all defendants.

To the extent Plaintiff objects to the joinders for the procedural reason that Defendants already previously filed an Answer, Plaintiff's objection is misplaced.  Federal Rule 12(b) only requires that the defense be asserted "in the responsive pleading if one is required."  It further states that "No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion." *Id.*  There is no dispute that Defendants validly preserved the defense.

While it is true that Rule 12(b) also states that a motion asserting failure to state a claim upon which relief can be granted must be made "before pleading if a responsive pleading is allowed," the circumstances and timing of this case temper a strict reading of this provision of the rule.  The motions to which Defendants are joining were filed *after* Defendants filed their answer – there has been no delay by Defendants joining the Motion.  Given the meritorious legal arguments in the Motions and the direct effect they have on the claims against Defendants, joinder is the most reasonable position.

Lastly, if the Court agrees with Plaintiff's objection to the Joinders and the procedural technicality of Rule 12(b), it should still nonetheless treat Defendants' joinders as stand-alone motions under Fed. R. Civ. P. 12(c).  *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th

Cir. 2002)(if a defendant makes a 12(b)(6) motion after filing an answer, the motion should generally be treated as a motion for judgment on the pleadings, which are evaluated under the same standard anyway).

WHEREFORE, Defendants Mark Pauling and Two Mile Ranch GP respectfully request that the Court permit their joinder in the motions to dismiss filed by co-defendants Farmers State Bank, Lardyn Consulting, and Elyce York, that the Court grant those motions to dismiss and dismiss the second and third claims for relief as to all defendants, and that the Court grant such other and further relief as it deems just and proper.

DATED this 18th day of October, 2019.

OVERTON LAPUYADE
KEITHLEY | GLEASON | SCHUMACHER

*/s/Livingston Keithley*
R. Livingston Keithley
165 S. Union Blvd., Suite 542
Lakewood, Colorado  80228
Phone:  303-832-1120
Email:     Livingston.Keithley@overtonlawfirm.com
*Attorneys for Defendants Mark Pauling and Two Mile Ranch General Partnership*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 18th day of October, 2019, a true and correct copy of the foregoing **DEFENDANTS MARK PAULING AND TWO MILE RANCH, GP'S CONSOLIDATED REPLY IN SUPPORT OF THEIR JOINDER IN THE MOTION TO DISMISS FILED BY LARDYN CONSULTING, LLC AND ELYCE YORK (ECF NO. 35) AND JOINDER TO THE MOTION TO DISMISS FILED BY FARMERS STATE BANK (ECF NO. 23)** was electronically served via the Court's ECF Document Filing System upon the following:

Ross W. Pulkrabek
Aaron D. Goldhamer
Keating Wagner Polidori Free, PC
1290 Broadway, Suite 600
Denver, CO 80203
rpulkrabek@keatingwagner.com
agoldhamer@keatingwagner.com
*Attorneys for Plaintiff*

Christopher Carr
Dill Dill Carr Stonbraker & Hutchings, PC
455 Sherman Street, Suite 300
Denver, CO 80203
ccarr@dillanddill.com
*Attorney for Defendant Jonathan Pauling*

Tracy A. Oldemeyer
Beau B. Bump
Cline Williams Wright Johnson & Oldfather, LLP
215 Mathews Street, Suite 300
Fort Collins, CO 80524
toldemeyer@clinewilliams.com
bbump@clinewilliams.com
*Attorneys for Farmers State Bank*

Peter C. Forbes
Carver Schwarz McNab Kamper & Forbes, LLC
1888 Sherman Street, Suite 400
Denver, CO 80203
pforbes@csmkf.com
*Attorneys for Lardyn Consulting, LLC and Elyce York*

      */s/Livingston Keithley*
      R. Livingston Keithley