IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01224-RBJ

**AMANDA WILSON**, a Michigan citizen,

    Plaintiff,

v.

**JONATHAN PAULING**, an individual Colorado citizen, **MARK PAULING**, an individual Colorado citizen, **TWO MILE RANCH a/k/a TWO MILE RANCH GENERAL PARTNERSHIP**, a Colorado General Partnership, **ELYCE YORK**, an individual Nebraska or Colorado citizen, **LARDYN CONSULTING LLC**, a Nebraska Limited Liability Company, and **FARMERS STATE BANK**, a Nebraska Corporation.

    Defendant(s).

---

## STIPULATED PROTECTIVE ORDER

---

    The parties to this case, by and through their respective counsel, agree to and submit the following Stipulated Protective Order pursuant to F.R.C.P. 26(c).

    Because discovery in this action involves the disclosure of financial statements, accounting records, tax returns, banking records, or other documents, material, and information potentially entitled to protection under F.R.C.P. 26(c), and pursuant to that rule,

    IT IS HEREBY ORDERED THAT the following terms and conditions shall apply to all documents, material, and information disclosed by the parties in the course of discovery in this action that any party deems in good faith to be entitled to protection under F.R.C.P. 26(c).

    1.    <u>Definitions.</u>

    (a)    "Confidential Material" shall mean any information of a confidential nature such as financial statements, accounting records, banking records, tax returns, or other information that a party reasonably and in good faith believes qualifies for protection under F.R.C.P. 26(c), designated as "Confidential" by the party producing that information pursuant to paragraph 2 hereof, including, but not limited to, interrogatory answers, documents produced during discovery by any party in this action, whether produced voluntarily, in response to an informal request, pursuant to F.R.C.P. 26(a) or in response to a formal discovery request,

deposition testimony and/or transcripts, and any portions of any pleadings or other court papers that quote from or summarize any of the foregoing.

A Producing Party's "Confidential Material" shall not include information known to a Requesting Party prior to the date of this Order; information available to the general public other than through acts or omissions attributable to the Requesting Party; or information obtained from a third party who is lawfully in possession of the same and who is not subject to any confidentiality or nonuse obligation owed to the Producing Party or others with respect to that information.

(b)   "Producing Party" shall mean the party designating material as "Confidential Material."

(c)   "Requesting Party" shall mean any party other than the Producing Party.

2.   <u>Designation of Information Produced in Discovery as "Confidential Material"</u>. Documents may be designated as Confidential Material by stamping the phrase "Confidential" on all pages of any document in a conspicuous place, or as otherwise agreed to by the Producing Party and the Requesting Party.  Deposition testimony may be designated as "Confidential Material" either by a statement by counsel on the record at the time the testimony is given, specifying both the beginning and ending of each section so designated, or by written notice from counsel for the designating party within 21 days after the transcript becomes available specifying by page and line number the material to be treated as "Confidential."  Any other non-documentary material shall be designated as Confidential Material by identifying that material as Confidential Material in a written disclosure bearing the caption of this civil case and signed by the Producing Party's counsel of record.  Inadvertent failure to designate materials as "Confidential" at the time of production may be remedied at any time thereafter by supplemental written notice. The designation of material as Confidential Material, in the manner described hereunder, shall constitute a certification by the attorney making such designation that he or she and in good faith believes, based on reasonable investigation and individualized analysis, that the specific material so designated qualifies for protection under F.R.C.P. 26(c).

3.   <u>Challenges to Designation of Information Produced in Discovery as "Confidential Material"</u>.  A Requesting Party may challenge a designation of Confidential Material by contacting counsel for the designating party in writing and conferring in good faith.  In the event that the parties cannot resolve their dispute as to such designation of allegedly confidential material, the Producing Party may file a motion for a protective order regarding the information within 7 days after communication of the notice from the Requesting Party.  The Producing Party bears the burden of proving that materials are Confidential Material.  If the Producing Party files such a motion, the Requesting Party shall continue to protect the information until the court rules on the Producing Party's motion. If the Producing Party fails to file a motion within 7 days of notice from the Requesting Party that the Requesting Party is challenging the designation of information produced in discovery as Confidential Material, the Requesting Party shall have no further obligation to preserve the confidentiality of the information.

4. <u>Treatment of Confidential Material</u>.  All documents, material, and information designated as Confidential Material under paragraph 2 shall be treated in accordance with the provisions of this Order until such designation has been released by the Producing Party, by order of the Court, or by the operation of paragraph 3.

5. <u>Disclosure of Confidential Material</u>.  Except as set forth herein or pursuant to other valid legal process, neither the contents nor the substance of Confidential Material may be disclosed to anyone other than the parties and their employees, the law firms who represent the parties, and, subject to the conditions in paragraph 6 below, to persons identified pursuant to F.R.C.P. 26(a)(1)(A)(i), and consultants and vendors who assist the law firms in their analysis of the evidence and presentation of the case. The parties also may disclose any Confidential Material to this or any other court of competent jurisdiction, the jury, or any court reporter in this civil action.  Any filings made with the court that include Confidential Materials shall be accompanied by simultaneous notice to the clerk of the Court to request restricted or protected access to such Confidential Materials, and this order shall serve as a standing order permitting such restricted or protected status without the need for further order.

6. <u>Disclosure of Confidential Material to Witnesses, Outside Experts or Consultants</u>. Upon the good faith determination by an attorney representing a party or by a party to consult non-employee witnesses or consultants who have been retained for the purpose of this proceeding, Confidential Material may be disclosed to such persons provided, that prior to disclosure of any Confidential Material to such person, such person shall sign a Statement Regarding Confidentiality in the form attached hereto as Exhibit A, stating the signatory's full name, address, and present employer, and acknowledging his or her understanding of the terms of this Stipulated Protective Order and his or her agreement to be bound by its terms. Each such signed statement shall be retained by the attorney or party disclosing any Confidential Material pursuant to this paragraph.

7. <u>Witness Refusal</u>.  A witness's refusal to sign the form attached hereto as Exhibit A shall not prevent any party from showing and examining that witness about Confidential Materials during any deposition, hearing, or trial; however, the Disclosing Party may designate that portion of the transcript as Confidential Material.

8. <u>Use of Confidential Material</u>.  Any person who receives or is afforded access to any Confidential Material pursuant to the provisions of this Stipulated Protective Order shall neither use nor disclose said Confidential Material for any purpose other than in connection with a judicial proceeding.  Nothing contained herein shall preclude (1) any party from using its own documents, material and information in any manner it deems appropriate, or (2) use of documents, material and information that has been previously publicly disclosed or is publicly disclosed in the future, or that was authored by or already in the possession of a party.

9. <u>Retention of Privilege</u>.  Nothing herein shall in any respect constitute a waiver of any attorney-client or work product privilege of any party, nor does any provision herein affect the right of any party to contest any assertion or finding of confidentiality or privilege, and/or to appeal any adverse determination of the Court regarding said confidentiality or privilege.

{00384257.DOCX / 1}

      10.    <u>Scope of F.R.C.P. 26</u>.  Nothing contained herein is intended to broaden the scope of information that would be entitled to protection under F.R.C.P. 26(c) or to reduce the Producing Party's burden to demonstrate that particular information is entitled to such protection.

      11.    <u>Modification</u>.  Each party reserves the right to move to modify the terms of this Stipulated Protective Order for good cause.

      12.    <u>Retained Jurisdiction</u>.  The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Order.

Dated: _____, 2019.

BY THE COURT:

_____
R. Brooke Jackson
United States District Court Judge

4

STIPULATED AND AGREED TO THIS _13th_ DAY OF DECEMBER, 2019 BY THE PARTIES OR THEIR COUNSEL:

Dated: December 13, 2019

/s/ Aaron D. Goldhamer

Ross W. Pulkrabek
Aaron D. Goldhamer
KEATING WAGNER POLIDORI FREE, P.C.
1290 Broadway, Suite 600
Denver, CO 80203
Phone: (303) 534-0401
rpulkrabek@keatingwagner.com
agoldhamer@keatingwagner.com
*Attorneys for Plaintiff*

/s/ Peter C. Forbes

Peter C. Forbes
CARVER SCHAWRZ McNAB KAMPER
& FORBES, LLC
1888 Sherman Street, Suite 400
Denver, Colorado 80203
303.893.1815
pforbes@csmkf.com
*Attorneys for Defendants Elyce York and Lardyn Consulting LLC*

R. Livingston Keithley
ANTERO LAW, LLC
1700 Broadway, Suite 640
Denver, Colorado. 80290
LKeithley@anterolaw.com
720-990-5530
*Attorneys for Defendants Mark Pauling and Two Mile Ranch General Partnership*

Christopher Carr
DILL CARR STONBRAKER & HUTCHINGS, PC
455 Sherman Street, Suite 300
Denver, CO 80203
ccarr@dillanddill.com
*Attorney for Defendant Jonathan Pauling*

Tracy A. Oldemeyer
Beau B. Bump
CLINE WILLIAMS WRIGHT JOHNSON & OLDFATHER, L.L.P.
215 Mathews Street, Suite 300
Fort Collins, Colorado 80524
toldemeyer@clinewilliams.com
bbump@clinewilliams.com
*Attorneys for Farmers State Bank*

## EXHIBIT A

## STATEMENT REGARDING CONFIDENTIALITY

The undersigned has read the Stipulated Protective Order, understands its contents, and shall undertake to make no disclosures of discovery material marked "Confidential" to any person who is not permitted to have access to the information under this Order. In addition, the undersigned agrees not to use confidential discovery material for any purpose other than in connection with the lawsuit styled *Amanda Wilson v. Jonathan Pauling et al.*, Civil Action No. 19-cv-01224-RBJ, in the Federal District Court for the District of Colorado. The undersigned submits to the jurisdiction of the Court for purposes of enforcement of the Order. The undersigned understands that a violation of this undertaking may be punishable as a contempt of court.

_____
Signature

Name: _____
Address: _____

_____
Present Employer: _____

STATE OF _____    )
                              ) ss.
COUNTY OF _____      )

Subscribed and sworn to before me this ____ day of 20__.

_____
Notary Public

Witness my hand and official seal.

My commission expires: _____.