IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01224-RBJ

AMANDA WILSON, a Michigan citizen,

    Plaintiff v.

JONATHAN PAULING, an individual Colorado citizen, MARK PAULING, an individual Colorado citizen, TWO MILE RANCH a/k/a TWO MILE RANCH GENERAL PARTNERSHIP, a Colorado General Partnership, ELYCE YORK, an individual Nebraska or Colorado citizen, LARDYN CONSULTING LLC, a Nebraska Limited Liability Company, and FARMERS STATE BANK, a Nebraska Corporation.

    Defendants.

---

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

A scheduling conference was initially set for December 18, 2019, in Courtroom A-902 but, due to a court conflict, was rescheduled to February 19, 2019, at 9:00 AM. Counsel for the parties are as follows:

| | |
|---|---|
| Ross W. Pulkrabek<br>Aaron D. Goldhamer<br>KEATING WAGNER POLIDORI FREE, P.C.<br>1290 Broadway, Suite 600<br>Denver, CO 80203<br>303.534.0401<br>*Attorneys for Plaintiff Amanda Wilson* | R. Livingston Keithley<br>ANTERO LAW, LLC<br>1700 Broadway, Suite 640<br>Denver, Colorado. 80290<br>720.990.5530<br>*Attorneys for Defendants Mark Pauling and Two Mile Ranch General Partnership* |

1

Christopher Carr
DILL CARR STONBRAKER &
HUTCHINGS, PC
455 Sherman Street, Suite 300
Denver, CO 80203
303.777.3737
*Attorney for Defendant Jonathan Pauling*

Tracy A. Oldemeyer
Beau B. Bump
CLINE WILLIAMS WRIGHT JOHNSON
& OLDFATHER, L.L.P.
215 Mathews Street, Suite 300
Fort Collins, Colorado 80524
970.221.2637
*Attorneys for Defendant Farmers State Bank*

Peter C. Forbes
CARVER SCHWARZ McNAB KAMPER
& FORBES, LLC
1888 Sherman Street, Suite 400
Denver, Colorado 80203
303.893.1815
*Attorney for Defendants Elyce York and Lardyn Consulting LLC*

## 2. STATEMENT OF JURISDICTION

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because the parties are diverse and Plaintiff claims the amount in controversy exceeds $75,000.

## 3. STATEMENT OF CLAIMS AND DEFENSES

### a. Plaintiff:

This case arises out of a civil conspiracy between Defendant Jonathan "Jon" Pauling and several of his confederates to hinder, delay, and defraud Plaintiff Amanda Wilson in her efforts to collect a civil judgment against Jon Pauling exceeding six million dollars ($6,000,000). The Denver District Court entered judgment against Jon Pauling following a jury trial, in which the jury found Jon Pauling liable for his brutal sexual assault of Plaintiff Amanda Wilson and other wrongs. Thereafter, Jon Pauling, his brother Defendant Mark Pauling, his girlfriend Elyce York, and the Pauling brothers' longtime bankers at Farmers State Bank took concerted action to hinder Plaintiff's ability to collect the judgment by circumventing the charging order that the Denver

District Court entered against Jon Pauling's ranching business, Two Mile Ranch. These core facts form the basis of Plaintiff's claims related to the Colorado Uniform Fraudulent Transfer Act ("CUFTA"), C.R.S. § 38-8-101 *et seq.*

Plaintiff's first CUFTA claim is against Jon Pauling, Mark Pauling, and Two Mile Ranch. This first claim arises from Jon Pauling and Mark Pauling's fabrication of a backdated document purporting to transfer most of Jon Pauling's interest in Two Mile Ranch to Mark Pauling.

Plaintiff's second CUFTA claim is against Jon Pauling, Mark Pauling, Two Mile Ranch, Elyce York, and Lardyn Consulting LLC. This second claim arises from the transfer of Two Mile Ranch's assets to a new entity, Lardyn Consulting. Jon Pauling's girlfriend Elyce York is the nominal manager of Lardyn Consulting.

Plaintiff's third claim is against all Defendants for conspiracy to violate CUFTA. Defendants undertook concerted action to transfer assets to hinder, delay, or defraud Plaintiff in her capacity as a creditor. The Pauling brothers, Two Mile Ranch, Elyce York, Lardyn Consulting, and the Pauling brothers' longtime bankers at Farmers State Bank (who knew of Plaintiff's collection attempts) worked together to transfer Two Mile Ranch's assets to Lardyn Consulting so the Pauling brothers could continue their longtime ranching operation through Lardyn Consulting, while hiding Jon Pauling's involvement and using his girlfriend as his proxy. These elaborate steps were taken to avoid the charging order entered by the Denver District Court.

b. **Defendants Mark Pauling and Two Mile Ranch General Partnership:**

Mark Pauling and Two Mile Ranch ("TMR") deny any wrongdoing as alleged by Plaintiff, and believe that Ms. Wilson has simply asserted her claims against multiple other individuals, companies, and the bank in order to force them to become *de facto* guarantors of the judgment

3

debt against Jonathan Pauling – a judgment that none of the other defendants had any involvement in, and for which they are not liable. Mark and Jonathan Pauling operated Two Mile Ranch as a cattle ranch operation in northeast Colorado. Unfortunately the company fell upon hard times, and ultimately TMR's lender, Farmers State Bank, demanded that TMR and the Paulings take drastic action concerning their ranching operation. They obtained appraisals of the property and equipment to prepare to auction the property in order to pay the bank's multi-million dollar debt. However, Elyce York approached the Paulings and the bank with a proposal, to purchase the operation and take it over if the bank would lend her the funds to do so. An agreement was reached, and Elyce York's company, Lardyn Consulting, purchased the property and operation from TMR. Ms. Wilson now claims that she is somehow entitled to payment as a result of this transaction. Her claims ignore that there was no money to be distributed to Jonathan Pauling, that he received no money from the transaction, and that there was no purported "evasion" of a charging order issued by the Denver District Court. These are facts that Ms. Wilson and her counsel already knew prior to initiating this case (as they had deposed Jonathan Pauling, Mark Pauling, and others, and obtained documents), and thus Mr. Pauling and TMR reserve the right to seek recompense of their attorney fees and costs in this action.

    c. **Defendant Jonathan Pauling:**

Jonathan Pauling denies any wrongdoing as alleged by Plaintiff. Mark and Jonathan Pauling operated Two Mile Ranch as a cattle ranch operation in northeast Colorado. Unfortunately the company fell upon hard times, and ultimately TMR's lender, Farmers State Bank, demanded that TMR and the Paulings take drastic action concerning their ranching operation. They obtained appraisals of the property and equipment to prepare to auction the property in order to pay the

bank's multi-million dollar debt. However, Elyce York approached the Paulings and the bank with a proposal, to purchase the operation and take it over if the bank would lend her the funds to do so. An agreement was reached, and Elyce York's company, Lardyn Consulting, purchased the property and operation from TMR. Ms. Wilson now claims that she is somehow entitled to payment as a result of this transaction. Her claims ignore that there was no money to be distributed to Jonathan Pauling, that he received no money from the transaction, and that there was no purported "evasion" of a charging order issued by the Denver District Court. Neither Jonathan nor Mark Pauling received any distributions from TMR due to the sale of any of the properties. These are facts that Ms. Wilson and her counsel already knew prior to initiating this case (as they had deposed Jonathan Pauling, Mark Pauling, and others, and obtained documents), and thus Mr. Pauling and TMR reserve the right to seek recompense of their attorney fees and costs in this action.

### d. Defendant Farmers State Bank:

Plaintiff is a judgment creditor of Jonathan Pauling as of October 2015. Jonathan Pauling is one of two partners in Two Mile Ranch, a general partnership. Two Mile Ranch was a customer and borrower of Farmers State Bank since 2013, with loans evidenced by Promissory Notes. To secure the debt, Two Mile Ranch's assets (real and personal property) were encumbered by valid liens of Farmers State Bank (Deeds of Trust and Commercial Security Agreements) and with personal guarantys of the partners and other entities in which they had ownership interests.

Farmers State Bank cannot be liable for the alleged conspiracy between the partners to reallocate percentages of ownership of Two Mile Ranch at some unidentified date in 2014 or 2015 and about which Plaintiff complains for two reasons: (1) Farmers State Bank did not take any

action in furtherance of the alleged conspiracy, and (2) any CUFTA claim relating to the reallocation of ownership is a claim under section 38-8-106(2) and is time barred by the one year limitation period in section 38-8-110(1)(c).

Farmers State Bank cannot be liable for the alleged conspiracy involving Two Mile Ranch's sale of property to Lardyn Consulting LLC because that sale was not a fraudulent transfer for two independent reasons: (1) Two Mile Ranch is not a Debtor of Wilson, and (2) Two Mile Ranch property is not an asset for purposes of CUFTA.

Farmers State Bank reserves the right to assert additional defenses in its Answer, if its pending Motion to Dismiss is denied.

e. **Defendants Elyce York and Lardyn Consulting LLC:**

Ms. York denies that she or Lardyn Consulting, LLC ("Lardyn") participated in any improper transfer of assets to hinder, delay or default Ms. Wilson. Ms. York and Lardyn contend that they are engaged in the bona fide operation of a feedlot, that the property used to conduct that operation is encumbered by bona fide third-party loans, and that neither of them has participated in any effort to hinder, delay or defraud any creditor of Two Mile Ranch, including without limitation Ms. Wilson to the extent she is even a creditor of Two Mile Ranch. Ms. York and Lardyn further contend that the properties transferred at the time of the transaction with Two Mile Ranch did not constitute "assets" within the meaning of the Colorado Uniform Fraudulent Transfer Act. Ms. York and Lardyn also reserve the right to recover the attorney's fees and costs incurred in defending against plaintiff's claims.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. In Denver District Court Case No. 2013CV35298 (the "State Case"), Amanda Wilson obtained a jury verdict in her favor against Jonathan Pauling and, on October 23, 2015, judgment was entered on the jury verdict in the amount of $3,918,166.00, representing economic damages in the amount of $732,136.00, non-economic damages in the amount of $936,030.00, and punitive damages in the amount of $2,250,000.00. The trial court awarded Plaintiff costs and prejudgment interest. However, the court did not reduce the prejudgment interest to a sum certain.

2. On July 25, 2018, an additional award of $40,292.98 for costs in the State Case was entered in Plaintiff's favor against Jonathan Pauling.

3. On December 19, 2018, the State Case judgment was amended to include certain prejudgment interest, which added $430,971.24 to the judgment.

4. On December 19, 2018, the State Case judgment was further increased when the Denver District Court granted Plaintiff's motion and increased the jury's punitive damage award by an additional $1,948,274.48 and entered judgment.

5. Plaintiff obtained a charging order on Jonathan Pauling's partnership interest in Two Mile Ranch General Partnership in the State Case on November 19, 2015.

6. The judgment in the State Case remains unpaid in any amount.

## 5. COMPUTATION OF DAMAGES

The Colorado Uniform Fraudulent Transfer Act provides for entry of a money judgment against Defendants up to "one and one-half the value of the asset transferred or for one and-one-half the amount necessary to satisfy the creditor's claim . . . ." C.R.S. § 38-8-108(1)(c). Defendants

7

have possession, custody, and control of evidence relevant to the value of the assets transferred by Two Mile Ranch to Lardyn Consulting. Accordingly, Plaintiff's following computation of damages is provisional and subject to change based on discovery.

Plaintiff has a preexisting civil judgment against Defendant Jon Pauling in the amount of $6,337,704.70, plus post-judgment interest. Evidence obtained by Plaintiff to date reflects that Farmers State Bank loaned Lardyn Consulting $3,375,000 against the assets transferred to Lardyn Consulting by Two Mile Ranch. Plaintiff believes it unlikely that Farmers State Bank loaned Lardyn Consulting 100% of the value of the assets. The purported sale price of the assets, aside from assumption of debt, was $4,270,000. Based on these figures, Plaintiff believes her damages to be not less than $6,405,000 (1.5 times $4,270,000). Plaintiff's damages may be $9,506,557.05, which is calculates as 1.5 times the underlying judgment against Jonathan Pauling in the State Case but excludes the impact of post-judgment interest on the judgment of $6,337,704.70.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting:

December 2, 2019, by telephone.

b. Names of each participant and party he/she represented:

 i. Ross W. Pulkrabek and Aaron D. Goldhamer – for Plaintiff Amanda Wilson

 ii. R. Livingston Keithley – for Defendants Mark Pauling and Two Mile Ranch General Partnership

 iii. Tracy A. Oldemeyer – for Defendant Farmers State Bank

 iv. Peter C. Forbes – for Defendants Elyce York and Lardyn Consulting LLC

 v. Christopher Carr – for Defendant Jonathan Pauling

8

c. **Statement as to when Rule 26(a)(1) disclosures were made or will be made:**

All parties made Rule 26(a)(1) disclosures on or around December 10, 2019.

d. **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):**

None.

e. **Statement concerning any agreements to conduct informal discovery:**

None.

f. **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:**

The parties have conferred about the efficient production of banking records. The parties stipulate that neither customer consent nor a Court order is required pursuant to 12 U.S.C. § 3413(h) prior to production of banking records by Defendant Farmers State Bank relative to accounts maintained by other Defendants.

The parties do not anticipate that their claims or defenses are so complex that any other formal agreement needs be reached in order to reduce discovery or litigation costs. Should the documents or discovery become cumbersome, the parties will discuss how to efficiently reduce discovery and other litigation costs. Documents produced by any party shall be Bates labeled. The parties agree to use a unified exhibit numbering system.

g. **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties do not anticipate that claims or defenses will involve extensive discovery of electronically stored information. Therefore, the parties do not presently have any agreement for asserting

claims of privilege or of protection as trial preparation materials after production of computer-generated records. However, to the extent extensive electronically stored disclosures are requested, the parties agree to seek a balance in regard to the burden of that disclosure as provided for under the Fed. R. Civ. P. 26.

Plaintiff seeks an electronic copy of Defendant Lardyn's Quickbooks accounting files, as noted in § 11, below.

      h.     **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:**

During the Rule 26(f) meeting, the parties discussed the possibility for promptly settling or resolving this case.

**Plaintiff's Statement:**

Plaintiff is amenable to scheduling a mediation or otherwise engaging in settlement discussions.

**Defendants' Statement:**

Defendants believe that, because Plaintiff's damages in this case are governed according to the amount she claims she would have received but-for the transfers at issue in this case, her demand for settlement negotiations based upon the underlying judgment amount against Jonathan Pauling is irrelevant. Defendants have asked Plaintiff to provide a number based upon the value of the property transferred, and Plaintiff indicated that she needs to review initial disclosures before she can provide such a number. Ms. York, Lardyn, Mark Pauling, and Two Mile Ranch are amenable to scheduling a mediation or discussing settlement, but believe that doing so before any discovery is taken is premature.

### 7. CONSENT

All parties have <u>not</u> consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:**

The parties agree to the presumptive numbers of depositions and interrogatories.

b. **Limitations which any party proposes on the length of depositions:**

The parties agree that depositions shall be limited to seven hours.

c. **Limitations which any party proposes on the number of requests for production and/or requests for admission:**

Each party may serve on any other party up to twenty-five (25) requests for production, and each party may serve on any other party up to twenty-five (25) requests for admission.

d. **Other Planning or Discovery Orders:**

Because of the pendency of their motions to dismiss [##23, 35], Defendants Elyce York, Lardyn Consulting LLC, and Farmers State Bank, have answered neither the original Complaint nor the Amended Complaint. As such, these Defendants have not pled affirmative defenses, if any. Plaintiff requests direction from the Court whether it is postponing disposition of those motions, such that Defendants are required to answer and plead affirmative defenses in accordance with Fed. R. Civ. P. 12(a)(4)(A).

## 9. CASE PLAN AND SCHEDULE

a. **Deadline for Joinder of Parties and Amendment of Pleadings:**

April 3, 2020.

b. **Discovery Cut-off:**

September 3, 2020 (non-expert).
October 30, 2020 (expert).

c. **Dispositive Motion Deadline:**

November 11, 2020.

d. **Expert Witness Disclosure:**

1. The parties shall identify anticipated fields of expert testimony, if any.

   **Plaintiff:** Plaintiff anticipates disclosing experts in the areas of business and property valuation, ranching operations, and banking procedures.

   **Defendants:** Defendant Mark Pauling and TMR anticipate disclosing experts in business and property valuation, ranching operations, and banking procedures. Defendants Elyce York and Lardyn Consulting, LLC anticipate disclosing experts in the areas of property valuation and feedlot operations. Defendant Farmers State Bank anticipates disclosing experts in real and personal property valuation, secured transactions, and bank lending procedures.

2. Limitations which the parties propose on the use or number of expert witnesses.

   A maximum of three (3) expert witnesses per party.

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before

   a. Plaintiff:     By July 6, 2020.
   b. Defendants:  By August 6, 2020.

4. Plaintiff shall designate any rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before September 3, 2020.

e. **Identification of Persons to Be Deposed:**

**Plaintiff anticipates depositing the following persons for the following estimated times:**

Jonathan Pauling – Seven (7) hours

Mark Pauling – Seven (7) hours

Rule 30(b)(6) Representative of Two Mile Ranch, a General Partnership – Four (4) hours

Elyce York – Seven (7) hours

Rule 30(b)(6) Representative of Lardyn Consulting LLC – Four (4) hours

Rule 30(b)(6) Representative of Farmers State Bank – Seven (7) hours

Rule 30(b)(6) Representative of Redtail Resources LLC – Four (4) hours

Brian Bates – Four (4) hours

Rule 30(b)(6) Representative of Pauling Hauling, LLC – Three (3) hours

Kenneth Skipworth – Four (4) hours

**Defendants:**

Amanda Wilson – four (4) hours

Defendants Mark Pauling and TMR object to Plaintiff's intent to conduct depositions of them individually for seven hours each, and then to conduct an additional Rule 30(b)(6) deposition of Two Mile Ranch. The only two partners of Two Mile Ranch are Mark and Jonathan, and it is excessive to have an additional 30(b)(6) deposition.

Defendant Jonathan Pauling would join in the above stated objection of Defendants Mark Pauling and TMR.

f. **Deadline for Interrogatories:**

Served thirty (30) days prior to discovery cut-off.

g. **Deadline for Requests for Production of Documents and/or Admissions:**

Served thirty (30) days prior to discovery cut-off.

### 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

_____.

b. A final pretrial conference will be held in this case on _____ at o'clock ____ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

**Plaintiff's Statement Concerning Discovery Issues:**

Counsel for Plaintiff and Defendant Lardyn Consulting, LLC ("Lardyn"), have conferred concerning Lardyn's provision in initial disclosures of Lardyn's electronic copy of its Quickbooks accounting files. Lardyn's counsel stated that the electronic Quickbooks files would be produced on December 11, 2019. However, Lardyn did not do so, and Plaintiff inquired multiple times as to when they would be provided. On February 10, 2020, Lardyn indicated that it would not send an electronic copy. Because electronic copies of Quickbooks contain information that is not present in mere printouts, and because a forensic accountant will require the electronic file, Plaintiff requests that the Court order Lardyn's prompt provision of its electronic Quickbooks records.

[Handwritten annotation: "Court orders production of electronic files current + ongoing"]

**Defendants' Lardyn and Elyce York's Response to Discovery Issues:**

Ms. York and Lardyn disagree that any of the post-transaction financial statements or internal Lardyn documents are relevant, have nonetheless agreed to produce and/or produced copies of the Lardyn check ledgers and checks, P&L's and other supporting documents, but object to producing the electronic records on the ground, upon further consideration, they have concluded that their production is not proportional to the needs of the case, considering the relative importance of discovery concerning the Lardyn post-transfer financial records in resolving the issues raised by Ms. Wilson's CUFTA claims.

[Handwritten annotation: "overruled"; "No R. Suggestion"]

**Defendants' Additional Statement:**

Defendants jointly propose that the Court consider bifurcating discovery and trial in this

14

action, in order to require the parties to first conduct discovery and resolution of the amount of damages, if any, suffered by Plaintiff. It is Defendants' contention that Plaintiff has suffered no damage by virtue of the transfer of the property because Two Mile Ranch was not profitable, the bank was prepared to foreclose upon the property that was transferred to Lardyn Consulting, and the transferred property did not involve the transfer of "assets" within the meaning of the Colorado Uniform Fraudulent Transfers Act because the amount of the encumbrances thereon exceeded the underlying value of the property transferred, and Two Mile Ranch was not a debtor of Plaintiff for purposes of CUFTA. If and only if Plaintiff is able to establish damages, the case would then move to a second phase to determine liability, if any. Plaintiff indicates that she opposes bifurcation of the case.

### Plaintiff's Response to Defendants' Bifurcation Proposal:

Plaintiff objects to the bifurcation procedure proposed by Defendants because of the interrelated nature of liability, damages, and remedies under CUFTA. For example, the damages available under CR.S. § 38-8-108(c) are dependent upon the degree of Defendants' intent—specifically, whether each Defendant acted with the intent to hinder, delay, or defraud Plaintiff by undertaking the transfers at issue. Similarly, the amount of damages that may be entered against any particular Defendant may be subject to the extent that that Defendant's acquired transferred assets in good faith and for reasonably equivalent value. *See* C.R.S. § 38-8-109. The same type of analysis holds for whether CUFTA permits the avoidance of any particular transfer of or lien on an asset. *See* § 38-8-108 & -109. Under CUFTA, the issues of whether a Defendant acted with intent to hinder, delay, or defraud Plaintiff, or conversely acted in good faith, simultaneously go to liability and damages, such that bifurcation would be both wasteful and analytically impossible.

15

Furthermore, as a general matter applicable to any type of case, it simply makes no sense to have a trial on damages first while leaving liability for future determination.

    **b.    Anticipated length of trial and whether trial is to the court or jury.**

The parties anticipate a seven (7) day trial to the Court.

    **c.    Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/LaPlata County Courthouse, Suite 150, 1060 E. 2nd Avenue, Durango, Colorado 81301.**

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause and by written motion, approved by the Court.

DATED at Denver, Colorado, this __19__ day of __Feb.__, 2020.

BY THE COURT:

_____
United States District Court Judge

APPROVED:

/s/ Ross W. Pulkrabek
Ross W. Pulkrabek
Aaron D. Goldhamer
KEATING WAGNER POLIDORI FREE, P.C.
1290 Broadway, Suite 600
Denver, CO 80203
303.534.0401
rpulkrabek@keatingwagner.com
agoldhamer@keatingwagner.com
Attorneys for Plaintiff Amanda Wilson

/s/ R. Livingston Keithley
R. Livingston Keithley
ANTERO LAW, LLC
1700 Broadway, Suite 640
Denver, Colorado. 80290
LKeithley@anterolaw.com
720.990.5530
Attorneys for Defendants Mark Pauling and Two Mile Ranch General Partnership

/s/ Christopher Carr
Christopher Carr
DILL CARR STONBRAKER & HUTCHINGS, PC
455 Sherman Street, Suite 300
Denver, CO 80203
303.777.3737
ccarr@dillanddill.com
Attorney for Defendant Jonathan Pauling

/s/ Tracy A. Oldemeyer
Tracy A. Oldemeyer
Beau B. Bump
CLINE WILLIAMS WRIGHT JOHNSON & OLDFATHER, L.L.P.
215 Mathews Street, Suite 300
Fort Collins, Colorado 80524
toldemeyer@clinewilliams.com
bbump@clinewilliams.com
Attorneys for Farmers State Bank

/s/ Peter C. Forbes
Peter C. Forbes
CARVER SCHWARZ McNAB KAMPER & FORBES, LLC
1888 Sherman Street, Suite 400
Denver, Colorado 80203
303.893.1815
pforbes@csmkf.com
Attorney for Defendants Elyce York and Lardyn Consulting LLC