**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-01224-RBJ-STV

**AMANDA WILSON**, a Michigan citizen,

Plaintiff,

v.

**JONATHAN PAULING**, an individual Colorado citizen, **MARK PAULING**, an individual Colorado citizen, **TWO MILE RANCH a/k/a TWO MILE RANCH GENERAL PARTNERSHIP**, a Colorado General Partnership, **ELYCE YORK**, an individual Nebraska or Colorado citizen, **LARDYN CONSULTING LLC**, a Nebraska Limited Liability Company, and **FARMERS STATE BANK**, a Nebraska Corporation.

Defendants.

_____

### PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
_____

Plaintiff Amanda Wilson, by and through undersigned counsel, for her Motion for Leave to file Second Amended Complaint ("Motion"), states as follows:

### Certificate of Conferral

Plaintiff has conferred with counsel for Defendants concerning the relief sought by this Motion, and is informed as follows: counsel for Lardyn Consulting LLC and Elyce York advise that they do not oppose the addition of Redtail Resources, LLC, as a party in the proposed Second Amended Complaint (though reserve their defenses to the substantive claim), and take no position with respect to the additional fraudulent transfer claim; counsel for Defendants Mark Pauling and Two Mile Ranch and advises that they oppose the Motion; counsel for Farmers State Bank advises that Farmers State Bank opposes the Motion; counsel for Defendant Jonathan Pauling was unable to reach Jonathan Pauling to discern his position.

1

1.      "The court should freely give leave [to amend a pleading] when justice so requires."  F.R.C.P. 15(a)(2).  "A general presumption exists in favor of allowing a party to amend its pleadings[.]"  *Collins v. Diversified Consultants Inc.*, Civil Action No. 15-cv-02115-RBJ-NYW, 2016 U.S. Dist. LEXIS 4219, at *3 (D. Colo. Jan. 12, 2016) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "[T]he non-moving party bears the burden of showing that the proposed amendment is sought in bad faith, that it is futile, or that it would cause substantial prejudice, undue delay or injustice."  *Id.* (citing *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc*, 175 F.3d 848, 859 (10th Cir. 1999)).

2.      After filing her initial Complaint [Dkt. # 1] on April 25, 2019, Plaintiff filed an Amended Complaint June 17, 2019 [Dkt. # 15-1].  The Amended Complaint added allegations concerning the citizenship of relevant limited liability company and/or partnership members, managers, and partners to demonstrate that diversity jurisdiction exists in this matter.

3.      Through discovery obtained in this case to date, Plaintiff has obtained information that warrants the amendment of the present Amended Complaint as set forth in the attached proposed Second Amended Complaint attached hereto as **Exhibit 1**.

4.      Redtail Resources, LLC, is an entity in which Defendant Elyce York holds a ninety-five percent (95%) membership interest.  Redtail Resources, LLC, was mentioned in the original and First Amended Complaint in this matter.  Although Plaintiff not yet adduced facts to assert a claim against Redtail at the time of those filings, Redtail has been on notice of potential claims against it.

5.      The proposed Second Amended Complaint adds Redtail Resources, LLC, as a party because of the valuable transfers of mineral interests it received of Two Mile Ranch's mineral interests by way of Lardyn Consulting. Specifically, discovery has revealed that Two

Mile Ranch first transferred mineral interests that Defendants valued in excess of $3,400,000 to Lardyn Consulting; however, Lardyn Consulting paid only $1,945,000 for those mineral interests. Defendants appreciated that the transfer of assets from Two Mile Ranch to Lardyn Consulting, including these mineral interests, effectuated a substantial movement of "equity" from Two Mile Ranch to Lardyn Consulting. Subsequently, Lardyn Consulting transferred the mineral interests to Redtail Resources, once again for a price substantially lower than the assets were worth. Plaintiff alleges that these transfers violated the Colorado Uniform Fraudulent Transfer Act.

6.     The proposed Second Amended Complaint also adds an additional claim for fraudulent transfer against existing Defendants Two Mile Ranch, Jon Pauling, Mark Pauling, and Farmers State Bank for a transfer that occurred during the course of this litigation. Specifically, on December 30, 2019—while this case was pending—Defendants Jon Pauling, Mark Pauling, Two Mile Ranch, and Farmers State Bank transferred title to valuable residential real property located in Jefferson County to Farmers State Bank. Although these Defendants characterized the transfer as a "deed in lieu of foreclosure" on a deed of trust on that real property, in fact Farmers State Bank had no valid deed of trust on the property. Plaintiff alleges that her judgment lien recorded in October 2015 attached to the property and was the only valid lien against the property. Plaintiff further alleges that Defendants conspired to create the false impression that Farmers State Bank had a valid deed of trust on the property and did so with actual intent to hinder, delay, and defraud Plaintiff in her collection of her judgment.

7.     Pursuant to D.C.COLO.LCivR 15.1, a redlined version of the proposed Second Amended Complaint as compared to the Amended Complaint is attached hereto as **Exhibit 2**.

8.      In this case, the interests of justice require that the Court grant this Motion and permit Plaintiff's filing of her proposed Second Amended Complaint to add allegations that derive from recently-produced information from Defendants.    Granting the Motion is furthermore appropriate in light of certain Defendants' lack of opposition to the added party and claims as well as the occurrence of additional transfers during this litigation.

9.      The present deadline to amend or join parties is April 27, 2020.  [Dkt. # 55].  As such, Plaintiff is filing the Motion consistent with that deadline.  However, the parties continue to confer concerning Defendants' production of previously-requested information that Defendants continue to withhold.  Once those issues are resolved, Plaintiff may seek further amendment if so warranted.

WHEREFORE, Plaintiff respectfully requests that the Court grant this Motion and permit the amendment of Plaintiff's pleadings as set forth in Exhibit 1 hereto, the proposed Second Amended Complaint.

Dated: April 27, 2020                    Respectfully submitted,

                                         /s/ *Aaron D. Goldhamer*
                                         Ross W. Pulkrabek
                                         Aaron D. Goldhamer
                                         Keating Wagner Polidori Free, PC
                                         1290 Broadway, Suite 600
                                         Denver, Colorado 80203
                                         303.534.0401
                                         rpulkrabek@keatingwagner.com
                                         agoldhamer@keatingwagner.com

**CERTIFICATE OF
SERVICE**

      I hereby certify that on March 27, 2020, the undersigned caused a true and correct copy of the above and foregoing to be served upon the following via CM/ECF:

Christopher Wenzel Carr
Dill Dill Carr Stonbraker & Hutchings, P.C.
455 Sherman Street
Suite 300
Denver, CO 80203

Beau Bryan Bump Tracy A. Oldemeyer
Cline Williams Wright Johnson & Oldfather
215 Mathews Street Suite 300
Fort Collins, CO 80524
bbump@clinewilliams.com
toldemeyer@clinewilliams.com

R. Livingston Keithley
Antero Law, LLC
1700 Broadway, Suite 640
Denver, Colorado 80290
lkeithley@anterolaw.com

Peter C. Forbes
CARVER SCHWARZ McNAB KAMPER
& FORBES, LLC
1888 Sherman Street — Suite 400
Denver, Colorado 80203
pforbes@csmkf.com

                                         */s/ Tammy Harris*
                                         Tammy Harris