IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-01224-RBJ-STV

AMANDA WILSON, a Michigan citizen,

Plaintiff,

v.

JONATHAN PAULING, an individual Colorado citizen, et al.

Defendants.

**FARMERS STATE BANK'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Defendant Farmers State Bank submits the following Response in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 56).

**ARGUMENT**

Farmers State Bank's opposition is limited to the proposed Fourth Claim for Relief. Therein, Plaintiff wants to add a claim that Farmers State Bank violated CUFTA when it took title to real property (referred to herein as "Turkey Creek") from Two Mile Ranch, a general partnership, in December 2019 by way of a Deed in Lieu of Foreclosure. Farmers State Bank's arguments in opposition to the proposed Fourth Claim for Relief are twofold.

1. The proposed amendment should be denied as futile because Plaintiff

1

fails to state a claim based on the clear and unambiguous language in the May 18, 2015 Deed of Trust recorded by Farmers State Bank against Turkey Creek in Jefferson County, Colorado on May 19, 2015.

2. The proposed amendment should be denied as untimely.

In addition, Farmers State Bank's opposes the portion of Plaintiff's proposed pleading entitled "Summary of Second Amended Complaint." That proposed section is argument and improper under Fed. R. Civ. P. 8. It should not be permitted to be included in any pleading under Fed. R. Civ. P. 12(f) ("The court may strike from a pleading . . . any redundant, immaterial, impertinent or scandalous matter.

**1.    The proposed amendment should be denied as futile because Plaintiff fails to state a claim based on the clear and unambiguous language in the May 18, 2015 Deed of Trust recorded by Farmers State Bank against Turkey Creek in Jefferson County, Colorado on May 19, 2015.**

Although a trial court has discretion under Fed. R. Civ. P. 15(a)(2) to grant leave to amend, a trial court may deny leave upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir.1993) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)). With respect to a showing of futility of amendment, the Tenth Circuit explained in *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013):

> "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val–Mejias,* 379 F.3d 892, 901 (10th Cir. 2004). As is the case here, where leave was denied "based on a determination that amendment would be futile, our review for abuse of discretion includes de novo review of the legal basis for the finding of futility." *Cohen v. Longshore,* 621 F.3d 1311, 1314 (10th Cir. 2010).

The Tenth Circuit went on to conclude in *Full Life Hospice, LLC* that granting the amendment would have been futile because the amended complaint would have been subject to dismissal as time-barred.

Using the same standard when reviewing a trial court's denial of a motion for leave to amend a complaint to add a claim for abuse of process, the Tenth Circuit in affirmed the denial.  In *Hertz v. Luzenac Group*, 576 F.3d 1103 (10th Cir. 2009), after reviewing the essential elements of an abuse of process claim, the court reasoned:

> Mr. Hertz's claim of abuse stems from Luzenac filing counterclaims against him for misappropriation of trade secrets. Any ulterior motives Luzenac might have had are insufficient to support an inference of improper use. Viewed under the standards discussed above, we agree with the district court that Mr. Hertz has failed to allege an improper purpose. Luzenac is entitled to protect its trade secrets. Its counterclaims are an appropriate means of accomplishing that goal. We do not find any evidence that Luzenac has misused the legal process or done anything other than endeavor to protect its perceived legitimate competitive interests. Mr. Hertz has not identified any "collateral advantage" to be gained by Luzenac. Accordingly, the district court did not abuse its discretion in denying Mr. Hertz's motion to amend his complaint to include a claim for abuse of process.

573 F.3d at 1118.

Here, similarly, Plaintiff can prove no set of facts in support of the purported Fourth Claim for Relief that would entitle Plaintiff to relief. The May 18, 2015 Deed of Trust at issue is a part of the 72 page Proof of Claim that Farmers State Bank filed in February 2017 in Two Mile Ranch's bankruptcy. The entire Proof of Claim was included as Exhibits C and D to Lardyn and York's Motion to Dismiss (Doc. 35-2 (pages 1-22); Doc. 35-3 (pages 1-30); and Doc. 35-4 (pages 1-26)). In its Order denying motions to dismiss, the Court concluded that the Court could take judicial notice of the contents of those public documents. (Doc. 57 at 14-15). Here, the content of the May 18, 2015 Deed of Trust recorded in Jefferson County against Turkey Creek on May 19, 2015 states expressly:

> 4. **SECURED DEBT AND FUTURE ADVANCES.** The term "Secured Debt" is defined as follows:
>     A. Debt incurred under the terms of all promissory note(s), contract(s), guaranty(ies) or other evidence of debt described below and all their extensions, renewals, modifications or substitutions. *(When referencing the debts below it is suggested that you include items such as borrowers' names, note amounts, interest rates, maturity dates, etc.)* PROMISSORY NOTE #2280 DATED 05-15-2015 WITH A MATURITY DATE OF 05-18-2016 AND EXECUTED BY TWO MILE RANCH, A COLORADO GENERAL PARTNERSHIP, PAYABLE IN ONE PAYMENT TO THE ORDER OF FARMERS STATE BANK WHICH EVIDENCES A LOAN TO BORROWER IN THE AMOUNT OF $1,800,000.00 PLUS INTEREST, AND ALL EXTENSIONS, RENEWALS, MODIFICATION OR SUBSTITUTIONS THEREOF.
>
>     B. All future advances from Lender to Grantor or other future obligations of Grantor to Lender under any promissory note, contract, guaranty, or other evidence of debt existing now or executed after this Security Instrument whether or not this Security Instrument is specifically referenced and whether or not such future advances or future obligations are incurred for any purpose that is related or unrelated to the purpose of the Security Instrument. If more than one person signs this Security Instrument, each Grantor agrees that this Security Instrument will secure all future advances and future obligations that are given to or incurred by any one or more Grantor, or any one or more Grantor and others. All future advances and other future obligations are secured by this Security Instrument even though all or part may not yet be advanced. All future advances and other future obligations are secured as if made on the date of this Security Instrument. Nothing in this Security Instrument shall constitute a commitment to make additional or future loans or advances in any amount. Any such commitment must be agreed to in a separate writing.
>     C. All obligations Grantor owes to Lender, which now exist or may later arise, to the extent not prohibited by law, including, but not limited to, liabilities for overdrafts relating to any deposit account agreement between Grantor and Lender.
>     D. All additional sums advanced and expenses incurred by Lender for insuring, preserving or otherwise protecting the Property and its value and any other sums advanced and expenses incurred by Lender under the terms of this Security Instrument.
> This Security Instrument will not secure any other debt if Lender fails to give any required notice of the right of rescission.

(Doc. 35-3 at 29). By its clear and unambiguous terms, the Deed of Trust secured the debt and all future advances or future obligations under <u>any</u>

4

promissory note, contract, guaranty, or other evidence of debt <u>existing now or executed after</u> this Security Instrument. Although not required, other notes between Farmers State Bank and Two Mile Ranch partnership expressly referred to the May 18, 2015 Deed of Trust in the bottom left corner of the first page of the note, such as on the Note for Loan Number 2351 in the amount of $1,000,000.00 to be advanced on May 18, 2015 as follows:

> [X] **SECURITY:** This note is separately secured by (describe separate document by type and date):
> **DOT DATED 5-18-2015;** (2) DOT DATED 01-11-2013; DOT DATED 5-15-2015; DOT DATED 1-18-2012; (8) SECURITY AGREEMENT DATED 1-11-13; (2) SECURITY AGREEMENTS DATED 1-18-12
> (This section is for your internal use. Failure to list a separate security document does not mean the agreement will not secure this note.)

(Doc. 35-2 at 7). This entry is replicated on the bottom left corner of the first page of the Note for Loan Number 2352 in the amount of $7,600,000.00 to be advanced on May 18, 2015 (Doc. 35-2 at 14).

Plaintiff's allegations regarding Note 2288 being paid off on March 18, 2015, do not change the fact that, from the date of the May 18, 2015 Deed of Trust and after, Farmers State Bank had a perfected security interest in Turkey Creek to secure existing debt and future advances and future obligations. Plaintiff's proposed allegations in paragraphs 39, 40, and 41 (Doc. 56-2 at 13), paragraphs 174, 175, 176, and 177 (Doc. 56-2 at 35-36), and paragraph 223 (Doc. 56-2 at 46) ignore the clear and unambiguous content of Section 4 of the May 18, 2015 Deed of Trust. In December 2019, Farmers State Bank was

5

entitled to exercise its rights against Turkey Creek, real property pledged as security for Two Mile Ranch debts, and the Deed in Lieu of Foreclosure was an appropriate means of accomplishing that end.  Farmers State Bank has not done anything other than to exercise its legitimate rights and protect its legitimate interests when a borrower defaults on its debts.

In addition, through the proposed allegations, specifically paragraphs 178, 220, and 221, Plaintiff alleges that a transcript of judgment she recorded in Jefferson County in October 2015 could operate as a judgment lien against real estate owned by Two Mile Ranch, not Jon Pauling.  Plaintiff's proposed allegations are in conflict with the law of the case as set forth in the Court's Order denying the Motions to Dismiss.  Specifically, the Court has determined:

> Farmers, Lardyn, and Ms. York emphasize that Two Mile Ranch is a partnership, and general partners do not hold personal interests in partnership property. **They correctly note that a judgment against an individual partner does not establish a lien against real property owned by the partnership.** *See Mountain States Bank v. Irvin*, 809 P.2d 1113, 1115 (Colo. App. 1991). But Ms. Wilson does not seek to establish a lien against Two Mile Ranch's property. She sought—through the charging order—a lien against Jon Pauling's interest in Two Mile Ranch.

(Doc. 57 at 11) (emphasis added).

Because Plaintiff has not alleged and can prove no set of facts in support of the purported Fourth Claim for Relief that would entitle Plaintiff to relief, the Motion to Amend as to that proposed claim should be denied as futile.

**2.     The proposed amendment should be denied as untimely**.

As an alternative basis to deny Plaintiff's Motion for Leave, Plaintiff's motion should be denied as untimely. In the Tenth Circuit, untimeliness alone is a sufficient reason to deny leave to amend. In *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir.1991), the Tenth Circuit affirmed the denial when the motion for leave to amend was filed nearly 17 months after the filing of the original complaint and there was no justification in the delay for adding the new claim, such as new evidence that had been unavailable at the time of the original filing. "Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." 934 F.2d at 1462 citing *Las Vegas Ice and Cold Storage Co. v. Far West Bank*, 893 F.2d at 1185 (quoting *State Distributors, Inc. v. Glenmore Distilleries, Co.*, 738 F.2d at 416).

Plaintiff's request is untimely for two reasons. First, when Plaintiff requested of defense counsel an extension of the April 3, 2020 deadline for Plaintiff to file a motion for leave to amend the pleadings or to join parties to April 27, 2020, Plaintiff did not state or imply that the motion might include additional claims against Farmers State Bank. Rather, Plaintiff simply stated:

> Counsel,
>
> I'm writing to confer in the Amanda Wilson matter. We would like a three week extension of the deadline to amend/add parties, to April 27, given the COVID-19 crisis and Cherry Creek Cattle's continued failure to provide documents in response to the subpoena, despite representing that they would and our follow up.
>
> Please advise as to your clients' respective positions.

*See* Exhibit 1 hereto (April 1-2, 2020 exchange). As accurately reflected in the Plaintiff's Unopposed Motion for Extension (Doc. 54), Farmers State Bank did not oppose the extension. However, Farmers State Bank's lack of opposition was premised on Plaintiff's representation (quoted above) as to the substance of Plaintiff's upcoming pleading. On April 3, when asking for an extension, Plaintiff created the impression that the content of the proposed amendment would have no impact on Plaintiff's current claims against Farmers State Bank. On April 3, 2020, from the documents Farmers State Bank had produced back in April 2016 in response to Wilson's Subpoena Duces Tecum, Plaintiff already knew of Note # 2288 (including that it was paid off in five days) as well as the corresponding Deed of Trust and its contents, and subsequent notes. *See* Exhibit 2 hereto (April 27, 2020 exchange).[1] In addition, on April 3, Plaintiff already knew of Farmers' State Bank's Proof of Claim in Two Mile Ranch's bankruptcy, which was an exhibit to a pending motion to dismiss. Further, in December 2019, Plaintiff had been given advance notice of the Deed in Lieu.

---

[1] Though characterized as a conferral, Farmers State Bank does not believe the April 27, 2020, email sent after 10:30 a.m. on the deadline complies with Plaintiff's duty to confer under D.C.Colo.LCivR 7.1 of Judge Jacksons Practice Standards, which is also a basis to deny the Motion for Leave to Amend.

*See* Exhibit 3 hereto (December 2019 exchange). Through April 27, 2020, did not question the existence and validity of Farmers State Bank's May 18, 2015 Deed of Trust against Turkey Creek. Had Plaintiff indicated in her conferral prior to April 3 that she wanted to assert a claim against Farmers State Bank based on the Deed in Lieu, then Farmers State Bank would not have stated it was unopposed to the extension. In addition, Farmers State Bank further would have tried to meaningfully confer with Plaintiff about the futility of such a claim, as argued in the preceding section of this opposition. Plaintiff might have been held to the April 3 deadline in the Scheduling Order. Instead, as a result of Plaintiff's omission in her previous conferral, Plaintiff is in essence seeking an amendment three weeks after the deadline in the Scheduling Order expired without explaining why Plaintiff could not and did not meet the April 3 deadline.

Second, there is no justification in the delay for adding the new claim. All of the evidence was available at the time of Plaintiff's filing of her Complaint in late April 2019 (Doc. 1) and her proposed Amended Complaint in June 2019 (Doc. 15). Plaintiff might argue that, when she filed her Complaint and Amended Complaint, she could not predict that Farmers State Bank would exercise its rights of foreclosure on Turkey Creek under the Deed of Trust. However, Plaintiff did know from all of the recorded documents that Farmers State Bank claimed it had such rights under the May 18, 2015 Deed of Trust. It is well established that "in regard to transactions that are matters of public

9

record, full possession of the means of detecting fraud is equivalent to knowledge." *Parsons v. Shackleford*, 188 P.2d 587, 587 (Colo. 1948). In *Kesicki v. Mitchell*, 2008 WL 2958598, No. 06CV11247 (Colo. Dist. Ct., Apr. 24, 2008), the trial court applied the rule in Parsons and concluded that nearly all of the information required for Plaintiff to discover the specifics of the transactions relating to the subject property were matters of public record, and because those records were available to Plaintiff, the fact that he chose not to review those records until 2005 does not mean that his cause of action did not accrue until he made such inquiry.

By virtue of information available in the public records, Plaintiff is charged with knowledge of the May 18, 2015 Deed of Trust and the absence of any release of that Deed of Trust. At the time of her Complaint and Amended Complaint, she could have included a declaratory judgment claim challenging the continuing validity of the May 18, 2015 Deed of Trust.

Plaintiff should also be charged with knowledge of Farmers' State Bank's continued reliance on the May 18, 2015 Deed of Trust as security for the debts owed by Two Mile Ranch, such as through the bank's April 2016 response to Plaintiff's Subpoena Duces Tecum and the bank's February 2017 Proof of Claim, which included the May 18, 2015 Deed of Trust as a basis for its secured claim.

## CONCLUSION

For each of the foregoing reasons, Farmers State Bank respectfully

requests that the Court deny Plaintiff's Motion for Leave to Amend as it relates to (a) the proposed Fourth Claim for Relief, and (b) the portion of Plaintiff's proposed pleading entitled "Summary of Second Amended Complaint."

Respectfully submitted this 18th day of May 2020.

>  FARMERS STATE BANK,
>  Defendant
>
>  By:   /s/ *Tracy A. Oldemeyer*
>  Tracy A. Oldemeyer, #28246
>  CLINE WILLIAMS
>     WRIGHT JOHNSON & OLDFATHER, L.L.P.
>  215 Mathews Street, Suite 300
>  Fort Collins, Colorado 80524
>  Telephone: (970) 221-2637
>  Fax: (970) 221-2638
>  toldemeyer@clinewilliams.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of May 2020, I electronically filed the foregoing Farmer State Bank's Response in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Ross W. Pulkrabek
Aaron D. Goldhammer
Keating Wagner Polidori Free, PC
1290 Broadway, Suite 600
Denver, CO 80203
rpulkrabek@keatingwagner.com
agoldhamer@keatingwagner.com

R. Livingston Keithley
Antero Law, LLC
1700 Broadway, Suite 640
Denver, CO 80290
LKeithley@anterolaw.com

Christopher Carr
Dill Carr Stonbraker & Hutchings, PC
455 Sherman Street, Suite 300
Denver, CO 80203
ccarr@dillanddill.com

Peter C. Forbes
Carver Schwarz McNab Kamper & Forbes, LLC
1888 Sherman Street, Suite 400
Denver, CO 80203
pforbes@csmkf.com

/s/*Tracy A. Oldemeyer*
Tracy A. Oldemeyer

4812-4014-6620, v. 1