# Tracy A. Oldemeyer

| | |
|---|---|
| **From:** | Ross W. Pulkrabek <Rpulkrabek@keatingwagner.com> |
| **Sent:** | Monday, April 27, 2020 4:54 PM |
| **To:** | Tracy A. Oldemeyer; Aaron D. Goldhamer; Livingston Keithley |
| **Cc:** | Chris Carr; Peter C. Forbes; Shannon K. Riley |
| **Subject:** | RE: Conferral re: Amendment |

Dear Tracy,

As you know, we asked for complete documentation surrounding North Turkey Creek. Farmers State Bank is the one that chose to withhold Promissory Note 2288—the note actually secured by the deed of trust—as well as the loan history until shortly before 1:00 MST today. Amanda Wilson subpoenaed those records from Farmers State Bank in 2016. I find it very peculiar that Farmers State Bank chose not to produce those records in 2016 and that it continued not to produce those records in this case until today. Perhaps you can clear this up and provide a sensible explanation why Farmers State Bank withheld the Promissory Note 2288 not only for months but years.

The problem your client faces is that Promissory Note 2288 and Promissory Note 2352 are two very different promissory notes signed on May 15, 2015, and they clearly were secured by two entirely different deeds of trust.

Here is a snapshot of the upper right corner of Promissory Note 2352:

```
Date 05-15-2015
Maturity Date 05-18-2016
Loan Amount $ 7,600,000.00
Renewal Of  2094 & 2098 & 2097
```

m of  SEVEN MILLION SIX HUNDRED THOUSAND AND
;00,000.00

al advances are contemplated under this r

"2288" is not on that list. Promissory Note 2352 extended the promissory notes dated January 11, 2013, which were secured by a deed of trust of that date. This is the promissory note that applies to the promissory notes dated January 11, 2013 and renewals thereof.

> described below and all their extensions, renewals, modifications or substitutions. (W
> debts below it is suggested that you include items such as borrowers' names, note amo
> maturity dates, etc.)   ALL PROMISSORY NOTES DATED JANUARY 11, 2013, WITH VARIOUS MATURITY DATES AND ANY
> RENEWAL THEREOF.

If this is the language that the bank wanted to insert into the deed of trust on North Turkey Creek, presumably it could have done so.

Now the bank must argue that custom-entered terms of a deed of trust or promissory note do not matter and that, in fact, every deed of trust secures every promissory note, such that deeds of trust dated 1-11-13 on the Weld and Logan County Properties secure loans used to purchase North Turkey Creek and vice versa. That argument strains basic contract interpretation, flies in the face of the parol evidence rule, and (to the extent you are trying to wrap in some

1

alleged oral agreement) violates the statute of frauds. Suffice to say I think Amanda Wilson is on the better side of this issue.

Yours,

Ross Pulkrabek | Attorney at Law
Keating Wagner Polidori Free, P.C.
1290 Broadway, Suite 600
Denver, CO 80203
303.534.0401 Main
303.534.8333 Fax
www.keatingwagner.com



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*Confidentiality Notice\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This email, including attachments, contains information that is confidential and may be protected by the attorney/client privileges. It is intended only for the use of the individual or entity named above.  If you are not the intended recipient, or an employee or agent responsible for delivery to that recipient, you are hereby notified that you have received this transmission in error and that any disclosure, copying, distribution, or action taken in reliance on the contents of this transmission is prohibited.  If you have reached this transmission in error, please immediately notify us by telephone, (303.534.0401) and delete the original message.

**From:** Tracy A. Oldemeyer <toldemeyer@clinewilliams.com>
**Sent:** Monday, April 27, 2020 3:06 PM
**To:** Ross W. Pulkrabek <Rpulkrabek@keatingwagner.com>; Aaron D. Goldhamer <Agoldhamer@keatingwagner.com>; Livingston Keithley <lkeithley@anterolaw.com>
**Cc:** Chris Carr <ccarr@dillanddill.com>; Peter C. Forbes <pforbes@csmkf.com>; Shannon K. Riley <sriley@clinewilliams.com>
**Subject:** RE: Conferral re: Amendment

Ross,

This is the first I am hearing Plaintiff now claims there is no valid lien on Turkey Creek.  You did not say anything during our exchange back in early December 2019 about the upcoming deed in lieu and after production of the transaction documents – see FSB1530 and after.

As you know, all of the Notes/Security Agreements/Deeds of Trust have to be read together, including the content referring to evidence of debt and all their extensions, renewals, modifications or substitutions.   My quick reference to the citation to Note 2288 was because the note is referenced in the records previously produced.  That is it.  Now you have the note and payment history, too.  And you have the docs for Note 2352.

I look forward to inquiring of Plaintiff's expert(s) about this new theory of no valid lien on Turkey Creek.

Tracy

**From:** Ross W. Pulkrabek [mailto:Rpulkrabek@keatingwagner.com]
**Sent:** Monday, April 27, 2020 2:22 PM
**To:** Tracy A. Oldemeyer <toldemeyer@clinewilliams.com>; Aaron D. Goldhamer <Agoldhamer@keatingwagner.com>; Livingston Keithley <lkeithley@anterolaw.com>
**Cc:** Chris Carr <ccarr@dillanddill.com>; Peter C. Forbes <pforbes@csmkf.com>; Shannon K. Riley <sriley@clinewilliams.com>
**Subject:** RE: Conferral re: Amendment

Dear Tracy,

I have scrutinized the deed of trust to which you refer. As you likely have observed, it refers specifically to Promissory Note #2288 dated as of May 15, 2015. That promissory note was paid off on May 20, 2015, together with a tiny amount of interest, as you can see from the following snapshot from the document that Farmers State Bank produced previously, Bates labeled FSB000074.



This payoff extinguished the indebtedness under Promissory Note #2288.

The deed in lieu of foreclosure that Farmers State Bank took on December 30, 2019 was purportedly for the indebtedness owed under Promissory Note 2352. I refer you specifically to the letter signed by Richard P. Garden Jr. of your law firm, dated September 19, 2019, which Farmers State Bank produced as the document Bates labeled FSB000425. There, Mr. Garden referred to the principal balance of $2,050,000 with interest of $35,479.38. As you can see by the following document in the series, FSB000426, that balance corresponds to Loan Account / Promissory Note 2352.

Also, I refer to your emails dated December 3, 2019, and December 11, 2019, in which you referred specifically to FSB000426 as the basis for the calculation of the amount owed—which document, as I pointed out in the preceding sentence, corresponds to Promissory Note 2352.

Therefore, there is no question that the deed in lieu of foreclosure was for Promissory Note 2352. Also, the deed of trust on the North Turkey Creek property does not refer in any way shape or form to Promissory Note 2352, dated May 15, 2015. These are immutable facts. It is our view that Farmers State Bank has played fast and loose with the facts by

3

creating the false impression that it had a bona fide lien on the property in excess of $2,050,000 when, in fact, it had no lien. We appreciate that Farmers State Bank intends to dispute that.

Obviously, unless Farmers State Bank is willing concede the point, then it must argue that the deed of trust actually covered Promissory Note 2352—even though it does not say that. Farmers State Bank can make that argument in litigation it if wants, and we will disagree. The willingness of Farmers State Bank to make that argument does not render our allegations "wild."

Yours,

Ross Pulkrabek | Attorney at Law
Keating Wagner Polidori Free, P.C.
1290 Broadway, Suite 600
Denver, CO 80203
303.534.0401 Main
303.534.8333 Fax
www.keatingwagner.com



******************************Confidentiality Notice******************************

This email, including attachments, contains information that is confidential and may be protected by the attorney/client privileges. It is intended only for the use of the individual or entity named above. If you are not the intended recipient, or an employee or agent responsible for delivery to that recipient, you are hereby notified that you have received this transmission in error and that any disclosure, copying, distribution, or action taken in reliance on the contents of this transmission is prohibited. If you have reached this transmission in error, please immediately notify us by telephone, (303.534.0401) and delete the original message.

**From:** Tracy A. Oldemeyer <toldemeyer@clinewilliams.com>
**Sent:** Monday, April 27, 2020 1:37 PM
**To:** Ross W. Pulkrabek <Rpulkrabek@keatingwagner.com>; Aaron D. Goldhamer <Agoldhamer@keatingwagner.com>; Livingston Keithley <lkeithley@anterolaw.com>
**Cc:** Chris Carr <ccarr@dillanddill.com>; Peter C. Forbes <pforbes@csmkf.com>; Shannon K. Riley <sriley@clinewilliams.com>
**Subject:** RE: Conferral re: Amendment

Counsel,

Again, my apologies for piecemeal responses, but before more wild accusations are made, I point out from a recorded Deed of Trust included in the Proof of Claim Chapter 7 case (produced with Rule 26s):

> Case 16-16615-EEB   Claim 10 Part 2   Filed 02/27/17   Desc Attachments to Proc
> Claim   Page 46 of 72
>
> Together with all rights, easements, appurtenances, royalties, mineral rights, oil and gas rights, crops, diversion payments or third party payments made to crop producers, all water and riparian rights, well: reservoirs, and water stock and all existing and future improvements, structures, fixtures, and replacer may now, or at any time in the future, be part of the real estate described above (all referred to as "Propert
>
> 3. **MAXIMUM OBLIGATION LIMIT.** The total principal amount secured by this Security Instrument at any one not exceed $ 2,000,000.00 . This limitation of amount does not include in other fees and charges validly made pursuant to this Security Instrument. Also, this limitation does no advances made under the terms of this Security Instrument to protect Lender's security and to perform covenants contained in this Security Instrument.
> 4. **SECURED DEBT AND FUTURE ADVANCES.** The term "Secured Debt" is defined as follows:
>    A. Debt incurred under the terms of all promissory note(s), contract(s), guaranty(ies) or other eviden described below and all their extensions, renewals, modifications or substitutions. (When refere debts below it is suggested that you include items such as borrowers' names, note amounts, inte maturity dates, etc.) PROMISSORY NOTE #2288 DATED 05-15-2015 WITH A MATURITY DATE OF 05-18-2016 AND EXECUTED BY TWO A COLORADO GENERAL PARTNERSHIP, PAYABLE IN ONE PAYMENT TO THE ORDER OF FARMERS STATE BANK WHICH EVIDENCES A LOAN TO BOR AMOUNT OF $1,600,000.00 PLUS INTEREST, AND ALL EXTENSIONS, RENEWALS, MODIFICATION OR SUBSTITUTIONS THEREOF.

Tracy

**From:** Tracy A. Oldemeyer
**Sent:** Monday, April 27, 2020 12:52 PM
**To:** Ross W. Pulkrabek <Rpulkrabek@keatingwagner.com>; Aaron D. Goldhamer <Agoldhamer@keatingwagner.com>; Livingston Keithley <lkeithley@anterolaw.com>
**Cc:** Chris Carr <ccarr@dillanddill.com>; Peter C. Forbes <pforbes@csmkf.com>; Shannon K. Riley <SRiley@clinewilliams.com>
**Subject:** RE: Conferral re: Amendment

Here are the docs you wanted which are coming in a supp production. We are bates numbering and will send the supp rule 26 this afternoon.

I disagree with your assertions and rationale below. The bank objects.

**From:** Ross W. Pulkrabek [mailto:Rpulkrabek@keatingwagner.com]
**Sent:** Monday, April 27, 2020 12:14 PM
**To:** Tracy A. Oldemeyer <toldemeyer@clinewilliams.com>; Aaron D. Goldhamer <Agoldhamer@keatingwagner.com>; Livingston Keithley <lkeithley@anterolaw.com>
**Cc:** Chris Carr <ccarr@dillanddill.com>; Peter C. Forbes <pforbes@csmkf.com>
**Subject:** RE: Conferral re: Amendment

5

Dear Tracy,

Please accept my condolences for your family's loss.

I was hopeful to receive information that I requested in advance of today's deadline. I do understand the reasons for your inability to get back to me and appreciate that you are working to obtain the information I requested last week. However, Aaron and I need to proceed with the information we have to date.

I will respond to your question briefly without trying to describe all of the detailed facts that will be laid out in the complaint.

First, we have determined that Farmers State Bank (a) had no valid lien on 22424 North Turkey Creek, and (b) affirmatively misrepresented that it did. The Deed of Trust on 22424 North Turkey Creek secured only Promissory Note 2288. Farmers State Bank has produced virtually no information concerning Promissory Note 2288. Such information should have been produced in response to the subpoena that Amanda Wilson served (and to which Farmers State Bank responded) back in 2016 as well as in response to discovery in the instant case. Farmers State Bank has produced no promissory note, no history of loan payments, and no other documents that remotely substantiate that Promissory Note 2288 was even in existence in 2019, much less the amount of the indebtedness on that note. Further, the one and only item of information I have that refers in passing to Promissory Note 2288 indicates that it may have been a temporary or placeholder loan that was signed on May 15, 2015, and then immediately paid off with a nominal amount of interest on or about May 18 or 20, 2015. The deed of trust in favor of Farmers State Bank should have been released in 2015. Further supporting the fact that Promissory Note 2288 was not operative in 2019, when Farmers State Bank took a deed in lieu of foreclosure on 22424 North Turkey Creek, it did so on the basis that the deed in lieu satisfied indebtedness owed under an entirely different promissory note, Promissory Note 2352. It was wrong for Farmers State Bank to assert that the deed of trust secured the debt owed on Promissory note 2352. We do not believe that Farmers State Bank innocently confused Promissory Note 2352 with Promissory Note 2288, and it is our assessment that Farmers State Bank essentially was trying to pull a fast one here.

Second, the facts strongly support the conclusion that Two Mile Ranch was an alter ego of Jon Pauling as well as Mark Pauling. Such facts include, without limitation, the blatant misuse of Two Mile Ranch assets for non-business purposes such as buying a luxury residential property for Jon Pauling's girlfriend, Elyce York, that she then proceeded to use rent free. Additionally, for years, Jon Pauling and Mark Pauling have been unable to explain how Jon Pauling works for Two Mile Ranch yet receives no income or distributions that explain his ability to survive. The evidence indicates that Jon Pauling has been living on Two Mile Ranch income and assets for years. We further note that records that have been produced to us thus far regarding Two Mile Ranch's operations are incredibly spotty, facilitating concealment of distributions or payment of expenses. There has been repeated misuse of Two Mile Ranch to facilitate evasion of the judgment owed by Jon Pauling.

Third, there is no question that Amanda Wilson recorded her judgment in Jefferson County and that her judgment lien attached to any property of Jon Pauling. It is our position that property of Two Mile Ranch was property of Jon Pauling and that Jon Pauling had a personal property interest in 22424 North Turkey Creek. Given the absence of any other valid lien on the property, Amanda Wilson had a first-priority lien which should have been paid when the property was transferred to Farmers State Bank and for which Farmers State Bank must now compensate her.

Fourth, it also is our position that Jon Pauling, Mark Pauling, Two Mile Ranch, and Farmers State Bank colluded on the December 30, 2019, deed in lieu of foreclosure both to circumvent Amanda Wilson's judgment lien on the property and with actual intent to hinder, delay, and defraud her as a creditor of Jon Pauling. Their wrongful intent may be inferred from the circumstances, which include (to mention one circumstance) Farmers State Bank's misrepresentations in connection with its assertion of a lien on 22424 North Turkey Creek. That collusion caused Amanda Wilson damages.

I do not expect any defendant to concede these points, but I do believe this discharges any obligation to explain the rationale for adding this claim. If you wish to respond with substantive points and additional information or evidence

that has not been provided, we will continue to monitor your emails until we file the Second Amended Complaint later this afternoon.

Yours,

Ross Pulkrabek | Attorney at Law
Keating Wagner Polidori Free, P.C.
1290 Broadway, Suite 600
Denver, CO 80203
303.534.0401 Main
303.534.8333 Fax
www.keatingwagner.com



*******************************Confidentiality Notice*******************************

This email, including attachments, contains information that is confidential and may be protected by the attorney/client privileges. It is intended only for the use of the individual or entity named above. If you are not the intended recipient, or an employee or agent responsible for delivery to that recipient, you are hereby notified that you have received this transmission in error and that any disclosure, copying, distribution, or action taken in reliance on the contents of this transmission is prohibited. If you have reached this transmission in error, please immediately notify us by telephone, (303.534.0401) and delete the original message.

**From:** Tracy A. Oldemeyer <toldemeyer@clinewilliams.com>
**Sent:** Monday, April 27, 2020 11:06 AM
**To:** Aaron D. Goldhamer <Agoldhamer@keatingwagner.com>; Livingston Keithley <lkeithley@anterolaw.com>
**Cc:** Chris Carr <ccarr@dillanddill.com>; Peter C. Forbes <pforbes@csmkf.com>; Ross W. Pulkrabek <Rpulkrabek@keatingwagner.com>
**Subject:** RE: Conferral re: Amendment

All,

I was out at the end of last week due to a death in the family. I have Ross's emails requesting additional information on 2 notes and am following up.

I would like conferral on the statement below:

2.     We also are potentially seeking to add an additional fraudulent transfer claim against Two Mile Ranch, Jon Pauling, Mark Pauling, and Farmers State Bank with respect to the Deed in Lieu of Foreclosure.

This relates to Turkey Creek? What is the rationale?

Tracy

**From:** Aaron D. Goldhamer [mailto:Agoldhamer@keatingwagner.com]
**Sent:** Monday, April 27, 2020 10:53 AM
**To:** Livingston Keithley <lkeithley@anterolaw.com>
**Cc:** Tracy A. Oldemeyer <toldemeyer@clinewilliams.com>; Chris Carr <ccarr@dillanddill.com>; Peter C. Forbes <pforbes@csmkf.com>; Ross W. Pulkrabek <Rpulkrabek@keatingwagner.com>
**Subject:** RE: Conferral re: Amendment

Dear Livingston,

As you and I discussed on the phone a few weeks ago, the Contribution and Assumption Agreement dated 3/27/18 specifically states, at paragraph D of the recitals (and as confirmed by other discovery), that the "value of the [transferred] Mineral Interest is equal to or greater than the amount of the indebtedness encumbering the Mineral Interest that Redtail will assume as part of the transfer of the Mineral Interest to Redtail by Lardyn."

Sincerely,

Aaron

In light of COVID-19 issues in Colorado, almost all of Keating Wagner Polidori Free's lawyers and staff are working from home. During this time, the easiest way to reach us is via email. Our lawyers and staff will be checking email regularly. During this period, all outgoing correspondence will also be primarily email based and we would prefer to receive the same rather than paper mail. Please do not send faxes during this time, as access to the office may be limited. If you have any urgent needs and cannot reach me, please email Tamara Harris at tamara@keatingwagner.com, Zach Warzel at zwarzel@keatingwagner.com, or Deirdre Ostrowski at deo@keatingwagner.com. Thank you for your patience and cooperation.

Aaron D. Goldhamer | Attorney at Law
Keating Wagner Polidori Free, P.C.
1290 Broadway, Suite 600
Denver, CO  80203
303.534.0401 Main
303.534.8333 Fax
www.keatingwagner.com



*********************************Confidentiality Notice*******************************

This email, including attachments, may contain information that is confidential and protected by the attorney/client privilege. If you are not the intended recipient, or an employee or agent responsible for delivery to that recipient, you are hereby notified that you have received this transmission in error and that any disclosure, copying, distribution, or action taken in reliance on the contents of this transmission is prohibited. If you have received this email in error, please immediately notify us by telephone at 303.534.0401 and delete the original message.

**From:** Livingston Keithley <lkeithley@anterolaw.com>
**Sent:** Monday, April 27, 2020 10:39 AM
**To:** Aaron D. Goldhamer <Agoldhamer@keatingwagner.com>

**Cc:** Tracy A. Oldemeyer <toldemeyer@clinewilliams.com>; Chris Carr <ccarr@dillanddill.com>; Peter C. Forbes <pforbes@csmkf.com>; Ross W. Pulkrabek <Rpulkrabek@keatingwagner.com>
**Subject:** Re: Conferral re: Amendment

Aaron,

Thank you for the email. Can you please detail your good faith basis for asserting these additional claims and adding Red Tail Resources? Simply describing the identity of the party and claim does not describe the factual basis, and I am unable to meaningfully confer pursuant to our obligations under the Local Rule without knowing more.

Thanks,
Livingston



Livingston Keithley
Partner
Antero Law, LLC
1700 Broadway, Suite 640
Denver, Colorado 80290
LKeithley@anterolaw.com
720.990.5530
anterolaw.com

*The contents of this email and its attachments are intended solely for the addressee(s). In addition, this e-mail transmission may be confidential and may be subject to privilege protecting communications between attorneys and clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail, and delete any copies of it from your system.*

On Apr 27, 2020, at 10:35 AM, Aaron D. Goldhamer <Agoldhamer@keatingwagner.com> wrote:

Counsel,

I am writing to confer about the amendment of the present Complaint. We anticipate filing a motion for leave to amend that generally add the following claims / parties / detail:

1. We seek to add Redtail Resources, LLC, as a defendant with respect to the present Second and Third Claims for relief, with the additional detail in those claims concerning Redtail's receipt of certain mineral interests from Two Mile Ranch by way of Lardyn.

2. We also are potentially seeking to add an additional fraudulent transfer claim against Two Mile Ranch, Jon Pauling, Mark Pauling, and Farmers State Bank with respect to the Deed in Lieu of Foreclosure.

Please advise if your clients oppose the motion to amend.

Sincerely,

Aaron Goldhamer

In light of COVID-19 issues in Colorado, almost all of Keating Wagner Polidori Free's lawyers and staff are working from home. During this time, the easiest way to reach us is via email. Our lawyers and staff will be checking email

9

regularly.  During this period, all outgoing correspondence will also be primarily email based and we would prefer to receive the same rather than paper mail.  Please do not send faxes during this time, as access to the office may be limited.  If you have any urgent needs and cannot reach me, please email Tamara Harris at tamara@keatingwagner.com, Zach Warzel at zwarzel@keatingwagner.com, or Deirdre Ostrowski at deo@keatingwagner.com.  Thank you for your patience and cooperation.

Aaron D. Goldhamer | Attorney at Law
Keating Wagner Polidori Free, P.C.
1290 Broadway, Suite 600
Denver, CO  80203
303.534.0401 Main
303.534.8333 Fax
www.keatingwagner.com



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*Confidentiality Notice\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This email, including attachments, may contain information that is confidential and protected by the attorney/client privilege.  If you are not the intended recipient, or an employee or agent responsible for delivery to that recipient, you are hereby notified that you have received this transmission in error and that any disclosure, copying, distribution, or action taken in reliance on the contents of this transmission is prohibited.  If you have received this email in error, please immediately notify us by telephone at 303.534.0401 and delete the original message.