IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-01224-RBJ-STV

AMANDA WILSON, a Michigan citizen,

Plaintiff,

v.

JONATHAN PAULING, an individual Colorado citizen, et al.

Defendants.

## FARMERS STATE BANK'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL OR, ALTERNATIVELY, FOR TELEPHONIC DISCOVERY HEARING

Defendant Farmers State Bank ("FSB") opposes Plaintiff's Motion to Compel or, Alternatively, for Telephonic Discovery Hearing (Doc. 61). Plaintiff needs leave of court[1] to amend the parties' current Scheduling Order (Doc. 50), specifically, § 8(a) which sets the presumptive number of depositions to ten (10) under Fed. R. Civ. P. 30(b) and § 9(e) in which Plaintiff listed her 10 depositions, including a Rule 30(b)(6) of FSB.  Doc. 54 at 12-13.  Plaintiff wants two more.

On December 10, 2019, two months before the February 19, 2020, Scheduling Conference, the parties exchanged Rule 26 disclosures.  Plaintiff listed 13 individuals likely to have discoverable information,[2] including:

---

[1] Citing the requirement of good cause for an amendment, Plaintiff once obtained court permission to extend a deadline in the Scheduling Order. (Doc. 54 at ¶18 [Plaintiff's Unopposed Motion for Extension of Deadline] and Doc. 55 [Order]).
[2] Similarly, FSB listed Richard Stull and Steven Stull, along with Mike Stull, Kelly Roach and Jarrod Hamik, and concurrently produced about 1,785 pages of documents.

1

> 7. Certain representatives of Farmers State Bank—including but not limited to Richard Stull, Stephen Stull—c/o Cline Williams Wright Johnson & Oldfather, L.L.P., 215 Mathews Street, Suite 300, Fort Collins, Colorado 80524, 970.221.2637. These representatives have knowledge of their longstanding banking relationship with the Pauling brothers, Amanda Wilson's attempt to collect her state court judgment against Jon Pauling, the Bank's involvement in transactions among and between the Pauling Brothers, Two Mile Ranch, and/or Lardyn Consulting. These representatives have knowledge of the Bank's standard operating procedures and banking operating procedures generally.

No depositions have yet been taken in this case. During the conferral here, FSB stated its position and possible solutions as follows:

- Please confirm the requested depositions are in lieu of (not in addition to) the 30(b)(6) deposition of the bank, as listed in the Scheduling Order.[3]

- ". . . the court will have to weigh in on your request to modify the scheduling order to add two depositions. If you want to proceed with the June 8 and 9 dates by converting your current request to a 30(b)(6) deposition, then let me know. Based on the current claims, the bank's likely designees for a 30(b)(6) Notice would be Dick Stull and/or Steve Stull, but I would need to see your notice."[4]

- ". . . consider taking the bank's 30(b)(6) to see if you get the information you need/want before you ask the court for additional depositions. My take is that the discovery limitations in the rules, as well as Sections 8 and 9 of the Scheduling Order, are consistent with Rule 1 and its intent secure the just, speedy, and inexpensive determinations of litigation.[5]

On May 22, FSB offered to review any 30(b)(6) deposition notice in advance and advise if any topic would not be covered by either Steve or Richard Stull. Counsel still could not agree on how to proceed. Plaintiff's counsel thereafter confirmed that he served deposition notices for Richard and Steve Stull:

---

[3]     Email sent May 18 at 9:49 a.m.
[4]     Email sent May 19 at 12:45 a.m.
[5]     Email sent May 19 at 4:22 p.m.

2

>to dot the proverbial i's and cross the proverbial t's. Technically speaking, I believe the correct procedural course of action here may be for Ms. Oldemeyer to inform the court that the bank requests protection against the depositions of Richard and Steven Stull under Rule 26, and I presume Ms. Oldemeyer will articulate as much in her response brief. That, I think, will be sufficient to stay the depositions until the court rules. However, I don't think it is necessary for Ms. Oldemeyer to file a separate motion for protective order here. And I do agree that if we reach June 5 without resolution of this issue, the depositions will be rescheduled for a later date.[6]

FSB requests a stay of depositions[7] until the Court rules.

FSB still reasonably believes that the bank's likely designees for the anticipated topics on Plaintiff's 30(b)(6) deposition notice would be Steve Stull and Richard Stull. After that deposition, Plaintiff's counsel could reassess. However, a unilateral modification of the Scheduling Order to allow Plaintiff to have twelve (12) depositions and without caps on time limits and without a showing why the depositions are potentially needed is not consistent with the Scheduling Order, Rule 16, or Rule 1. Without leave of Court and without a showing of good cause, Plaintiff cannot notice depositions and unilaterally expand a 30(b)(6) deposition of FSB capped at 7 hours into three (3) depositions of a party and non-parties of up to 21 hours. The parties proposed the Scheduling Order here, and it "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4), 16(a) and Scheduling Order at 16, §13. Plaintiff has not so moved or made the requisite showing.

---

[6] Email sent May 22 at 6:35 p.m.
[7] All defense counsel (except Mr. Carr, who will not attend) have confirmed that they are preserving the June 8 and 9 dates.

3

        FARMERS STATE BANK,
        Defendant
By:   /s/*Tracy A. Oldemeyer*
        Tracy A. Oldemeyer, #28246
        CLINE WILLIAMS
          WRIGHT JOHNSON & OLDFATHER, L.L.P.
        215 Mathews Street, Suite 300
        Fort Collins, Colorado 80524
        Telephone: (970) 221-2637
        Fax: (970) 221-2638
        toldemeyer@clinewilliams.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of May 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

| | |
|---|---|
| Ross W. Pulkrabek<br>Aaron D. Goldhammer<br>Keating Wagner Polidori Free, PC<br>1290 Broadway, Suite 600<br>Denver, CO 80203<br>rpulkrabek@keatingwagner.com<br>agoldhamer@keatingwagner.com | R. Livingston Keithley<br>Antero Law, LLC<br>1700 Broadway, Suite 640<br>Denver, CO 80290<br>LKeithley@anterolaw.com |
| Christopher Carr<br>Dill Dill Carr Stonbraker & Hutchings, PC<br>455 Sherman Street, Suite 300<br>Denver, CO 80203<br>ccarr@dillanddill.com | Peter C. Forbes<br>Carver Schwarz McNab Kamper & Forbes, LLC<br>1888 Sherman Street, Suite 400<br>Denver, CO 80203<br>pforbes@csmkf.com |

        /s/*Tracy A. Oldemeyer*
        Tracy A. Oldemeyer

4845-3017-2349, v. 1