**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-01224-RBJ-STV

**AMANDA WILSON**, a Michigan citizen,

Plaintiff,

v.

**JONATHAN PAULING**, an individual Colorado citizen, **MARK PAULING**, an individual Colorado citizen, **TWO MILE RANCH a/k/a TWO MILE RANCH GENERAL PARTNERSHIP**, a Colorado General Partnership, **ELYCE YORK**, an individual Nebraska or Colorado citizen, **LARDYN CONSULTING LLC**, a Nebraska Limited Liability Company, and **FARMERS STATE BANK**, a Nebraska Corporation.

Defendants.

_____

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT**

_____

Farmers State Bank ("FSB") initially asserted that all assets transferred from Two Mile Ranch ("TMR") to Lardyn Consulting LLC ("Lardyn") were fully encumbered by a deed of trust securing Promissory Note #2352. As alleged in the Second Amended Complaint, discovery confirms that substantial equity—which Defendants themselves estimated to be approximately $2 million—was transferred from Two Mile Ranch ("TMR") to Lardyn.  FSB now argues that the Turkey Creek Property—a luxury residence purchased as a home for Jon Pauling, Elyce York, and their child—was also fully encumbered by Promissory Note #2352. But the Deed of Trust on Turkey Creek expressly states that it was security for payment of a different promissory note, Promissory Note #2288, which was fully paid off in 2015. Despite this, the Pauling brothers agreed to deed the property to FSB on December 30, 2019, purportedly in lieu of the bank foreclosing on Promissory Note #2352.  Defendants are trying to use Promissory Note #2352 to argue that there was no equity in any of TMR's assets, despite their own estimates that TMR transferred nearly $2 million in equity to Lardyn. Plaintiff plausibly pleads in the proposed Second Amended Complaint

1

that the transfer of the Turkey Creek property to FSB is part of an overall scheme to engage in fraudulent transfers of assets to avoid Plaintiff's judgment and charging order.

## BACKGROUND

1.      After Elyce York submitted an offer to purchase the Turkey Creek Property on or about September 26, 2014, Jon Pauling discussed purchase financing with FSB in or about October 2014.  [#56-1 at ¶¶ 25-26.]  Around April 2015, Jon Pauling agreed to proceed with the purchase of the Turkey Creek Property and that Elyce York and her child that he fathered could live there without paying rent.  [#56-1 at ¶¶ 27-28]

2.      Two Mile Ranch ("TMR") entered into a buy/sell contract dated April 2, 2015, with the then-owners of the Turkey Creek Property. The purchase price was $1,650,000.  Jon Pauling oversaw the purchase.  [#56-1 at ¶ 32.] To finance part of the purchase of the Turkey Creek Property, Jon Pauling and Mark Pauling caused TMR to sell other real property and use the proceeds as part of a like-kind exchange under  Section 1031 of the Internal Revenue Code on or about May 13, 2015, two days before the scheduled closing on 22434 North Turkey Creek.  On May 15, 2015, TMR acquired title to 22434 North Turkey Creek. The following funds made up the purchase price of $1,650,000: (a) a $50,000 earnest money payment by Two Mile Ranch; (b) $888,241 in 1031 exchange proceeds; and (c) a new loan from Farmers State Bank, Promissory Note 2346, in the amount of $717,004. [#56-1 at ¶ 38.]

3.      Also on May 15, 2015, TMR executed Promissory Note 2352 with FSB in the amount of $7,600,000, which renewed Promissory notes 2094, 2098, and 2097 between Two Mile Ranch and FSB.  [## 56-1 at ¶ 56; 59-2.]

4.      A deed of trust dated May 18, 2015, purporting to encumber the Turkey Creek Property in favor of FSB was recorded with the Clerk and Recorder of Jefferson County, Colorado,

stating that it secured "Promissory Note #2288 dated 05-15-2015 . . . in the amount of $1,600,000.00 plus interest." [#56-1 at ¶ 39]; *see also* [#35-3 at p. 29, ¶ 4.]

5.      Promissory Note #2288 was paid off on or about May 20, 2015. [#56-1 at ¶ 174].

6.      The deed of trust on the Turkey Creek Property, which secured Promissory Note #2288, stated—under "Maximum Obligation Limit"—that the "total principal amount secured by this Security Instrument at any one time shall not exceed $2,000,000." [#35-3 at p. 29, ¶ 3.]

7.      On December 30, 2019, FSB and Two Mile Ranch entered into an "Agreement for Deed in Lieu of Foreclosure" with respect to the Turkey Creek Property. [#56-1 at ¶ 173.]

8.      FSB falsely asserted that in excess of $2,050,000 of debt encumbered the Turkey Creek Property through Promissory Note #2352, despite the fact that the note referenced in the deed of trust—#2288—had been paid off. [#56-1 at ¶¶ 174-177, 223.]

9.      Pursuant to the Agreement for Deed in Lieu of Foreclosure, Two Mile Ranch transferred the Turkey Creek Property to FSB via deed recorded on February 5, 2020. *See* **Exh. 1**.

## ARGUMENT

FSB first asserted that the property Two Mile Ranch transferred to Lardyn was fully encumbered by Promissory Note #2352. [##23; 36.] The Court denied the motion and discovery obtained to date proves that the property had excess value beyond the encumbrances that secured Promissory Note #2352. [#56-1 at ¶¶ 99, 108.] FSB now asserts that Promissory Note #2352 fully encumbered the Turkey Creek property that was not transferred to Lardyn and was retained within TMR. dThe Deed of Trust on e the Turkey Creek property states that it secured a different promissory note, Promissory Note #2288, which had already been paid off by the time the deed of trust was recorded. Upon such payoff, FSB was obligated to release the deed of trust (C.R.S. § 38-35-124), which may explain why FSB took the Turkey Creek Property by agreement and did

not proceed under a judicial foreclosure, which may have revealed the lack of any enforceable security in the Turkey Creek Property:

> "In order to constitute a valid mortgage…it is necessary that there be a debt to be discharged…and the nature and amount of the indebtedness secured by the mortgage must be so expressed that…attaching creditors need not look beyond the mortgage itself to ascertain both the existence and amount of the debt."

*Smith v. Haertel*, 244 P.2d 377, 379 (Colo. 1952).  Although the deed of trust purports to secure "all future advances or future obligations," that clause does not warrant inclusion of Promissory Note #2352 into the deed of trust because Promissory Note #2352 was entered into <u>before</u> the deed of trust was recorded.

Farmers State Bank's arguments that Promissory Note #2352 fully encumbered assets transferred by TMR to Lardyn and also fully encumbered the Turkey Creek property present issues of fact to be determined at trial. Plaintiff alleges how Defendants estimated that the equity transferred from Two Mile Ranch to Lardyn was nearly $2 million, which refutes Defendants' arguments that no equity was transferred because the assets were fully encumbered. Defendants' attempt to claim that Promissory Note #2352 fully encumbered assets transferred from TMR to Lardyn as well as the Turkey Creek property shows how the latter is intertwined with the transfer of assets to Lardyn and part of an overall scheme.

Plaintiff alleges facts showing that the Turkey Creek property was largely purchased through a like-kind exchange, not by borrowing money under Promissory Note #2352. The deed of trust on the Turkey Creek property included a $2,000,000 "Maximum Obligation Limit," presenting an issue of fact as to whether it ever could have secured the $7,600,000 in obligations recited in Promissory Note #2352.  The Court will need to resolve issues of fact to determine what the deed of trust on the Turkey Creek property actually secured.  *Mohler v. Buena Vista Bank & Tr. Co.*, 588 P.2d 894, 896 (Colo. App. 1978).

4

If the deed of trust on the Turkey Creek Property was intended to secure a promissory note other than Promissory Note #2288, which had been paid off, FSB, "as a banking institution, presumably with some experience in the area of securing loans" and "with some minimal due diligence…could have properly prepared the paperwork to perfect its lien." *Alpine Bank v. Moreno (In re Moreno)*, 293 B.R. 777, 784-85 (Bankr. D. Colo. 2003). FSB did not do so. FSB's listing Promissory Note #2288 instead of Promissory Note #2352 in the deed of trust—if indeed that was a mistake rather than intentional—is more than a mere scrivener's error; the Turkey Creek Property must be considered in light of the overall scheme to avoid Plaintiff's collection efforts.  This is especially true in light of the broad reach of the Colorado Uniform Transfer Act to prevent all manners of fraudulent transfers.

The Turkey Creek property also is significant because, although nominally titled in the name of TMR, Defendants regarded it as Jon Pauling's property. The property was purchased as a residence for Jon Pauling, his girlfriend Elyce York, and their child to live rent free, which is inconsistent with Defendants' contention that the property was strictly a business asset of TMR. Amounts paid to purchase and maintain that property may be regarded as distributions by TMR to Jon Pauling.  *See Tisch v. Tisch*, 439 P.3d 89, 95 (Colo. App. 2019).  It is plausible that the transfer of the Turkey Creek property to FSB is intertwined with Defendants' efforts to avoid Plaintiff's collection of her judgment.

The transfer of Turkey Creek from TMR to FSB occurred during the litigation of this case, with the deed nominally dated December 30, 2019, and not recorded until February 5, 2020.  These facts alone show that the proposed fraudulent transfer claim concerning the Turkey Creek Property is timely.  Moreover, FSB cannot take advantage of its own failure to produce all documents concerning Promissory Note 2288 until the deadline to amend.  [#59-2 at pp. 5-6.]

5

DATED:  June 1, 2020

KEATING WAGNER POLIDORI FREE, P.C.

By:     *s/ Ross W. Pulkrabek*
           Ross W. Pulkrabek
           Aaron D. Goldhamer
           1290 Broadway, Suite 600
           Denver, CO 80203
           Phone: (303) 534-0401
           Email:  rpulkrabek@keatingwagner.com
           *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2020, a true and correct copy of the foregoing was electronically served via email upon the following:

R. Livingston Keithley
Antero Law, LLC
1700 Broadway, suite 640
Denver, CO 80290
Phone: 720-990-5530
Lkeithley@anterolaw.com
*Attorneys for Defendants Mark Pauling and Two Mile*
*Ranch General Partnership*

Christopher Carr
Dill Carr Stonbraker & Hutchings, PC
455 Sherman Street, Suite 300
Denver, CO 80203
ccarr@dillanddill.com
*Attorney for Defendant Jonathan Pauling*

Tracy A. Oldemeyer
Beau B. Bump
CLINE WILLIAMS
WRIGHT JOHNSON & OLDFATHER, L.L.P.
215 Mathews Street, Suite 300
Fort Collins, Colorado 80524
toldemeyer@clinewilliams.com
bbump@clinewilliams.com
*Attorneys for Farmers State Bank*

Peter C. Forbes
Carver Schwarz McNab Kamper & Forbes, LLC
1888 Sherman Street, Suite 400
Denver, CO 80203
pforbes@csmkf.com
*Attorneys for Lardyn Consulting, LLC and Elyce York*

*s/ Aaron Goldhamer*
Aaron Goldhamer