IN THE UNITED STATES DISTRCT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01224-RBJ

AMANDA WILSON, a Michigan citizen,

Plaintiff,

v.

JONATHAN PAULING, an individual Colorado citizen, MARK PAULING, an individual Colorado citizen, TWO MILE RANCH a/k/a TWO MILE RANCH GENERAL PARTNERSHIP, a Colorado General Partnership, ELYCE YORK, an individual Nebraska or Colorado citizen, LARDYN CONSULTING LLC, a Nebraska Limited Liability Company, and FARMERS STATE BANK, a Nebraska Corporation.

Defendants.

**DEFENDANTS MARK PAULING AND TWO MILE RANCH, GP'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND TO PERMIT COURT TO CONSIDER EXEMPLARY DAMAGES**

Defendants Mark Pauling[1] and Two Mile Ranch General Partnership ("TMR"), by and through their undersigned counsel, hereby submit their Response in opposition to Plaintiff's Motion to Amend her Complaint to permit her to seek exemplary damages ("Motion"), and state:

**INTRODUCTION**

The Court should deny Plaintiff's Motion (at least as to Mark Pauling and TMR, if not as to all Defendants) because it is completely untimely, having been filed well after the close of discovery in the case and a mere two months prior to the scheduled trial date. Plaintiff conducted

---

[1] Ordinarily, counsel would refer to this party simply as "Mr. Pauling," but given that there are multiple defendants with the same surname, counsel will refer to Mark Pauling as well as co-defendant Jonathan Pauling using their first names as well. No disrespect is intended thereby.

1

pre-filing discovery from the parties even before filing this action (having conducted discovery pursuant to Colorado Rule of Civil Procedure 69), and could have easily filed her motion to amend at any time in compliance with the regular deadlines in this case. Plaintiff did not previously seek to amend even when she could have previously established a *prima facie* case for exemplary damages (as is the standard under the statute), but instead has intentionally waited until discovery is already closed and she has obtained what she believes is the best and strongest evidence before filing her Motion. She did not diligently pursue discovery of the emails now forming the singular basis of her Motion, having delayed nearly nine months between requesting and receiving them. Plaintiff does not explain or provide good cause for her delay or her strategic tactic to wait until the last possible second before seeking to add a demand for exemplary damages, which fundamentally changes the nature of this case. Mark Pauling and TMR's defense strategy had been substantially directed in part by the fact that Plaintiff was <u>not</u> seeking exemplary damages previously, and this sudden change would cause substantial prejudice to them and their defense.

Even if the Court is willing to entertain the Motion, it should still be denied on the merits as to Mark Pauling and TMR because Plaintiff puts forth <u>absolutely no evidence</u> as required by the statute to establish a *prima facie* case that Mark Pauling or TMR (as opposed to other Defendants) acted with fraud, malice, or willfully and wantonly. Mark Pauling is not his brother's keeper, yet Plaintiff wishes for the Court to overlook that and automatically attribute any of Jonathan Pauling's actions and the actions of Farmer's State Bank to all the other Defendants, without evidentiary basis. Notably, Plaintiff's Motion does not submit any documents, communications, or other evidence that Mark Pauling knew of any alleged conspiracy, had any communications with anyone else, or that he or TMR acted in a knowing manner (much less a

fraudulent, malicious, or willful and wanton manner).  In evaluating the merits of the Motion, the Court should closely examine that Plaintiff paints with too broad a brush, and hold Plaintiff to the proper standard requiring her to establish that *each* Defendant acted fraudulently, maliciously, or willfully and wantonly.  She cannot and has not, and thus the Motion should be denied.

## ARGUMENT

I. **Plaintiff's Motion to Amend is untimely, and Plaintiff has not established good cause for her substantial delay in waiting until the eve of trial before filing her Motion.**

Plaintiff's Motion is wholly untimely, and Plaintiff fails to establish good cause for her delay.  She could have filed her Motion much earlier in the case (even before the original amendment deadline) but strategically chose not to do so, and did not timely or adequately prosecute discovery to properly or quickly obtain the emails forming the basis for her Motion.  Thus, her Motion should be denied.

Although leave to amend is often freely given, *see* Fed. R. Civ. P. 15, such leave need not be given when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Where a claimant's motion to amend comes after the deadline to amend pleadings in the scheduling order,[2] the movant must additionally establish there was good cause for the movant's delay.  *Gorsuch, Ltd. B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014).  The "good cause" standard requires the moving party to show that

---

[2] Plaintiff readily concedes that the deadline under the Scheduling Order to amend her pleading expired on April 27, 2020, and that her Motion here has not been filed until January 26, 2021, a full nine months after such deadline, after the close of discovery, and a mere two and a half months before trial.

3

despite her diligent efforts, she could not have reasonably met the scheduled deadline. *See Pumpco, Inc. v. Schenker International, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001).

To demonstrate good cause, Plaintiff must "show that [she was] diligent in attempting to meet the deadline[ ], " and provide "an adequate explanation for any delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006) (explaining that lateness itself does not justify denial of a motion to amend, but "undue" lateness does). It is true that "rigid adherence to the pretrial scheduling order is not advisable," *SIL-FIO v. SFHC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990), but it nonetheless remained Plaintiff's burden to conduct discovery efficiently and promptly in order to timely comply with the Court's deadlines. Delay is undue "when the party filing the motion has no adequate explanation for the delay," *Frank v. United States West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993), or when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank* , 893 F.2d 1182, 1185 (10th Cir. 1990).

"A party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time." *Minter,* 451 F.3d at 1205 (quoting *R.E.B., Inc. v. Ralston Purina Co.,* 525 F.2d 749, 751 (10th Cir. 1975)). And the longer the delay, "the more likely the motion to amend will be denied[.]" *Id.* (quoting *Steir v. Girl Scouts of the USA,* 383 F.3d 7, 12 (1st Cir. 2004)). A court need not find prejudice in order to deny the motion. *Id.* at 1206 n. 6.

Here, Plaintiff attempts to justify her belated motion by attaching a select few internal emails between Farmer's State Bank employees and executives, suggesting these emails were not

4

produced in discovery until November 2020 and therefore she should be allowed to amend now. However, Plaintiff was well aware (and had even pleaded) the facts to which these emails relate. In assessing the timeliness of the Motion, the Court should not simply compare the date of production of these few emails in isolation, but instead should examine Plaintiff's previous pleadings, her knowledge, and her failure to conduct diligent discovery prior to the amendment deadline and during the discovery period.

Prior to even filing this action, Plaintiff had already conducted C.R.C.P. Rule 69 depositions of Mark Pauling and Jonathan Pauling, as well as received records from Farmer's State Bank pursuant to subpoena. Most of her allegations in her original Complaint are direct factual allegations (not made on information and belief, or indicating that she needs any further discovery to substantiate her claims). *See* Complaint, ECF No. 1. The Scheduling Conference in this case occurred on February 19, 2020, which itself was almost a year after Plaintiff originally filed this action on April 25, 2019. Following the Scheduling Conference in this case, the Court scheduled the amendment deadline for April 3, 2020. ECF No. 52. The Court then extended this deadline to April 27, 2020 on Plaintiff's unopposed motion. ECF No. 55.

On March 2, 2020, Plaintiff served her first set of discovery requests on the Bank. *See* Exhibit A hereto. Among these, she requested all communications (including email communications) concerning any loans or payments of money from the Bank to any of the Defendants and certain non-defendants as well, as well as email communications with any of the Defendants. *See* Ex. A at pp. 1-4. The bank responded on April 5, 2020, and Plaintiff thereafter took the deposition of bank executives Steve Stull and Richard Stull two months later in June 2020. After those depositions, Plaintiff issued new requests for production explicitly seeking internal

5

communications about the Defendants, *see* attached Exhibit B, which were arguably subsumed in Plaintiff's original requests anyway. The bank responded to these requests on July 29, 2020, objecting to the scope and relative burden to search for and produce seven years of emails compared with the documents that had already been produced to Plaintiff concerning the applicable loans. *See* Exhibit C, attached.

Plaintiff then waited <u>over three more months</u> before ever bringing the issue to the Court's attention, from the end of July until the beginning of November 2020. *See* ECF No. 73 (setting telephonic discovery dispute hearing). In total, Plaintiff waited seven months, from the beginning of April until the beginning of November, before ever seeking an order for production of these particular emails which she had requested but were not previously produced. *See Buttler v. Benson*, 193 F.R.D. 664, 666 (D. Colo. 2000) ("A party cannot ignore available discovery remedies for months and then, on the eve of trial, move the court for an order compelling production.").

Plaintiff's Motion ignores this timeline, and does not describe or provide any justification why she waited this extended period of time. Even assuming for the sake of argument that Plaintiff contends she was trying to work cooperatively and professionally with the Bank's counsel to obtain production before seeking court intervention (as would be proper), such cooperative activity does not provide good cause or justification for the prejudice that the late Motion causes to the other Defendants who were not even involved in such discussions. From Mark Pauling and TMR's perspective, if Plaintiff truly felt these emails were necessary, there were procedural mechanisms Plaintiff could and should have utilized in July (if not before) to obtain timely production of the documents – not just to prosecute her case, but to also allow Mark Pauling and TMR to timely and adequately prepare their defense based on the documents. Allowing Plaintiff to wait until after

6

discovery closes before even raising the discovery dispute with the Court, and now seeking to completely modify her pleading based on these documents (when Defendants cannot adequately shift their defensive strategy this close to trial), is clearly prejudicial and does not constitute good cause by Plaintiff.  Plaintiff's Motion completely skips over her burden to explain to the Court why she delayed as long as she did in obtaining the documents in the first place.

Nor are these emails some sort of bombshell revelation previously unknown to Plaintiff – in truth, there are merely additional documents that simply repeat information and evidence already known to and alleged by Plaintiff.  Without making Plaintiff's case on the merits for her, Plaintiff's own allegations in her previous pleadings suggest that she could have established a necessary *prima facie* case for exemplary damages from the Bank well before the date she actually filed her Motion (and even before the April 27, 2020 deadline as well).  In her pre- litigation Rule 69 discovery in the State Case, Plaintiff had already received documents from the Bank and was already well aware of TMR's bankruptcy filing, the Bank's participation in that filing, the machinations and procedures by the Defendants to transfer TMR's assets to Lardyn Consulting, and the Bank's activities with Defendants.  Plaintiff's own First Amended Complaint is replete with allegations about the Bank's actions and knowledge in this regard.  *See* First Amended Complaint, ECF No. 15, at ¶¶ 44-48.  These allegations do not indicate they are alleged "on information and belief" or required any further discovery to prove, and are clearly based on the information Plaintiff already knew.  Thus, the emails received by Plaintiff in November 2020, while being *additional* information in support of her claims, do not constitute *new or different* facts she did not previously know.  It simply does not constitute "good cause" for Plaintiff to strategically delay filing her Motion so that she could seek more evidence and all possible

7

discovery, waiting until the last possible moment before trial to spring her Motion on Defendants because she finally believed she had found what she believed to be overwhelming evidence (rather than sufficient *prima facie* evidence).

II. **Plaintiff does not put forth a *prima facie* case to seek exemplary damages from Mark Pauling or TMR.**

Putting aside the time delay, Plaintiff's Motion should be denied on the merits because, even though she seeks permission for exemplary damages against all of the Defendants, she only submits evidence related to Farmer's State Bank and Jonathan Pauling. There is no evidence submitted as to Mark Pauling, TMR, Elyce York, or Lardyn Consulting which establishes a *prima facie* case for obtaining exemplary damages from these other Defendants.

Allegations based upon allegations of fraud, malice, or willful and wanton conduct must be established with particularity *as to each defendant*, and cannot be alleged collectively. *See Seni ex rel. Ciber, Inc. v. Peterschmidt*, 2013 WL 1191265 at *3 (D. Colo. March 22, 2013)(group pleading is insufficient to state a plausible claim implicating a particular defendant: "The fact that one individual had certain knowledge or motivation or took a certain action does not create an assumption or presumption that others in a group with that individual share that knowledge or motivation or took the same action."); *Cf.* Fed. R. Civ. P. 9 (requiring that claims alleging fraud be alleged with particularity).

"Willful and wanton conduct" is conduct "purposefully committed which the actor must have realized was dangerous, done heedlessly and recklessly, without regard to consequences or to the rights and safety of others, particularly the plaintiff." C.R.S. § 13-21-102(1)(b). "Where the defendant is conscious of his conduct and the existing conditions and knew or should have known that injury would result, the statutory requirements of section 13-21-102 are met." *Coors v. Sec.*

8

*Life of Denver Ins. Co.*, 112 P.3d 59, 66 (Colo. 2005) (citations omitted). "However, conduct that is merely negligent, without more, will not support a claim for exemplary damages, even under the lenient standard described above." *Tri-Aspen Constr. Co. v. Johnson*, 714 P.2d 484, 488 (Colo. 1986).

It is the movant's burden to bring forth prima facie evidence justifying a request to seek exemplary damages, by showing the existence of facts which give rise to a reasonable likelihood that the issue will ultimately be submitted to the jury for resolution. *Ferrer v. Okbamicael*, 390 P.3d 836 (Colo. 2017).  Such proof must be established "through discovery, by evidentiary means, or by an offer of proof," and cannot simply be established based on Plaintiff's allegations or by arguments of counsel alone.  *Stamp v. Vail Corp.*, 172 P.3d 437, 449 (Colo. 2007).

Here, Plaintiff's Motion is focused exclusively on co-defendants Farmer's State Bank and Jonathan Pauling, and does not explain or submit any evidence of fraudulent, malicious, or willful and wanton conduct by Defendants Mark Pauling or TMR.  The emails submitted by Plaintiff are internal emails from the Bank concerning their internal deliberations and actions.  None of them were sent to or received by Mark Pauling or TMR, or even describe any conversations with Mark Pauling or TMR.  While there are a few references that the bank executives were "working with Mark and Jon," there is no evidence submitted in support of the Motion as to any actual statement, action, or inaction by Mark Pauling or TMR themselves.

Plaintiff's improper collective arguments are laid bare in her Motion.  She uses the plural or plural possessive "Defendants'" <u>twenty-six times</u> in her Motion, without clarification.  It is plain and clear that she wishes for all of the Defendants to be liable for Jonathan Pauling's actions: from the bank, to his brother, to the brothers' partnership TMR, to his girlfriend, to his girlfriend's

9

company that purchased TMR's assets.  Plaintiff references in multiple places that "Defendants" (plural) deny certain allegations, but then *only* cites to Plaintiff's First Amended Complaint (ECF No. 15) and the bank's Answer to it (ECF No. 60) – Plaintiff does not even reference the pleadings submitted by the other Defendants.  There is *no evidence whatsoever* concerning Mark Pauling submitted with the Motion, and nothing upon which the Court can determine that a fact-finder could find Mark Pauling and TMR acted fraudulently, maliciously, or willfully and wantonly.

Without any evidence supporting the Motion, there can be no *prima facie* evidence to seek exemplary damages against any of these other defendants (except Jonathan himself and possibly the bank).  The Court cannot and should not just accept Plaintiff's argument that there might be other evidence showing active fraudulent intent, malice, or willful and wanton conduct by Mark Pauling, TMR, or the other Defendants – her burden here was to submit that *prima facie* evidence, and she did not.  Even under the lenient standards of C.R.S. § 13-17-102, Plaintiff is still obligated to put forth a minimum set of facts which establish a *prima facie* case to seek exemplary damages.  Because she has not done so as to Mark Pauling or TMR, the Court should deny the Motion (at least as to Mark Pauling and TMR).

## **CONCLUSION**

In sum, Plaintiff's Motion is grossly untimely, she does not establish good cause for her extreme delay, and she does not put forth a *prima facie* case that she should be permitted to seek exemplary damages from Mark Pauling or TMR at all.  Based on her own allegations in her original pleadings, she could have moved prior to the Court's deadlines to seek exemplary damages early in this case – she did not.  She did not timely or adequately prosecute discovery in this case until after discovery had already closed, and is now trying to lean on a few select emails from one

10

Defendant (which only confirm evidence she already knew) as a justification for her delay. Her Motion does not put forth *any* evidence (much less *prima facie* evidence) against any defendants other than co-defendants Jonathan Pauling and Farmer's State Bank, if at all. The Court should decline Plaintiff's invitation to allow a sudden and drastic increase in the amount of potential damages she seeks from all the Defendants, especially where she has not complied with the requirements of the statute in the first place.

WHEREFORE, Defendants Mark Pauling and Two Mile Ranch General Partnership respectfully request that Plaintiff's Motion for Leave to further amend her Complaint to seek exemplary damages be denied, and that the Court grant such other and further relief as it deems just and proper.

DATED this 16th day of February, 2021.

                                                  ANTERO LAW, LLC

                                                  */s/Livingston Keithley*
                                                  R. Livingston Keithley
                                                  1700 Broadway, Suite 640
                                                  Denver, Colorado  80290
                                                  Phone:  720-990-5530
                                                  Email:    LKeithley@anterolaw.com
                                                  *Attorneys for Defendants Mark Pauling and Two Mile Ranch General Partnership*

**CERTIFICATE OF SERVICE**

        I hereby certify that on this 16th day of February, 2021, a true and correct copy of the foregoing **DEFENDANTS MARK PAULING AND TWO MILE RANCH, GP'S ANSWER TO AMENDED COMPLAINT** was electronically served via the Court's ECF Document Filing System and/or email upon the following:

Ross W. Pulkrabek
Aaron D. Goldhamer
Keating Wagner Polidori Free, PC
1290 Broadway, Suite 600
Denver, CO 80203
rpulkrabek@keatingwagner.com
agoldhamer@keatingwagner.com
*Attorneys for Plaintiff*

Jonathan Pauling
60773 North Highway 71
Stoneham, CO 80754
paulingjonathan2@gmail.com
*Pro Se*

Tracy A. Oldemeyer
Beau B. Bump
Cline Williams Wright Johnson & Oldfather, LLP
215 Mathews Street, Suite 300
Fort Collins, CO  80524
toldemeyer@clinewilliams.com
bbump@clinewilliams.com
*Attorneys for Farmers State Bank*

Peter C. Forbes
Carver Schwarz McNab Kamper & Forbes, LLC
1888 Sherman Street, Suite 400
Denver, CO 80203
pforbes@csmkf.com
*Attorneys for Lardyn Consulting, LLC and Elyce York*

                                                              */s/Livingston Keithley*
                                                              R. Livingston Keithley