IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-01224-RBJ-STV

AMANDA WILSON, a Michigan citizen,

Plaintiff,

v.

JONATHAN PAULING, an individual Colorado citizen, MARK PAULING, an individual Colorado citizen, TWO MILE RANCH a/k/a TWO MILE RANCH GENERAL PARTNERSHIP, a Colorado General Partnership, ELYCE YORK, an individual Nebraska or Colorado citizen, LARDYN CONSULTING LLC, a Nebraska Limited Liability Company, and FARMERS STATE BANK, a Nebraska Corporation

Defendants.

---

## FARMERS STATE BANK'S
## ANSWER TO SECOND AMENDED COMPLAINT

---

COMES NOW Defendant Farmers State Bank ("FSB") under Fed. R. Civ. P. 8, 10, 11 and 12, and for its Answer to the Second Amended Complaint (Doc. 91), hereby admits, denies, and alleges as follows:

### STATEMENT OF THE CASE

FSB states and alleges that the "Statement of the Case" portion of the Second Amended Complaint is improper under and fails to comply with Fed. R. Civ. P. 8 and 10 and should be stricken under Fed. R. Civ. P. 12(f). To the extent the Court may require a response, FSB denies in its entirety the "Statement of the Case" portion of the Second Amended Complaint.

1

**PARTIES, JURISDICTION, AND VENUE**

1.     FSB is without sufficient information to either admit or deny the allegations in Paragraph 1 of the Second Amended Complaint, and therefore, denies the same.

2.     FSB admits Jon Pauling is a resident of Colorado, but FSB is without sufficient information to either admit or deny the other allegations in Paragraph 2 of the Second Amended Complaint, and therefore, denies the same.

3.     FSB admits Mark Pauling is Jon Pauling's brother, but FSB is without sufficient information to either admit or deny the other allegations in Paragraph 3 of the Second Amended Complaint, and therefore, denies the same.

4.     FSB admits that Two Mile Ranch General Partnership is and was at the time of the filing of this action a Colorado general partnership consisting of two partners (Jon Pauling and Mark Pauling), but FSB is without sufficient information to either admit or deny the other allegations in Paragraph 4 of the Second Amended Complaint, and therefore, denies the same.

5.     FSB admits that Elyce York lives in Nebraska, but FSB is without sufficient information to either admit or deny the allegations in Paragraph 5 of the Second Amended Complaint, and therefore, denies the same.

6.     FSB admits that Lardyn Consulting LLC is a Nebraska limited liability company whose principal place of business is 2561 S. 125th Ave., Omaha, Nebraska, 68144 and whose members over time have varied but may include been Elyce York, Mark Pauling, Pauling Hauling, LLC, Cherry Creek

Cattle Company, LLC, and Elyce York Trust #1, but FSB is without sufficient information to either admit or deny the other allegations in Paragraph 6 of the Second Amended Complaint, and therefore, denies the same.

7.    FSB admits that it is a regulated bank with offices in Nebraska and that it has had or has as its customers:  Two Mile Ranch General Partnership, Jon Pauling, Mark Pauling, entities controlled by them, and Elyce York or entities controlled by her and that FSB has recorded and filed documents in Colorado perfecting its security interests. FSB admits that this Court has personal jurisdiction.  FSB denies the other allegations in Paragraph 7 of the Second Amended Complaint.

8.    FSB admits that diversity jurisdiction is proper in this Court as alleged in Paragraph 8 of the Second Amended Complaint.

9.    FSB admits that venue is proper in this Court as alleged in Paragraph 9 of the Second Amended Complaint.

**GENERAL ALLEGATIONS**

10.    FSB is without sufficient information to either admit or deny the allegations in Paragraph 10 of the Second Amended Complaint, and therefore, denies the same.

11.    FSB admits that in Denver District Court Case No. 2013CV53298, Amanda Wilson obtained a jury verdict in her favor against Jonathan Pauling and, on October 23, 2015, judgment was entered on the jury verdict in the amount of $3,918,166.00, representing economic damages in the amount of

$732,136.00, non-economic damages in the amount of $936,000, and punitive damages in the amount of $2,250,000.00. The trial court awarded Plaintiff costs and prejudgment interest. However, the court did not reduce the prejudgment interest to a sum certain.  FSB is without sufficient information to either admit or deny the remaining allegations in Paragraph 11 of the Second Amended Complaint, and therefore, denies the same.

12.    FSB admits the allegations in Paragraph 12 of the Second Amended Complaint.

13.    FSB admits that (i) on July 25, 2018, an additional award of $40,292.98 for costs in the State Case was entered in Plaintiff's favor against Jonathan Pauling, (ii) n December 19, 2018, the State Case judgment was amended to include certain prejudgment interest, which added $430,971.24 to the judgment, and (iii) on December 19, 2018, the State Case judgment was further increased when the Denver District Court granted Plaintiff's motion and increased the punitive damage award by an additional $1,948,274.48 and entered judgment.  FSB is without sufficient information to either admit or deny the allegations in Paragraph 13 of the Second Amended Complaint, and therefore, denies the same.

14.    FSB is without sufficient information to either admit or deny the allegations in Paragraph 14 of the Second Amended Complaint, and therefore, denies the same.

15.    FSB is without sufficient information to either admit or deny the allegations in Paragraph 15 of the Second Amended Complaint, and therefore, denies the same.

16.    Upon information and belief, FSB admits that Two Mile Ranch General Partnership was not a party to the State Case, but FSB is without sufficient information to either admit or deny the allegations in Paragraph 16 of the Second Amended Complaint, and therefore, denies the same.

17.    FSB admits that Two Mile Ranch General Partnership is a Colorado general partnership formed about February 1986 by Jon Pauling and Mark Pauling which owned or managed agricultural and residential properties and engaged in a variety of farming and ranching activities.  FSB denies the other allegations in Paragraph 17 of the Second Amended Complaint.

18.    FSB admits that the Two Mile Ranch General Partnership Agreement states profits and losses are co-equal or split 50/50 as alleged in Paragraph 18 of the Second Amended Complaint.

19.    FSB admits that Plaintiff has quoted Section 1.05 of the Two Mile Ranch General Partnership Agreement in Paragraph 19 of the Second Amended Complaint.

20.    FSB admits that Plaintiff obtained a charging order in the State Case, but FSB is without sufficient information to either admit or deny the other allegations in Paragraph 20 of the Second Amended Complaint, and therefore, denies the same.

21.    FSB is without sufficient information to either admit or deny the allegations in Paragraph 21 of the Second Amended Complaint, and therefore, denies the same.

22.    FSB is without sufficient information to either admit or deny the allegations in Paragraph 22 of the Second Amended Complaint, and therefore, denies the same.

23.    FSB is without sufficient information to either admit or deny the allegations in Paragraph 23 of the Second Amended Complaint, and therefore, denies the same.

24.    FSB is without sufficient information to either admit or deny the allegations in Paragraph 24 of the Second Amended Complaint, and therefore, denies the same.

25.    FSB admits the allegations in Paragraph 25 of the Second Amended Complaint.

26.    Upon information and belief, FSB admits that Elyce York is a member of Lardyn Consulting, LLC, is listed in public records of Nebraska as the registered agent of Lardyn Consulting, LLC, and has signed documents on its behalf, but FBS is without sufficient information to either admit or deny the other allegations in Paragraph 26 of the Second Amended Complaint, and therefore, denies the same.

27.    Upon information and belief, FSB admits that Mark Pauling is a member of Lardyn Consulting, LLC as alleged in Paragraph 27 of the Second Amended Complaint.

28.    FSB admits a Statement of Foreign Entity Authority related to Lardyn Consulting, LLC was filed with the Colorado Secretary of State on April 9, 2018, but FBS is without sufficient information to either admit or deny the other allegations in Paragraph 28 of the Second Amended Complaint, and therefore, denies the same.

29.    FSB is without sufficient information to either admit or deny the allegations in Paragraph 29 of the Second Amended Complaint, and therefore, denies the same.

30.    FSB admits a periodic report related to Lardyn Consulting, LLC was filed with the Colorado Secretary of State on March 31, 2019, but FBS is without sufficient information to either admit or deny the other allegations in Paragraph 30 of the Second Amended Complaint, and therefore, denies the same.

31.    FSB admits that Brian Bates is listed in public records of Colorado as the registered agent of Lardyn Consulting, LLC, but FSB is without sufficient information to either admit or deny the allegations in Paragraph 31 of the Second Amended Complaint, and therefore, denies the same.

32.    FSB is without sufficient information to either admit or deny the allegations in Paragraph 32 of the Second Amended Complaint, and therefore, denies the same.

33.     FSB is without sufficient information to either admit or deny the allegations in Paragraph 33 of the Second Amended Complaint, and therefore, denies the same.

34.     FSB is without sufficient information to either admit or deny the allegations in Paragraph 34 of the Second Amended Complaint, and therefore, denies the same.

35.     Upon information and belief, FSB admits that Two Mile Ranch General Partnership sold property to Lardyn Consulting, LLC, but FSB is without sufficient information to either admit or deny the allegations in Paragraph 35 of the Second Amended Complaint, and therefore, denies the same.

36.     FSB is without sufficient information to either admit or deny the allegations in Paragraph 36 of the Second Amended Complaint, and therefore, denies the same.

37.     FSB is without sufficient information to either admit or deny the allegations in Paragraph 37 of the Second Amended Complaint, and therefore, denies the same.

38.     FSB is without sufficient information to either admit or deny the allegations in Paragraph 38 of the Second Amended Complaint, and therefore, denies the same.

39.     FSB denies the allegations in Paragraph 39 of the Second Amended Complaint.

40.     FSB denies the allegations in Paragraph 40 of the Second Amended Complaint.

41.     FSB denies the allegations in Paragraph 41 of the Second Amended Complaint.

42.     FSB denies the allegations in Paragraph 42 of the Second Amended Complaint.

43.     FSB admits that it made loans to Two Mile Ranch General Partnership in 2015, but FSB denies the other allegations in Paragraph 43 of the Second Amended Complaint.

44.     FSB admits that on April 29, 2016, it produced bank records to Plaintiff's attorney Ross W. Pulkrabek after being served with a subpoena duces tecum, but FSB denies the other allegations in Paragraph 44 of the Second Amended Complaint.

45.     FSB denies the allegations in Paragraph 45 of the Second Amended Complaint.

46.     FSB denies the allegations in Paragraph 46 of the Second Amended Complaint.

47.     FSB admits it has recorded and filed documents in Colorado perfecting its security interests with respect to loans, but FSB denies the other allegations in Paragraph 47 of the Second Amended Complaint.

48.     FSB denies the allegations in Paragraph 48 of the Second Amended Complaint.

## FIRST CLAIM FOR RELIEF

49.     FSB incorporates the admissions, allegations, and denials of paragraphs 1 through 48 as if fully set forth herein.

50.     The allegations in paragraph 50 call for a legal conclusion to which no response is required.  To the extent any response may be required, FSB denies the allegations in Paragraph 50 of the Second Amended Complaint.

51.     The allegations in paragraph 51 call for a legal conclusion to which no response is required.  To the extent any response may be required, FSB denies the allegations in Paragraph 51 of the Second Amended Complaint.

52.     The allegations in paragraph 52 call for a legal conclusion to which no response is required.  To the extent any response may be required, FSB denies the allegations in Paragraph 52 of the Second Amended Complaint.

53.     The allegations in paragraph 53 call for a legal conclusion to which no response is required.  To the extent any response may be required, FSB denies the allegations in Paragraph 53 of the Second Amended Complaint.

54.     The allegations in paragraph 54 call for a legal conclusion to which no response is required.  To the extent any response may be required, FSB denies the allegations in Paragraph 54 of the Second Amended Complaint.

55.     The allegations in paragraph 55 call for a legal conclusion to which no response is required.  To the extent any response may be required, FSB denies the allegations in Paragraph 55 of the Second Amended Complaint.

56.     FSB is without sufficient information to either admit or deny the allegations in Paragraph 56 of the Second Amended Complaint, and therefore, denies the same.

57.     The allegations in paragraph 57 call for a legal conclusion to which no response is required.  To the extent any response may be required, FSB denies the allegations in Paragraph 57 of the Second Amended Complaint.

58.     FSB is without sufficient information to either admit or deny the allegations in Paragraph 58 of the Second Amended Complaint, and therefore, denies the same.

59.     The allegations in paragraph 59 call for a legal conclusion to which no response is required.  To the extent any response may be required, FSB denies the allegations in Paragraph 59 of the Second Amended Complaint.

**SECOND CLAIM FOR RELIEF**

60.     FSB incorporates the admissions, allegations, and denials of paragraphs 1 through 59 as if fully set forth herein.

61.     FSB is without sufficient information to either admit or deny the allegations in Paragraph 61 of the Second Amended Complaint, and therefore, denies the same.

62.     The allegations in paragraph 62 call for a legal conclusion to which no response is required.  To the extent any response may be required, FSB denies the allegations in Paragraph 62 of the Second Amended Complaint.

63.     The allegations in paragraph 63 call for a legal conclusion to which no response is required.  To the extent any response may be required, FSB denies the allegations in Paragraph 63 of the Second Amended Complaint.

64.      The allegations in paragraph 64 call for a legal conclusion to which no response is required.  To the extent any response may be required, FSB denies the allegations in Paragraph 64 of the Second Amended Complaint.

65.     The allegations in paragraph 65 call for a legal conclusion to which no response is required.  To the extent any response may be required, FSB denies the allegations in Paragraph 65 of the Second Amended Complaint.

66.     The allegations in paragraph 66 call for a legal conclusion to which no response is required.  To the extent any response may be required, FSB denies the allegations in Paragraph 66 of the Second Amended Complaint.

67.     The allegations in paragraph 67 call for a legal conclusion to which no response is required.  To the extent any response may be required, FSB denies the allegations in Paragraph 67 of the Second Amended Complaint.

68.     FSB is without sufficient information to either admit or deny the allegations in Paragraph 68 of the Second Amended Complaint, and therefore, denies the same.

69.     The allegations in paragraph 69 call for a legal conclusion to which no response is required.  To the extent any response may be required, FSB denies the allegations in Paragraph 69 of the Second Amended Complaint.

**THIRD CLAIM FOR RELIEF**

70.     FSB incorporates the admissions, allegations, and denials of paragraphs 1 through 69 as if fully set forth herein.

71.     FSB denies the allegations in Paragraph 71 of the Second Amended Complaint.

72.     FSB denies the allegations in Paragraph 72 of the Second Amended Complaint.

73.     FSB denies the allegations in Paragraph 73 of the Second Amended Complaint.

74.     FSB denies the allegations in Paragraph 74 of the Second Amended Complaint.

75.     FSB denies the allegations in Paragraph 75 of the Second Amended Complaint.

**EXEMPLARY DAMAGES**

76.     FSB denies the allegations in Paragraph 76 of the Second Amended Complaint.

77.     FSB denies the allegations in Paragraph 77 of the Second Amended Complaint.

78.     FSB denies the allegations in Paragraph 78 of the Second Amended Complaint.

79.     FSB denies the allegations in Paragraph 79 of the Second Amended Complaint.

80.     FSB denies the allegations in Paragraph 80 of the Second Amended Complaint.

81.     FSB denies the allegations in Paragraph 81 of the Second Amended Complaint.

82.     FSB denies the allegations in Paragraph 82 of the Second Amended Complaint.

83.     FSB denies the allegations in Paragraph 83 of the Second Amended Complaint.

84.     FSB denies the allegations in Paragraph 84 of the Second Amended Complaint.

85.     FSB denies the allegations in Paragraph 85 of the Second Amended Complaint.

86.     FSB admits the allegations in Paragraph 86 of the Second Amended Complaint.

87.     FSB denies the allegations in Paragraph 87 of the Second Amended Complaint.

88.     FSB denies the allegations in Paragraph 88 of the Second Amended Complaint.

89.     FSB admits that it discussed with debtor during the pendency of the Chapter 11 case many issues related to FSB's collateral, including a motion for relief from stay and dismissal of the Chapter 11 case and a sale of assets, but denies the allegations in Paragraph 89 of the Second Amended Complaint.

90.     FSB denies the allegations in Paragraph 90 of the Second Amended Complaint.

91.     FSB denies the allegations in Paragraph 91 of the Second Amended Complaint.

92.     FSB denies the allegations in Paragraph 92 of the Second Amended Complaint.

93.     The Court granted Plaintiff leave to pursue exemplary damages.  To the extend paragraph 93 is an allegation to which a response is required, FSB denies the allegations in Paragraph 93 of the Second Amended Complaint.

### DEFENSES AND AFFIRMATIVE DEFENSES

94.     FSB denies each and every allegation, heading, and statement in the Second Amended Complaint except those expressly admitted herein.

95.     FSB alleges that the Second Amended Complaint fails to state facts upon which relief may be granted.

96.     FSB alleges that Two Mile Ranch General Partnership is not a Debtor of Wilson under CUFTA.

97.     FSB alleges that Two Mile Ranch General Partnership property is not an asset under CUFTA because Two Mile Ranch General Partnership is not a Debtor of Wilson under CUFTA.

98.      FSB alleges that Two Mile Ranch General Partnership property is not an asset under CUFTA because there was no equity in the property as a

result of the valid liens or encumbrances against the Two Mile Ranch General Partnership property that exceeded the property's value.

99.   FSB alleges it is entitled to enforce its valid security interests.

100.   FSB alleges that Plaintiff's claims are barred by the applicable statute of limitation.

101.   FSB alleges the defenses of good faith and reasonably equivalent value.

102.   FSB alleges all defenses under C.R.S. § 38-8-109.

WHEREFORE, having fully answered Plaintiff's Second Amended Complaint, Defendant Farmers State Bank prays that Plaintiff's Second Amended Complaint be dismissed with prejudice, that judgment be entered in favor of FSB and against Plaintiff, that FSB recover its costs and expenses as provided by law, and for such other and further relief as the Court deems just and equitable.

Respectfully submitted this 24th day of March 2021.

> FARMERS STATE BANK,   Defendant
> By:   /s/Tracy A. Oldemeyer
> Tracy A. Oldemeyer, #28246
> CLINE WILLIAMS
>   WRIGHT JOHNSON & OLDFATHER, L.L.P.
> 215 Mathews Street, Suite 300
> Fort Collins, Colorado 80524
> Telephone: (970) 221-2637
> Fax: (970) 221-2638
> toldemeyer@clinewilliams.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of March 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Ross W. Pulkrabek
Aaron D. Goldhammer
Keating Wagner Polidori Free, PC
1290 Broadway, Suite 600
Denver, CO 80203
rpulkrabek@keatingwagner.com
agoldhamer@keatingwagner.com

R. Livingston Keithley
Antero Law, LLC
1700 Broadway, Suite 640
Denver, CO  80290
LKeithley@anterolaw.com

Jonathan Pauling
paulingjonathan2@gmail.com

Peter C. Forbes
Carver Schwarz McNab Kamper & Forbes, LLC
1888 Sherman Street, Suite 400
Denver, CO 80203
pforbes@csmkf.com

/s/Tracy A. Oldemeyer
Tracy A. Oldemeyer

4811-0718-0255, v. 1

17