IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-01224-RBJ-STV

AMANDA WILSON, a Michigan citizen,

Plaintiff,

v.

JONATHAN PAULING, an individual Colorado citizen, et al.

Defendants.

## DEFENDANT FARMERS STATE BANK'S AMENDED TRIAL BRIEF

Defendant Farmers State Bank ("FSB") submits its Amended Trial Brief.[1] Plaintiff is a Judgment Creditor of Jon Pauling's. Her judgment is uncollectible. It was uncollectible when it was entered in October of 2015. Jon Pauling's financial circumstances were awful prior to the judgment and did not improve after the judgment. Plaintiff's judgment remains uncollectible, even when one considers Two Mile Ranch general partnership ("TMR"). TMR is a Colorado farm and ranch formed in 1986 by Jon Pauling and his brother Mark.

The Second Amended Complaint (Doc. 91) alleges two violations of Colorado's Uniform Fraudulent Transfer Act ("CUFTA"):

(1) Jon Pauling's transfer to his brother Mark 40% of Jon Pauling's ownership in Two Mile Ranch, a general partnership ("First Claim for Relief"); and

---

[1] FSB detailed what the evidence at trial will show. *See* FSB's Response in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint. Doc. 83 at 1-9. The Parties have also stipulated to a few facts. *See* Doc. 95.

1

> (2) Two Mile Ranch's transfer of real property to Lardyn Consulting, LLC in April 2017 ("Second Claim for Relief").

In the Third Claim for Relief, Plaintiff alleges that FSB conspired with the other defendants to carry out the above transfers. Doc. 91 at 19-20.

Plaintiff seeks an award of exemplary damages. Doc. 91 at 20-23. Exemplary damages are unavailable under CUFTA. Morris v. Askeland Enterprises, 17 P.3d 830, 832-33 (Colo. App. 2000).

Plaintiff seeks an award of attorneys' fees Doc. 91 at 25. Attorneys' fees are not available under CUFTA. Id. at 833.

As to the transfer alleged in her First Claim for Relief, there will be no evidence that FSB was part of any conspiracy. The evidence will show that FSB had no role in and no interest or concern about percentages of ownership or allocations of profit and loss as between the partners. At all times since the lending relationship started January 2013, FSB had unlimited guarantys from both of the partners making them each 100% liable for the partnership's debt. Further, this claim is time barred by the applicable one year limitation period. C.R.S. §§ 38-8-110(1)(c) and 38-8-106(2).

As to the transfer alleged in her Second Claim for Relief, Plaintiff believes she could have collected an unspecified portion of her judgment from Jon Pauling's partnership interest in TMR. As to TMR, her collection remedy is limited to a charging order,[2] which would have redirected to her any distributions

---

[2] FSB was able to locate one case in which the court examined the definitions of "creditor," "debtor," and "claim" in the Uniform Fraudulent Transfer Act in the context of a charging order. In Merrill Ranch Properties, LLC v. Austell, 336 Ga. App. 722, 728-730 (2016). RES-GA McDonough, LLC v. Taylor English Duma LLP, 302 Ga. 444 (2017) is subsequent negative

to which Jon Pauling was entitled. Mountain States Bank v. Irvin, 809 P.2d 1113, 1115 (Colo. App. 1991) (recording a transcript of a judgment against an individual partner does not establish a lien "against real property owned by [a] partnership. Such recording establishes a lien only against the real property owned by the debtor within the county where it is recorded.") Plaintiff has no right to TMR property. Id.[3] Plaintiff mistakenly believes that mineral interests in Weld County owned by TMR were worth more than $2,220,000 when they were sold in April 2017, and that, even after paying off all of the debt TMR owed FSB, there would have been something left over for her.

FSB became TMR's lender in January 2013, or before Plaintiff was sexually assaulted by Jon Pauling. FSB made loans totaling $8,650,000,[4] which added to the $464,109.00 or so in debt of JMP Enterprises that TMR had previously guaranteed. FSB perfected its security interests in TMR's collateral, recording Deeds of Trust on real property in Logan County and Weld County, requiring security agreements, and filing UCC Financing Statements. FSB required personal guarantys from the two partners. The loans were also cross-collateralized with a residence and the assets of Jon Pauling's businesses.

By the beginning of 2015, TMR was already a problem borrower and in a workout situation with FSB. TMR filed for Chapter 11 bankruptcy protection in

---

authority, but it is based on a 2015 change in the law addressing a different issue – whether a right of action arising from fraud is assignable.

[3]     CUFTA defines an "asset" in part as "the property of a debtor." C.R.S. § 38-8-102(2). TMR is not a debtor of Plaintiff, so its property is not an asset under CUFTA.

[4]     The total loaned was $8,500,000 to TMR and $150,000 to a Jon Pauling entity Two Mile Ranch Market Company LLC.

3

July 2016. After months and months of delay while TMR tried to put together a Chapter 11 plan, FSB had a business decision to make. FSB could foreclose on and liquidate TMR's assets to pay down TMR's then-existing debt and immediately realize a large loss, or FSB could allow TMR to sell some of its assets to Lardyn (paying down TMR debt with the sale proceeds) and fund Lardyn's purchase of those assets in order for Lardyn to start up a commercial feedlot operation to see if Lardyn could thereafter service the debt. FSB agreed to the latter, which was completed in April 2017 after the Chapter 11 case was dismissed. The assets sold were as follows:

- Logan County Farm and Ranch - $4,270,000
- Machinery and Equipment - $610,000
- Weld County Mineral Interests - $2,220,000

FSB did not set these prices. FSB did not have a legal duty to look out for anyone's interest but its own when it pondered its options, including the sales proposed by TMR.

The crux of this case seems to be whether the Weld County Mineral Interests were sold for reasonably equivalent value.[5] The evidence will show that they were. If the Court determines that they were not, then other questions arise: (a) what was the reasonably equivalent value, and (b) using that figure, whether there would have been a balance left after TMR's debt secured by FSB's valid liens was paid. The evidence will not show that there would have been

---

[5] *See* discussion of reasonably equivalent value in <u>Fifth Third bank v. Morales</u>, 2017 WL 649108 *4 (D. Colo. 2017).

4

something left over for TMR to then decide to distribute to the partners, at which time Plaintiff's charging order would redirect to her anything Jon Pauling was to receive. Wilson does <u>not</u> have an appraiser who will testify at trial that he or she appraised the mineral interests sold as of April 2017 and that reasonably equivalent value was something greater than the sale price of $2,220,000.

CUFTA's definition of an "asset" expressly excludes "(a) Property to the extent it is encumbered by a valid lien." C.R.S § 38-8-102(2)(a). When a piece of property is encumbered by a valid lien that exceeds the property's value, the property is not considered an "asset" for purposes of CUFTA. <u>Board of County Comm'rs of County of Park v. Park County Sportsmen's Ranch, LLP</u>, 271 P.3d 562, 571 (Colo. App. 2011) (jury's verdict under CUFTA set aside because the creditors would not have recovered had the transfer not taken place; the ranch was worth approximately $1.1M but was encumbered by deed of trust securing a note with a balance of $1.6M). Plaintiff has no recovery against FSB for any alleged conspiracy because she did not sustain damage. <u>Resolution Trust Corp. v. Heiserman</u>, 898 P.2d 1049, 1055 (Colo. 1995).

Dated this 8th day of April 2021.

                FARMERS STATE BANK, Defendant

By:   */s/Tracy A. Oldemeyer*
      Tracy A. Oldemeyer, #28246
      CLINE WILLIAMS
          WRIGHT JOHNSON & OLDFATHER, L.L.P.
      215 Mathews Street, Suite 300
      Fort Collins, Colorado 80524
      Telephone: (970) 221-2637
      Fax: (970) 221-2638
      toldemeyer@clinewilliams.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 8th day of April 2021, I served the foregoing through the court's e-filing system and to the following email addresses:

| | |
|---|---|
| Ross W. Pulkrabek<br>Aaron D. Goldhammer<br>Keating Wagner Polidori Free, PC<br>1290 Broadway, Suite 600<br>Denver, CO 80203<br>rpulkrabek@keatingwagner.com<br>agoldhamer@keatingwagner.com | R. Livingston Keithley<br>Antero Law, LLC<br>1700 Broadway, Suite 640<br>Denver, CO 80290<br>LKeithley@anterolaw.com |
| Jonathan Pauling<br>paulingjonathan2@gmail.com | Peter C. Forbes<br>Carver Schwarz McNab Kamper & Forbes, LLC<br>1888 Sherman Street, Suite 400<br>Denver, CO 80203<br>pforbes@csmkf.com |

           /s/*Tracy A. Oldemeyer*
           Tracy A. Oldemeyer

4812-0416-0228, v. 1