IN THE UNIED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01224-RBJ-STV

AMANDA WILSON, a Michigan citizen,

Plaintiff,

v.

JONATHAN PAULING, an individual Colorado citizen,
MARK PAULING, an individual Colorado citizen,
TWO MILE RANCH a/k/a TWO MILE RANCH GENERAL PARTNERSHIOP, a Colorado
General Partnership,
ELYCE YORK, an individual Nebraska or Colorado citizen,
LARDYN CONSULTING, LLC, a Nebraska Limited Liability Company, and
FARMERS STATE BANK, a Nebraska corporation,

Defendants.

---

## ANSWER TO SECOND AMENDED COMPLAINT

---

Defendants Lardyn Consulting LLC and Elyce York (respectively "Lardyn" and

"Ms. York" and collectively the "Lardyn Defendants," through their undersigned counsel, for

their Answer to the Second Amended Complaint, state as follows:

### ANSWER TO STATEMENT OF THE CASE

To the extent the assertions in the Statement of the Case are intended to be

substantive allegations against the Lardyn Defendants, they are denied.

### ANSWER TO PARTIES, JURISDICTION, AND VENUE

1.      The Lardyn Defendants are without information sufficient to admit or

deny the allegations of this paragraph, and therefore deny the same.

2.      The Lardyn Defendants admit the allegations of this paragraph upon

information and belief.

3.      The Lardyn Defendants admit the allegations of this paragraph upon

information and belief.

4.      The Lardyn Defendants admit the allegations of this paragraph upon

information and belief, except they are without information concerning the present principal

place of business, if any, of Two Mile Ranch.

5.      The Lardyn Defendants admit that as of the time this action was filed Ms.

York was a citizen and resident of the State of Nebraska.

6.      The Lardyn Defendants admit the allegations of this paragraph, except

that the referenced "transfers" were actually sales, the sale of M. Pauling's interest to Elyce York

Trust # 1 was not a "purported" transfer, and that the documents concerning that sale were not

"backdated."

7.      The Lardyn Defendants admit the allegations of this paragraph upon

information and belief, except to deny that Farmers State Bank engaged in concerted action to

hinder, delay, and defraud the collection in Colorado of a Colorado judgment obtained by

plaintiff.

8.      The Lardyn Defendants agree that diversity jurisdiction is proper in this

matter pursuant to 20 U.S.C. §1332.

9.      The Lardyn Defendants agree that venue is proper in this Court.

<u>ANSWER TO GENERAL ALLEGATIONS</u>
*The Underlying Judgment In The State Case*

10.      The Lardyn Defendants are without information sufficient to admit or

deny the allegations of this paragraph, and therefore deny the same.

11.      The Lardyn Defendants admit that plaintiff obtained the referenced jury

verdict against J. Pauling, but are without information sufficient to admit or deny the remaining allegations of this paragraph, and therefore deny the same.

12.     The Lardyn Defendants admit the allegations of this paragraph upon information and belief.

13.     The Lardyn Defendants admit the allegations of this paragraph upon information and belief.

14.     The Lardyn Defendants admit this paragraph accurately quotes a portion of the reference Order but deny that Ms. York was ever "groomed" by J. Pauling.

15.     The Lardyn Defendants admit that Ms. York continues to have a co-parenting relationship with J. Pauling.

16.     The Lardyn Defendants are without information sufficient to admit or deny the allegations of this paragraph, and therefore deny the same.

*In Concert, Defendants Fraudulently Transfer Property To*
*Avoid Collection Of The Judgement In The State Case*

17.     The Lardyn Defendants admit the allegations of this paragraph upon information and belief, except that they lack information as to whether J. Pauling and/or M. Pauling ever previously operated a feedlot, and therefore deny those allegations.

18.     The Lardyn Defendants admit the allegations of this paragraph.

19.     The Lardyn Defendants admit the allegations of this paragraph accurately describe the referenced paragraph of the Two Mile Ranch partnership agreement.

20.     The Lardyn Defendants admit the allegations of this paragraph.

21.     The Lardyn Defendants admit the allegations of this paragraph accurately described the referenced amendment.

22.     The Lardyn Defendants are without information sufficient to admit or

deny the allegations of this paragraph, and therefore deny the same.

23.     The Lardyn Defendants are without information sufficient to admit or deny the allegations of this paragraph, and therefore deny the same.

24.     The Lardyn Defendants are without information sufficient to admit or deny the allegations of this paragraph, and therefore deny the same.

*The Pauling Brothers Involve Elyce York And Lardyn*
*In Their Scheme To Avoid Paying Amanda Wilson's Judgment*

25.     The Lardyn Defendants admit the allegations of this paragraph.

26.     The Lardyn Defendants deny the allegations of this paragraph, other than to admit that Elyce York is the managing member of Lardy and its registered agent, and has signed numerous documents to facilitate the creation of Lardyn, maintenance of its status, and the transaction of business in Colorado.

27.     The Lardyn Defendants deny the allegations of this paragraph.

28.     The Lardyn Defendants admit the allegations of this paragraph.

29.     The Lardyn Defendants admit that Brian Bates filed Lardyn's Statement of Foreign Authority, but are without information sufficient to admit or deny the remaining allegations of this paragraph, and therefore deny the same.

30.     The Lardyn Defendants admit the allegations of this paragraph.

31.     The Lardyn Defendants admit the allegations of this paragraph.

32.     The Lardyn Defendants deny the allegations of this paragraph.

33.     The Lardyn Defendants deny the allegations of this paragraph because M. Pauling was not a member of Lardyn in November 2016.

34.      The Lardyn Defendants deny the allegations of this paragraph, other than to admit that for a time Ms. York lived rent-free at a property in Jefferson County, Colorado

owned by Two Mile Ranch.

35.     The Lardyn Defendants admit that on April 27, 2017 they purchased the referenced real estate, including associated water rights and improvements, for $4,270,000 but otherwise deny the allegations of this paragraph

36.     The Lardyn Defendants deny the allegations of the first sentence of this paragraph because the referenced feedlot operation is being conducted solely by Lardyn, admit that Lardyn has obtained a permit to expand its feedlot operation, and deny all other allegations of this paragraph.

37.     The Lardyn Defendants deny the allegations of this paragraph.

38.     The Lardyn Defendants deny the allegations of this paragraph.

39.     The Lardyn Defendants deny the allegations of this paragraph.

40.     The Lardyn Defendants deny the allegations of this paragraph.

41.     The Lardy Defendants admit upon information and belief that Farmers State Bank ("FSB") became the primary lender to Two Mile Ranch in January 2013, but are without information sufficient to admit or deny the remaining allegations of this paragraph and therefore deny the same.

42.     The Lardyn Defendants are without information sufficient to admit or deny the allegations of this paragraph, and therefore deny the same.

43.     The Lardyn Defendants are without information sufficient to admit or deny the allegations of this paragraph, and therefore deny the same.

44.     The Lardyn Defendants deny the allegations of this paragraph.

45.     The  Lardyn Defendants deny the allegations of this paragraph.

*Farmers State Bank Assists In Transactions Concerning*
*The Transferred Properties*

46.     The Lardyn Defendants deny the allegations of this paragraph, other than to admit that Ms. York is the managing member of Lardyn who signed various documents in connection with financing the sale of certain assets owned by Two Mile Ranch to Lardyn and that Mark Pauling is a guarantor of FSB's loan to Lardyn.

47.     The Lardyn Defendants deny the allegations of this paragraph, other than to admit that the referenced UCC financial statement reflect FSB's security interest in all personal property of Lardyn, including crops and equipment. The Lardyn Defendants deny the allegations of this paragraph, other than to admit that Ms. York is the managing member of Lardyn who signed various documents in connection with financing the sale of certain assets owned by Two Mile Ranch to Lardyn and  that Mark Pauling is a guarantor of FSB's loan to Lardyn.

48.     The Lardyn Defendants deny the allegations of this paragraph.

<u>ANSWER TO FIRST CLAIM FOR RELIEF</u>
*Violation Of The Colorado Uniform Fraudulent Transfer Act Transfer*
*Of Jon Pauling's Partnership Interest In Two Mile Ranch Against*
*Jon Pauling, Mark Pauling, And Two Mile Ranch*

49.     The Lardyn Defendants incorporate their responses to the referenced paragraphs as set forth above.

50.     The allegations of this paragraph are not directed at the Lardyn Defendants, and therefore no response to those allegations by the Lardyn Defendants is required.

51.     The allegations of this paragraph are not directed at the Lardyn Defendants, and therefore no response to those allegations by the Lardyn Defendants is required.

52.      The allegations of this paragraph are not directed at the Lardyn Defendants, and therefore no response to those allegations by the Lardyn Defendants is required.

53.      The allegations of this paragraph are not directed at the Lardyn Defendants, and therefore no response to those allegations by the Lardyn Defendants is required.

54.      The allegations of this paragraph are not directed at the Lardyn Defendants, and therefore no response to those allegations by the Lardyn Defendants is required.

55.      The allegations of this paragraph are not directed at the Lardyn Defendants, and therefore no response to those allegations by the Lardyn Defendants is required.

56.      The allegations of this paragraph are not directed at the Lardyn Defendants, and therefore no response to those allegations by the Lardyn Defendants is required.

57.      The allegations of this paragraph are not directed at the Lardyn Defendants, and therefore no response to those allegations by the Lardyn Defendants is required.

58.      The allegations of this paragraph are not directed at the Lardyn Defendants, and therefore no response to those allegations by the Lardyn Defendants is required.

59.      The allegations of this paragraph are not directed at the Lardyn Defendants, and therefore no response to those allegations by the Lardyn Defendants is

required.

## ANSWER TO SECOND CLAIM FOR RELIEF
*Violation Of The Colorado Uniform Fraudulent Transfer Act Transfer*
*Of Two Mile Ranch Property To Lardyn Against Jon Pauling,*
*Mark Pauling, Two Mile Ranch, Elyce York, And Lardyn*

60.     The Lardyn Defendants incorporate their responses to the referenced

paragraphs as set forth above.

61.     The Lardyn Defendants deny the allegations of this paragraph.

62.     The Lardyn Defendants deny the allegations of this paragraph.

63.     The Lardyn Defendants deny the allegations of this paragraph.

64.     The Lardyn Defendants deny the allegations of this paragraph.

65.     The Lardyn Defendants deny the allegations of this paragraph.

66.     The Lardyn Defendants deny the allegations of this paragraph.

67.     The Lardyn Defendants deny the allegations of this paragraph.

68.     The Lardyn Defendants deny the allegations of this paragraph.

69.     The Lardyn Defendants deny the allegations of this paragraph.

## ANSWER TO THIRD CLAIM FOR RELIEF
*Conspiracy to Violate the Colorado Uniform Fraudulent Transfer Act*
*Against Jon Pauling, Mark Pauling, Two Mile Ranch,*
*Elyce York, Lardyn, and Farmers State Bank*

70.     The Lardyn Defendants incorporate their responses their responses to the

referenced paragraphs as set forth above.

71.     The Lardyn Defendants deny the allegations of this paragraph.

72.     The Lardyn Defendants deny the allegations of this paragraph.

73.     The Lardyn Defendants deny the allegations of this paragraph.

74.     The Lardyn Defendants deny the allegations of this paragraph.

75.     The Lardyn Defendants deny the allegations of this paragraph.

## EXEMPLARY DAMAGES

76.     The Lardyn Defendants deny the allegations of this paragraph.

77.     The Lardyn Defendants deny the allegations of this paragraph

78.     The Lardyn Defendants deny the allegations of this paragraph

79.     The Lardy Defendants are without information to admit or deny the allegations of this paragraph, and therefore deny the same.

80.     The Lardyn Defendants deny the allegations of this paragraph to the extent they are asserted against the Lardyn Defendants.  The Lardyn Defendants are without information or belief sufficient to admit or deny the allegations of this paragraph with respect to the other Defendants, and therefore deny the same.

81.     The Lardyn Defendants are without information to admit or deny the allegations of this paragraph, and therefore deny the same.

82.     The Lardyn Defendants are without information to admit or deny the allegations of this paragraph, and therefore deny the same.

83.     The Lardyn Defendants are without information to admit or deny the allegations of this paragraph, and therefore deny the same.

84.     The Lardyn Defendants deny the allegations of this paragraph to the extent they are asserted against the Lardyn Defendants.  The Lardyn Defendants are without information or belief sufficient to admit or deny the allegations of this paragraph with respect to the other Defendants, and therefore deny the same.

85.     The Lardyn Defendants deny the allegations of this paragraph to the extent they are asserted against the Lardyn Defendants.  The Lardyn Defendants are without information or belief sufficient to admit or deny the allegations of this paragraph with respect to

the other Defendants, and therefore deny the same.

86.     Admitted upon information and belief.

87.     The Lardyn Defendants are without information sufficient to admit or deny the allegations of this paragraph, and therefore deny the same.

88.     The Lardyn Defendants deny the allegations of this paragraph.

89.     The Lardyn Defendants deny the allegations of this paragraph to the extent they are asserted against the Lardyn Defendants.  The Lardyn Defendants are without information or belief sufficient to admit or deny the allegations of this paragraph with respect to the other Defendants, and therefore deny the same.

90.     The Lardyn Defendants are without information sufficient to admit or deny the allegations of this paragraph, and therefore deny the same.

91.     The Lardyn Defendants are without information sufficient to admit or deny the allegations of this paragraph, and therefore deny the same.

92.     The Lardyn Defendants deny the allegations of this paragraph to the extent they are asserted against the Lardyn Defendants.  The Lardyn Defendants are without information or belief sufficient to admit or deny the allegations of this paragraph with respect to the other Defendants, and therefore deny the same.

93.     This paragraph does not make factual allegations against the Lardyn Defendants, and therefore no response to the allegations of this paragraph is required.

94.     The Lardyn Defendants deny all allegations in plaintiff's Second Amended Complaint not expressly admitted above.

<u>AFFIRMATIVE DEFENSES</u>

1.     The Court lacks subject matter jurisdiction over plaintiff's claims because the sole partnership remedies available to a personal creditor of a partner in a Colorado general

partnership like Two Mile Ranch, which was formed before Colorado adopted the Uniform Partnership Act, C.R.S. §7-64-101 *et seq.* (the "UPA") and which has not elected to be governed by the UPA, are the charging order remedies set forth in the Uniform Partnership Law, C.R.S. §7-60-101 *et seq.* (the "UPL"), under which only the Court issuing a charging order is authorized to issue "other orders" in aid of the charging order.

2.      Plaintiff's remedies are barred by her failure to mitigate her damages, including her failure to pursue the charging order remedies set forth in C.R.S. §7-60-128 and her failure to pursue remedies in the Bankruptcy Court to the extent she was a creditor of Two Mile Ranch.

3.      To the extent this Court has subject matter jurisdiction over the claims asserted by plaintiff under the Colorado Uniform Fraudulent Transfers Act, C.R.S. §38-8-101 *et seq.* ("CUFTA"), plaintiff's claims fail because the sale of property from Two Mile Ranch to Lardyn did not involve "assets" within the meaning of CUFTA.

4.      The Lardyn Defendants allege that Two Mile Ranch General Partnership is not a Debtor of Wilson under CUFTA.

5.      The Lardyn Defendants allege that Two Mile Ranch General Partnership property is not an asset under CUFTA because there was no equity in the property as a result of the valid liens or encumbrances against the Two Mile Ranch General Partnership property that exceeded the property's value.

6.      The Lardyn Defendants allege the defenses of good faith and reasonably equivalent value.

7.      The Lardyn Defendants allege all defenses under C.R.S. §38-8-109.

WHEREFORE, having fully answered the allegations contained in the Amended

Complaint herein, Lardyn and Ms. York respectfully request that the Court dismiss the within action, that Wilson take nothing thereby, that the Court award reasonable costs and attorneys fees and such other and further relief as the Court deem just and proper.

Dated: April 9, 2021
          Denver, Colorado

                          Respectfully submitted,

                          CARVER SCHWARZ McNAB KAMPER
                          & FORBES, LLC

                                  *s/Peter C. Forbes*
                          By:_____
                              Peter C. Forbes
                              1888 Sherman Street — Suite 400
                              Denver, Colorado 80203
                              Telephone: 303.893.1815
                              Fax: 303.893.1829
                              pforbes@csmkf.com

                          *Attorneys for Lardyn Consulting, LLC and Elyce York*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 9, 2021, the undersigned caused a true and correct copy of the above and foregoing to be served upon the following via the CM/ECF system:

Ross W. Pulkrabek
Aaron D. Goldhamer
Keating Wagner Polidori Free, PC
1290 Broadway — Suite 600
Denver, Colorado 80203
agoldhamer@keatingwagner.com
rpulkrabek@keatingwagner.com

R. Livingston Keithley
Antero Law, LLC
1700 Broadway, Suite 640
Denver, Colorado 80290
lkeithley@anterolaw.com

Tracy A. Oldemeyer
Cline Williams Wright Johnson & Oldfather
Fort Collins
215 Mathews Street
Suite 300
Fort Collins, CO 80524
bbump@clinewilliams.com
toldemeyer@clinewilliams.com

A copy was mailed via the United States postal service and emailed to:

Mr. Jonathan Pauling
60773 North Highway 71
Stoneham, Colorado 80754
paulingjonathan@@gmail.com

*Diane Wziontka*

By:_____